IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Case No. 5:15-CV-156-D

| | |
|---|---|
| RALEIGH WAKE CITIZENS ASSOCIATION, INC, JANNET B. BARNES, BEVERLEY S. CLARK, WILLIAM B. CLIFFORD, BRIAN FITZSIMMONS, GREG FLYNN, DUSTIN MATTHEW INGALLS, AMY T. LEE, ERWIN PORTMAN, SUSAN PORTMAN, JANE C. ROGERS, BARBARA D. VANDENBERGH, JOHN G. VANDENBERGH, AMY WOMBLE, and PERRY WOODS,<br><br>Plaintiffs,<br><br>v.<br><br>THE WAKE COUNTY BOARD OF ELECTIONS,<br><br>Defendant. | **FIRST AMENDED ANSWER TO PLAINTIFFS' AMENDED COMPLAINT BY DEFENDANT WAKE COUNTY BOARD OF ELECTIONS** |

**ANSWER AND DEFENSES**

Defendant Wake County Board of Elections ("Board of Elections"), by and through undersigned counsel and within the time permitted by Fed. R. Civ. P. 15(a), submits this First Amended Answer to Plaintiffs' Amended Complaint as follows:

**FIRST DEFENSE AND ANSWER**

1. It is admitted that Session Law 2015-4 changed the method of electing the Wake County Board of County Commissioners beginning with the 2016 elections. It is admitted upon information and belief that Plaintiffs are voters and an association of voters who live in Wake

County. Except as expressly admitted herein, the remaining allegations in Paragraph 1 are denied.

2. Defendant lacks knowledge or sufficient information to form a belief as to the truth of the allegations in the first sentence of Paragraph 2 and, therefore, those allegations are denied. The allegations in the second sentence of Paragraph 2 call for legal conclusions for which no response is required. To the extent a response is required, those allegations are denied.

3. The allegations in Paragraph 3 call for legal conclusions for which no response is required. To the extent a response is required, those allegations are denied. Defendant further responds that it lacks knowledge or sufficient information to form a belief as to the truth of the allegations in Paragraph 3 relating to the motivations of the General Assembly in enacting Session Law 2015-4 and, therefore, those allegations are denied.

4. The allegations in Paragraph 4 call for a legal conclusion for which no response is required. To the extent a response is required, the allegations in Paragraph 4 are denied.

## JURISDICTION AND VENUE

5. The allegations in Paragraph 5 call for legal conclusions relating to jurisdiction for which no response is required.

6. The allegations in Paragraph 6 call for legal conclusions relating to jurisdiction for which no response is required.

7. The allegations in Paragraph 7 call for legal conclusions relating to jurisdiction for which no response is required.

8. The allegations in Paragraph 8 call for legal conclusions relating to jurisdiction for which no response is required.

## PLAINTIFFS

9. Defendant lacks knowledge or sufficient information relating to the allegations in Paragraph 9, and therefore, the allegations in Paragraph 9 are denied.

10. Defendant lacks knowledge or sufficient information relating to the allegations in Paragraph 10, and therefore, the allegations in Paragraph 10 are denied. The allegations in Paragraph 10 that (a) District 4 is an overpopulated and racially gerrymandered district and (b) District A is overpopulated both call for legal conclusions for which no response is required. To the extent a response is required, those allegations are denied.

11. Defendant lacks knowledge or sufficient information relating to the allegations in Paragraph 11, and therefore, the allegations in Paragraph 11 are denied.

12. Defendant lacks knowledge or sufficient information relating to the allegations in Paragraph 12, and therefore, the allegations in Paragraph 12 are denied. Defendant further responds that it lacks knowledge or sufficient information to form a belief as to the truth of the allegations in Paragraph 12 relating to the motivations of the General Assembly in enacting Session Law 2015-4 and, therefore, those allegations are denied.

13. It is admitted upon information and belief that Jannet B. Barnes is a registered voter in Wake County. Defendant lacks knowledge or sufficient information to form a belief as to the truth of the allegations in Paragraph 13 and, therefore, those allegations are denied. Defendant further responds that the allegations in Paragraph 13 that (a) District 4 is an overpopulated and racially gerrymandered district and (b) that District A is overpopulated both call for legal conclusions for which no response is required. To the extent a response is required, those allegations are denied. Except as expressly admitted herein, the allegations in Paragraph 13 are denied.

14. It is admitted on information and belief that Beverley S. Clark is a registered voter in Wake County. Defendant lacks knowledge or sufficient information to form a belief as to the truth of the allegations in Paragraph 14 and, therefore, those allegations are denied. Defendant further responds that the allegations in Paragraph 14 that District 3 and District A are overpopulated call for legal conclusions for which no response is required. To the extent a response is required, those allegations are denied. Except as expressly admitted herein, the allegations in Paragraph 14 are denied.

15. It is admitted on information and belief that William B. Clifford is a registered voter in Wake County. Defendant lacks knowledge or sufficient information to form a belief as to the truth of the allegations in Paragraph 15 and, therefore, those allegations are denied. Defendant further responds that the allegations in Paragraph 15 that District 3 and District A are overpopulated call for legal conclusions for which no response is required. To the extent a response is required, those allegations are denied. Except as expressly admitted herein, the allegations in Paragraph 15 are denied.

16. It is admitted on information and belief that Brian Fitzsimmons is a registered voter in Wake County. Defendant lacks knowledge or sufficient information to form a belief as to the truth of the allegations in Paragraph 16 and, therefore, those allegations are denied. Defendant further responds that the allegation in Paragraph 16 that District 3 is overpopulated calls for a legal conclusion for which no response is required. To the extent a response is required, that allegation is denied. Except as expressly admitted herein, the allegations in Paragraph 16 are denied.

17. It is admitted on information and belief that Greg Flynn is a registered voter in Wake County. Defendant lacks knowledge or sufficient information to form a belief as to the

truth of the allegations in Paragraph 17 and, therefore, those allegations are denied. Defendant further responds that the allegations in Paragraph 17 that District 3 and District A are overpopulated call for legal conclusion for which no response is required. To the extent a response is required, those allegations are denied. Except as expressly admitted herein, the allegations in Paragraph 17 are denied.

18. It is admitted on information and belief that Dustin Matthew Ingalls is a registered voter in Wake County. Defendant lacks knowledge or sufficient information to form a belief as to the truth of the allegations in Paragraph 18 and, therefore, those allegations are denied. Defendant further responds that the allegations in Paragraph 18 that (a) District 4 is an overpopulated and racially gerrymandered district and (b) that District A is overpopulated call for legal conclusions for which no response is required. To the extent a response is required, those allegations are denied. Except as expressly admitted herein, the allegations in Paragraph 18 are denied.

19. It is admitted on information and belief that Amy T. Lee is a registered voter in Wake County. Defendant lacks knowledge or sufficient information to form a belief as to the truth of the allegations in Paragraph 19 and, therefore, those allegations are denied. Defendant further responds that the allegation in Paragraph 19 that District 3 is overpopulated calls for a legal conclusion for which no response is required. To the extent a response is required, that allegation is denied. Except as expressly admitted herein, the allegations in Paragraph 19 are denied.

20. It is admitted on information and belief that Ervin Portman and Susan Portman are registered voters in Wake County. Defendant lacks knowledge or sufficient information to form a belief as to the truth of the allegations in Paragraph 20 and, therefore, those allegations

5

Case 5:15-cv-00156-D   Document 31   Filed 08/24/15   Page 5 of 18

are denied. Defendant further responds that the allegation in Paragraph 20 that District 6 is overpopulated calls for a legal conclusion for which no response is required. To the extent a response is required, that allegation is denied. Except as expressly admitted herein, the allegations in Paragraph 20 are denied.

21. It is admitted on information and belief that Jane C. Rogers is a registered voter in Wake County. Defendant lacks knowledge or sufficient information to form a belief as to the truth of the allegations in Paragraph 21 and, therefore, those allegations are denied. Defendant further responds that the allegation in Paragraph 21 that District A is overpopulated calls for a legal conclusion for which no response is required. To the extent a response is required, that allegation is denied. Except as expressly admitted herein, the allegations in Paragraph 21 are denied.

22. It is admitted on information and belief that Barbara D. Vandenbergh and John G. Vandenbergh are registered voters in Wake County. Defendant lacks knowledge or sufficient information to form a belief as to the truth of the allegations in Paragraph 22 and, therefore, those allegations are denied. Defendant further responds that the allegation in Paragraph 22 that District A is overpopulated calls for a legal conclusion for which no response is required. To the extent a response is required, that allegation is denied. Except as expressly admitted herein, the allegations in Paragraph 22 are denied.

23. It is admitted on information and belief that Amy Womble is a registered voter in Wake County. Defendant lacks knowledge or sufficient information to form a belief as to the truth of the allegations in Paragraph 23 and, therefore, those allegations are denied. Defendant further responds that the allegations in Paragraph 23 that District 3 and District A are overpopulated call for legal conclusions for which no response is required. To the extent a

6

Case 5:15-cv-00156-D   Document 31   Filed 08/24/15   Page 6 of 18

response is required, those allegations are denied. Except as expressly admitted herein, the allegations in Paragraph 23 are denied. Except as expressly admitted herein, the allegations in Paragraph 23 are denied.

24. It is admitted on information and belief that Perry Woods is a registered voter in Wake County. Defendant lacks knowledge or sufficient information to form a belief as to the truth of the allegations in Paragraph 24 and, therefore, those allegations are denied. Defendant further responds that the allegations in Paragraph 24 that (a) District 4 is an overpopulated and racially gerrymandered district and (b) that District A is overpopulated both call for legal conclusions for which no response is required. To the extent a response is required, those allegations are denied. Except as expressly admitted herein, the allegations in Paragraph 24 are denied.

25. Defendant lacks knowledge or sufficient information relating to the allegations in Paragraph 25, and therefore, the allegations in Paragraph 25 are denied. Defendant further responds that the allegation in Paragraph 25 that districts are unjustifiably overpopulated calls for legal conclusions for which no response is required. To the extent a response is required, that allegation is denied. Except as expressly admitted herein, the allegations in Paragraph 25 are denied.

26. Defendant lacks knowledge or sufficient information relating to the allegations in Paragraph 26, and therefore, the allegations in Paragraph 26 are denied. The allegations in Paragraph 26 that District 4 is a racially gerrymandered district or is otherwise discriminatory call for legal conclusions for which no response is required. To the extent a response is required, those allegations are denied. Except as expressly admitted herein, the allegations in Paragraph 26 are denied.

## DEFENDANT

27. Admitted.

## ADDITIONAL FACTUAL ALLEGATIONS

28. Denied.

29. It is admitted that in June of 2011 the Board of County Commissioners adopted a new set of residence districts comprised of whole precincts. Defendant lacks knowledge or sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 29, and therefore, those allegations are denied. Except as expressly admitted herein, the allegations in Paragraph 29 are denied.

30. Admitted.

31. Admitted.

32. Admitted.

33. It is admitted, upon information and belief, that Senate Bill 181 was introduced on March 4, 2015. Except as expressly admitted herein, the allegations in Paragraph 33 are denied.

34. It is admitted, upon information and belief, that Senate Bill 181 was ratified on April 2, 2015 as Session Law 2015-4. Defendant lacks knowledge or sufficient information to form a belief as to the truth of the allegations in Paragraph 34, and therefore, those allegations are denied. Except as expressly admitted herein, the allegations in Paragraph 34 are denied.

35. The allegations in Paragraph 35 are based upon the provisions of Session Law 2015-4. Those provisions speak for themselves. Except as expressly admitted herein, the allegations in Paragraph 35 are denied.

36. Defendant lacks knowledge or sufficient information to form a belief as to the truth of the allegations in Paragraph 36, and therefore, the allegations in Paragraph 36 are denied.

37. Admitted upon information and belief.

38. Defendant lacks knowledge or sufficient information to form a belief as to the truth of the allegations in Paragraph 38, and therefore, the allegations in Paragraph 38 are denied.

39. Denied.

40. Defendant lacks knowledge or sufficient information to form a belief as to the truth of the allegations in Paragraph 40, and therefore, the allegations in Paragraph 40 are denied.

41. Defendant lacks knowledge or sufficient information to form a belief as to the truth of the allegations in Paragraph 41, and therefore, the allegations in Paragraph 41 are denied.

42. Defendant admits that, upon information and belief, the county government and the county commissioners, collectively, intend to serve the people of Wake County. Defendant lacks knowledge or sufficient information to form a belief as to the goals of the county government as a whole or to any elected official in particular and, therefore, those allegations are denied. Except as expressly admitted herein, the allegations in Paragraph 42 are denied.

43. Defendant lacks knowledge or sufficient information to form a belief as to the nature, extent, and geographic scope of the "services" that the county is responsible to provide, and therefore, the allegations in the first clause of Paragraph 43 are denied. Defendant lacks knowledge or sufficient information to form a belief as to what the General Assembly purported to do with respect to the creation of the districts in Session Law 2015-14 and, therefore, the allegations in the second clause of Paragraph 43 are denied. The remaining allegations in Paragraph 43 are based upon the provisions of Session Law 2015-4, which speak for themselves. Except as expressly admitted herein, the allegations in Paragraph 43 are denied.

44. The allegations in Paragraph 44 are based upon the provisions of Session Law 2015-4. Those provisions speak for themselves.

45. The allegations in the first clause in Paragraph 45 are based upon the provisions of Session Law 2015-4. Those provisions speak for themselves. Defendant lacks knowledge or sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 45 and therefore, the remaining allegations in Paragraph 45 are denied.

46. Defendant lacks knowledge or sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 46 and therefore, the allegations in Paragraph 46 are denied.

47. Defendant lacks knowledge or sufficient information to form a belief as to the truth of the allegations in Paragraph 47 and therefore, the allegations in Paragraph 47 are denied.

48. Defendant lacks knowledge or sufficient information to form a belief as to the truth of the allegations in Paragraph 48. The allegations in Paragraph 48 that District A is overpopulated and District B is underpopulated call for legal conclusions for which no response is required. To the extent a response is required, those allegations are denied.

49. Defendant lacks knowledge or sufficient information to form a belief as to the truth of the allegations in Paragraph 49. The allegations in Paragraph 49 that Districts 3, 4, and 6 are overpopulated call for legal conclusions for which no response is required. To the extent a response is required, those allegations are denied.

50. Defendant lacks knowledge or sufficient information to form a belief as to the truth of the allegations in Paragraph 50 and therefore, the allegations in Paragraph 50 are denied.

51. Defendant lacks knowledge or sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 51 and therefore, the allegations in Paragraph 51 are denied.

52. Defendant lacks knowledge or sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 52 and therefore, the allegations in Paragraph 52 are denied.

53. Defendant lacks knowledge or sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 53 and therefore, the allegations in Paragraph 53 are denied.

54. Defendant lacks knowledge or sufficient information to form a belief as to the truth of the allegations in Paragraph 54 and therefore, the allegations in Paragraph 54 are denied.

55. Denied.

56. Denied.

57. Defendant lacks knowledge or sufficient information to form a belief as to the truth of the allegations in Paragraph 57 and therefore, the allegations in Paragraph 57 are denied.

58. Defendant lacks knowledge or sufficient information to form a belief as to the truth of the allegations in Paragraph 58 and therefore, the allegations in Paragraph 58 are denied.

59. It is admitted, upon information and belief, that Representative Gill introduced an amendment to the SB 181. Defendant lacks knowledge or sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 59 and therefore, the allegations in Paragraph 59 are denied.

60. Defendant lacks knowledge or sufficient information to form a belief as to the truth of the allegations in Paragraph 60 and therefore, the allegations in Paragraph 60 are denied.

11

61. Admitted upon information and belief.

62. Defendant lacks knowledge or sufficient information to form a belief as to the truth of the allegations in Paragraph 62 and therefore, the allegations in Paragraph 62 are denied.

63. Defendant lacks knowledge or sufficient information to form a belief as to the truth of the allegations in Paragraph 63 and therefore, the allegations in Paragraph 63 are denied.

64. Defendant lacks knowledge or sufficient information to form a belief as to the truth of the allegations in Paragraph 64 and therefore, the allegations in Paragraph 64 are denied.

65. Defendant lacks knowledge or sufficient information to form a belief as to the truth of the allegations in Paragraph 65 and therefore, the allegations in Paragraph 65 are denied.

66. Defendant lacks knowledge or sufficient information to form a belief as to the truth of the allegations in Paragraph 66 and therefore, the allegations in Paragraph 66 are denied.

67. Defendant lacks knowledge or sufficient information to form a belief as to the truth of the allegations in Paragraph 67 and therefore, the allegations in Paragraph 67 are denied.

68. The allegations in Paragraph 68 call for legal conclusions for which no response is required. To the extent a response is required, the allegations in Paragraph 68 are denied.

69. Admitted upon information and belief.

70. It is admitted that African-Americans have been elected to the Wake County Board of Commissioners. Defendant lacks knowledge or sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 70 and therefore, the allegations in Paragraph 70 are denied. Except as expressly admitted herein, the allegations in Paragraph 70 are denied.

71. Admitted.

72. Defendant lacks knowledge or sufficient information to form a belief as to the truth of the allegations in Paragraph 72 and therefore, the allegations in Paragraph 72 are denied.

73. Defendant lacks knowledge or sufficient information to form a belief as to the truth of the allegations in Paragraph 73 and therefore, the allegations in Paragraph 73 are denied.

74. Defendant lacks knowledge or sufficient information to form a belief as to the truth of the allegations in Paragraph 74 and therefore, the allegations in Paragraph 74 are denied.

75. Defendant lacks knowledge or sufficient information to form a belief as to the truth of the allegations in Paragraph 75 and therefore, the allegations in Paragraph 75 are denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

## **FIRST CLAIM FOR RELIEF**

81. Defendant Wake County Board of Elections incorporates by reference and relies herein upon all of its responses to prior paragraphs of the Amended Complaint. Except as expressly admitted herein, the allegations in Paragraph 81 are denied.

82. The allegations in paragraph 82 call for legal conclusions for which no response is required. To the extent a response is required, Defendant responds that the Fourteenth Amendment is applicable to every American.

83. The allegations in paragraph 83 call for legal conclusions for which no response is required. To the extent a response is required, Defendant responds that the Fourteenth Amendment is applicable to every American.

13

84. Denied.

85. Denied.

86. Denied.

87. Denied.

## SECOND CLAIM FOR RELIEF

88. Defendant Wake County Board of Elections incorporates by reference and relies herein upon all of its responses to prior paragraphs of the Amended Complaint. Except as expressly admitted herein, the allegations in Paragraph 88 are denied.

89. The allegations in paragraph 89 call for legal conclusions for which no response is required. To the extent a response is required, Defendant responds that the Fourteenth Amendment is applicable to every American.

90. The allegations in paragraph 90 call for legal conclusions for which no response is required. To the extent a response is required, Defendant responds that the Fourteenth Amendment is applicable to every American.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

## THIRD CLAIM FOR RELIEF

95. Defendant Wake County Board of Elections incorporates by reference and relies herein upon all of its responses to prior paragraphs of the Amended Complaint. Except as expressly admitted herein, Plaintiffs' allegations in Paragraph 95 are denied.

96. Denied.

97. Denied.

98. Denied.

Plaintiffs' prayer for relief is denied in its entirety.

## SECOND DEFENSE

### (Failure to State a Claim for Which Relief Can Be Granted, Fed. R. Civ. P. 12(b)(6))

Plaintiffs' third claim for relief fails to state a claim for which relief can be granted. Plaintiffs' claim that race was the predominant factor in the drawing of District 4 conflicts with (i) Plaintiffs' other allegations in this action regarding the motivations of the General Assembly in drawing the districts, and (ii) the allegations in a previously-filed action by some of these same plaintiffs challenging these same electoral districts in elections for the Wake County Board of Education (*Wright v. State of North Carolina*, No. 5:13-CV-607-D).

## THIRD DEFENSE

### (Failure to Join a Necessary Party, Fed. R. Civ. P. 12(b)(7) and 19(a))

Plaintiff has failed to name a necessary party pursuant to Rules 19(a) and 12(b)(7). As a practical matter, in the absence of the Attorney General of North Carolina as a Defendant, the ability of the Attorney General to perform his constitutional and common law duty to defend the constitutionality of Session Law 2015-4 will be impaired and/or impeded pursuant to Rule 19(a)(1)(B)(i). The Attorney General of North Carolina has a duty to appear for and defend all

15

actions in in which the State, or its agencies and officers, have an interest. *See, e.g.*, N.C. Gen. Stat. § 114-2(1), *Martin v. Thornburg*, 320 N.C. 533, 546, 359 S.E.2d 472, 479 (1987)). This duty includes defending actions challenging the constitutionality of state statutes, and the Attorney General has historically discharged this duty. The Attorney General informed this Court in a related case (*Wright, et al. v. State of North Carolina, et al.*, 5:13-cv-607-D) that he intended to move to intervene in that case in the event the State of North Carolina was dismissed as a party. [*Wright*, D.E. 28, p. 17 n.6]. A representative of the Attorney General's Office, however, recently informed counsel for Defendant that the Attorney General does not intend to move to intervene in this matter—a result that is inconsistent with the Attorney General's duty to defend the constitutionality of the duly-enacted Session Law 2015-4. Defendant Wake County Board of Elections does not have the same duties as the Attorney General with respect to Session Law 2015-4. As a result, the Attorney General is a necessary party whose joinder to this action is required pursuant to Rule 19(a) of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

WHEREFORE, the Defendant Wake County Board of Elections, having fully answered the Plaintiffs' Amended Complaint, prays for the following relief:

a. That Plaintiffs' third claim for relief be dismissed;

b. That the Attorney General of North Carolina be joined as a Defendant;

c. That Plaintiffs have and recover no relief by way of this Amended Complaint;

d. That the costs of the action be taxed to Plaintiffs;

e. For such other and further relief as the court may deem just and proper.

This the 24th day of August, 2015.

/s/ Charles F. Marshall
Charles F. Marshall
N.C. State Bar No. 23297
cmarshall@brookspierce.com

Matthew B. Tynan
N.C. State Bar No. 47181
mtynan@brookspierce.com

BROOKS, PIERCE, McLENDON,
  HUMPHREY & LEONARD, L.L.P.
1600 Wells Fargo Capitol Center
150 Fayetteville Street
Raleigh, NC 27601
Telephone: (919) 839-0300
Fax: (919) 839-0304

*Attorneys for Defendant Wake County Board of Elections*

# CERTIFICATE OF SERVICE

I hereby certify that on August 24th, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and have verified that such filing was sent electronically using the CM/ECF system to the following:

>Anita S. Earls
>Southern Coalition for Social Justice
>1415 West Highway 54, Suite 101
>Durham, NC 27707
>919-323-3380 x115
>Fax: 919-323-3942
>Email: anita@southerncoalition.org
>*Counsel for Plaintiffs*

>Respectfully Submitted,
>
>/s/Charles F. Marshall
>Matthew B. Tynan
>N.C. State Bar No. 47181
>BROOKS, PIERCE, McLENDON,
>  HUMPHREY & LEONARD, L.L.P.
>230 North Elm Street
>Suite 2000
>Post Office Box 26000
>Greensboro, NC 27401
>Telephone:    (336) 271-3171
>Fax:          (336) 232-9171
>mtynan@brookspierce.com
>*Attorney for Defendant*