# UNITED STATES DISTRICT COURT

for the

Eastern District of North Carolina

| | |
|---|---|
| Raleigh Wake Citizens Ass'n, et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 5:15-cv-156 (5:13-cv-607) |
| | ) |
| Wake County Board of Elections | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:

John Chadwick Barefoot

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: Southern Coalition for Social Justice 1415 W. N.C. Highway 54, Suite 101 Durham, NC 27707 | Date and Time: 11/4/2015 10:00 AM |
|---|---|

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/21/2015

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| | | s/ Anita S. Earls |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiffs Raleigh Wake Citizens Ass'n, et al. , who issues or requests this subpoena, are:

Anita Earls, Southern Coalition for Social Justice, 1415 W. Hwy 54, Ste. 101, Durham NC 27707, anita@scsj.org, 919-323-3380

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 5:15-cv-156 (5:13-cv-607)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0 .

I declare under penalty of perjury that this information is true.

Date: _____          _____

                                                    *Server's signature*

                                         _____

                                                    *Printed name and title*

                                         _____

                                                    *Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) *For Other Discovery.*** A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) *Claiming Privilege or Protection.***
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**ATTACHMENT A TO PLAINTIFFS' SUBPOENA**
**TO JOHN CHADWICK BAREFOOT**

**DEFINITIONS**

Except as specifically defined below, the terms used in this Attachment to Plaintiffs' Subpoena shall be construed and defined in accordance with the Federal Rules of Civil Procedure, wherever applicable. Any terms not defined shall be given their ordinary meaning.

1.     "2013 N.C. Sess. Laws 110" means Session Law 2013-110/Senate Bill 325 ratified by the General Assembly on June 13, 2013.

2.     "2015 N.C. Sess. Laws 4" means Session Law 2015-4/Senate Bill 181 ratified by the General Assembly on April 2, 2015.

3.     "Any" and "all" mean "any and all."

4.     "Communication" means any transfer of information of any type, whether written, oral, electronic, or otherwise, and includes transfers of information via email, report, letter, text message, voicemail message, written memorandum, note, summary, and other means.

5.     "Date" means the exact day, month, and year, if ascertainable, or, if not, the best available approximation (including relationship to other events).

6.     "Document" is synonymous in meaning and scope to the term "document" as used under Federal Rule of Civil Procedure 24 and the phrase "writings and recordings" as defined in Federal Rule of Evidence 1001, and includes, but is not limited to, any computer discs, tapes, and printouts, emails, databases, and any handwritten, typewritten, printed, electronically recorded, taped, graphic, machine-readable, or other material, of whatever nature and whatever form, including all non-identical copies and drafts thereof, and all copies bearing any notation or mark not found on the original.

1

7. "Election method" includes but is not limited to the structure, election system, election districts, and timing of elections for any elected board in Wake County, including the Wake County Commission and Wake County School Board.

8. "Governor" means the office of the Governor of North Carolina and any of its agents, representatives, employees, members, or other persons acting or purporting to act on its behalf.

9. "Including" means "including but not limited to."

10. "Minority" means any group of voters that is a statistical minority in Wake County, including but not limited to non-white voters.

11. "Election history or political performance of candidates or electoral districts" means any data or information relating to the political party registration or political affiliation of voters and elected officials in Wake County, election results or political party registration in any electoral district or countywide election in Wake County, or relating to the partisan composition of elected bodies of government in Wake County, including but not limited to the Wake County Commission and Wake County School Board.

12. "Person" means not only natural persons, but also firms, partnerships, associations, corporations, subsidiaries, divisions, departments, joint ventures, proprietorships, syndicates, trusts, groups, and organizations; federal, state, or local governments or government agencies, offices, bureaus, departments, or entities; other legal, business, or government entities; and all subsidiaries, affiliates, divisions, departments, branches, and other units thereof or any combination thereof.

13. "Redistricting legislation" means any proposed or enacted legislation concerning changes to the structure, election method, election districts, or timing of elections or candidate

filing for the Wake County Commission, Wake County School Board, or any other elected body in Wake County, including but not limited to 2013 N.C. Sess. Laws 110 and 2015 N.C. Sess. Laws 4.

14.    "Relating to," "regarding," or "reflecting" and their cognates are to be understood in their broadest sense, and shall be construed to include pertaining to, commenting on, memorializing, reflecting, recording, setting forth, describing, evidencing, or constituting.

15.    "Relative voting strength" means the level of representation, electoral power, or ability to elect candidates of their choice of voters who reside in unincorporated Wake County or in municipalities other than Raleigh.

16.    "S.B. 181" means Senate Bill 181, which was filed in the North Carolina General Assembly on March 4, 2015 under the short title "Wake County Commissioner Districts."

17.    "S.B. 325" means Senate Bill 325, which was filed in the North Carolina General Assembly on March 13, 2013 under the short title "Wake County School Board Districts."

18.    "State Board of Elections" means the North Carolina State Board of Elections and any of its agents, representatives, employees, members, or any other person acting or purporting to act on its behalf.

19.    "Wake County" includes unincorporated Wake County and all municipalities located within Wake County.

20.    "Wake County Board of Elections" means the Wake County Board of Elections and any of its agents, representatives, employees, members, or any other person acting or purporting to act on its behalf.

21.    "Wake County Commission" means the Wake County Board of Commissioners, its individual commissioners, and associated staff members.

22.     "Wake County School Board" means the Wake County Board of Education, its individual members, and associated staff members.

23.     "Voter" means any registered voter in North Carolina and all persons who may properly register to vote in the 2016 primary election in North Carolina.

24.     "You" and "your" mean John Chadwick Barefoot, the recipient of the accompanying subpoena, and any of your employees, agents, representatives, or other personnel involved in the functions or duties of your legislative office.

## INSTRUCTIONS

1.     In responding to this Subpoena, you must furnish all requested information, not subject to valid objection, that is known by, possessed by, available to, or subject to reasonable access or control by you or any of your attorneys, consultants, representatives, investigators, agents, and all others acting on your behalf.

2.     Words used in singular form shall include the plural form, and words used in the plural form include the singular form.

3.     The connectives "and" and "or" will be construed either disjunctively or conjunctively as necessary to bring within the scope of each description below of documents to be produced ("request") all responses that otherwise might be construed to be outside of its scope.

4.     A reference to an entity shall be construed to include its officers, directors, partners, members, managers, employees, representatives, agents, consultants, or anyone acting on its behalf.

5.     If you contend that it would be unreasonably burdensome to obtain and provide all of the documents called for in response to this Subpoena or any part thereof, then in response:

4

(a) produce all such documents as are available to you without undertaking what you contend to be an unreasonable request; (b) describe with particularity the efforts made by you or on your behalf to produce such documents, including identification or persons consulted, description of files, records, and documents reviewed, and identification of each person who participated in the gathering of such documents, with specification of the amount of time spend and the nature of work done by such person; and (c) state with particularity the grounds upon which you contend that additional efforts to produce such documents would be unreasonable.

6.      For any document no longer in your possession, custody, or control, identify the document and the type of information contained within it, state whether it is missing, lost, destroyed, transferred to others or otherwise disposed of, and identify any person who currently has custody or control of the document or who has knowledge of the contents of the document.

7.      If any documents, communications, information, or other items are withheld on the ground of any privilege, provide a description of the basis for the claimed privilege and all information necessary for the requesting parties to assess the claim or privilege, including but not limited to the following:

        a.    the names and addresses of the speaker or author of the communication or document;

        b.    the date of the communication or document;

        c.    the name and address of any person to whom the communication was made or the document was sent, or to whom copies were sent or circulated at any time;

        d.    the name and address of any person currently in possession of the information or document or a copy thereof; and

e. the privilege claimed and specific grounds therefor.

8. Documents are to be produced in their original format as they are kept by you, provided that documents or records shall be produced as described hereinafter, and hard-copy documents may be produced in electronic format. To the extent documents can be accurately represented in black and white, they should be produced in single-page Tagged Image File Format ("TIFF"), together with any related field-delimited load files (e.g., Concordance DAT, CSV, OPT, LOG). Each TIFF document shall be produced with an image load file in standard Opticon (*.log) format that reflects the parent / child relationship and also includes begin Bates number; end Bates number; begin Attachment Bates number; end Attachment Bates number; custodian; date sent (for email messages); date modified (for email and non-email messages where information is available); author (for email and non-email messages); and subject (for email messages). The TIFF images shall also be accompanied by extracted text or, for those files that do not have extracted text upon being processed (such as hard copy documents), optical character recognition ("OCR") text data; such extracted text or OCR text data shall be provided in document level form and named after the TIFF image. Documents that contain redactions shall be OCR'd after the redaction is applied to the image, and the OCR will be produced in place of extracted text at the document level.

9. For documents produced in TIFF format that originated in electronic form, metadata shall be included with the data load files described above, and shall include (at a minimum) the following information: file name (including extension); original file path; page count; creation date and time; last saved date and time; last modified date and time; author; custodian of the document (that is, the custodian from whom the document was collected or, if collected from a shared drive or server, the name of the shared drive or server); and MD5 hash

value. In addition, for email documents, the data load files shall also include the following metadata: sent date; sent time; received date; received time; "to" name(s) and address(es); "from" name(s) and address(es); "cc" name(s) and address(es); "bcc" name(s) and address(es); subject; names of attachment(s); and attachment(s) count. All images and load files must be named or put in folders in such a manner that all records can be imported without modification of any path or file name information.

10. Unless otherwise limited or expanded by a particular request, the requests apply to the period from November 1, 2012, through the present.

## DOCUMENTS TO BE PRODUCED

1. All documents and communications received or created by you that reflect or discuss the rationale or purpose for enacting or supporting any provision in 2015 N.C. Sess. Laws 4 and/or 2013 N.C. Sess. Laws 110.

2. All documents concerning communications between you and any constituent or non-employee third party regarding minority voters or the relative voting strength of non-Raleigh voters in Wake County, election history or political performance of candidates or electoral districts in Wake County elections, the Wake County Commission or its election method, the Wake County School Board or its election method, and/or any provision in 2015 N.C. Sess. Laws 4 and/or 2013 N.C. Sess. Laws 110.

3. All documents reflecting any communications between you and the Office of the Governor of North Carolina regarding minority voters or the relative voting strength of non-Raleigh voters in Wake County, election history and political performance of candidates or electoral districts in Wake County elections, the Wake County Commission or its election

method, the Wake County School Board or its election method, and/or any provision in 2015 N.C. Sess. Laws 4 and/or 2013 N.C. Sess. Laws 110.

4.      All documents reflecting any communications between you and any North Carolina state or county agency, including but not limited to the State Board of Elections and Wake County Board of Elections, regarding minority voters or the relative voting strength of non-Raleigh voters in Wake County, election history and political performance of candidates or electoral districts in Wake County elections, the Wake County Commission or its election method, or the Wake County School Board or its election method.

5.      All documents reflecting any communications between you and any lobbyist, political organization, or public interest group or individual regarding minority voters or the relative voting strength of non-Raleigh voters in Wake County, election history or political performance in Wake County elections of candidates or electoral districts, the Wake County Commission or its election method, or the Wake County School Board or its election method.

6.      All documents and communications referring or relating to any estimate, research, report, study, or analysis received or created by you related to minority voters or the relative voting strength of non-Raleigh voters in Wake County, election history or political performance of candidates or electoral districts in Wake County elections, the Wake County Commission or its election method, or the Wake County School Board or its election method.

7.      All documents and communications related to any polls or surveys conducted by you or brought to your attention related to minority voters or the relative voting strength of non-Raleigh voters in Wake County, election history or political performance of candidates or electoral districts in Wake County elections, the Wake County Commission or its election method, or the Wake County School Board or its election method.

# UNITED STATES DISTRICT COURT

for the

Eastern District of North Carolina

| | |
|---|---|
| Raleigh Wake Citizens Ass'n, et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 5:15-cv-156 (5:13-cv-607) |
| | ) |
| Wake County Board of Elections | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:

David Ray Lewis

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: Southern Coalition for Social Justice<br>1415 W. N.C. Highway 54, Suite 101<br>Durham, NC 27707 | Date and Time:<br><br>11/4/2015 10:00 AM |
|---|---|

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/21/2015

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | s/ Anita S. Earls |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiffs Raleigh Wake Citizens Ass'n, et al. , who issues or requests this subpoena, are:

Anita Earls, Southern Coalition for Social Justice, 1415 W. Hwy 54, Ste. 101, Durham NC 27707, anita@scsj.org, 919-323-3380

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 5:15-cv-156 (5:13-cv-607)

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0 .

I declare under penalty of perjury that this information is true.

Date: _____            _____
                                                                    *Server's signature*

                                           _____
                                                                    *Printed name and title*

                                           _____
                                                                    *Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**ATTACHMENT A TO PLAINTIFFS' SUBPOENA
TO DAVID RAY LEWIS**

**DEFINITIONS**

Except as specifically defined below, the terms used in this Attachment to Plaintiffs' Subpoena shall be construed and defined in accordance with the Federal Rules of Civil Procedure, wherever applicable. Any terms not defined shall be given their ordinary meaning.

1.     "2013 N.C. Sess. Laws 110" means Session Law 2013-110/Senate Bill 325 ratified by the General Assembly on June 13, 2013.

2.     "2015 N.C. Sess. Laws 4" means Session Law 2015-4/Senate Bill 181 ratified by the General Assembly on April 2, 2015.

3.     "Any" and "all" mean "any and all."

4.     "Communication" means any transfer of information of any type, whether written, oral, electronic, or otherwise, and includes transfers of information via email, report, letter, text message, voicemail message, written memorandum, note, summary, and other means.

5.     "Date" means the exact day, month, and year, if ascertainable, or, if not, the best available approximation (including relationship to other events).

6.     "Document" is synonymous in meaning and scope to the term "document" as used under Federal Rule of Civil Procedure 24 and the phrase "writings and recordings" as defined in Federal Rule of Evidence 1001, and includes, but is not limited to, any computer discs, tapes, and printouts, emails, databases, and any handwritten, typewritten, printed, electronically recorded, taped, graphic, machine-readable, or other material, of whatever nature and whatever form, including all non-identical copies and drafts thereof, and all copies bearing any notation or mark not found on the original.

1

7.    "Election method" includes but is not limited to the structure, election system, election districts, and timing of elections for any elected board in Wake County, including the Wake County Commission and Wake County School Board.

8.    "Governor" means the office of the Governor of North Carolina and any of its agents, representatives, employees, members, or other persons acting or purporting to act on its behalf.

9.    "Including" means "including but not limited to."

10.    "Minority" means any group of voters that is a statistical minority in Wake County, including but not limited to non-white voters.

11.    "Election history or political performance of candidates or electoral districts" means any data or information relating to the political party registration or political affiliation of voters and elected officials in Wake County, election results or political party registration in any electoral district or countywide election in Wake County, or relating to the partisan composition of elected bodies of government in Wake County, including but not limited to the Wake County Commission and Wake County School Board.

12.    "Person" means not only natural persons, but also firms, partnerships, associations, corporations, subsidiaries, divisions, departments, joint ventures, proprietorships, syndicates, trusts, groups, and organizations; federal, state, or local governments or government agencies, offices, bureaus, departments, or entities; other legal, business, or government entities; and all subsidiaries, affiliates, divisions, departments, branches, and other units thereof or any combination thereof.

13.    "Redistricting legislation" means any proposed or enacted legislation concerning changes to the structure, election method, election districts, or timing of elections or candidate

filing for the Wake County Commission, Wake County School Board, or any other elected body in Wake County, including but not limited to 2013 N.C. Sess. Laws 110 and 2015 N.C. Sess. Laws 4.

14.    "Relating to," "regarding," or "reflecting" and their cognates are to be understood in their broadest sense, and shall be construed to include pertaining to, commenting on, memorializing, reflecting, recording, setting forth, describing, evidencing, or constituting.

15.    "Relative voting strength" means the level of representation, electoral power, or ability to elect candidates of their choice of voters who reside in unincorporated Wake County or in municipalities other than Raleigh.

16.    "S.B. 181" means Senate Bill 181, which was filed in the North Carolina General Assembly on March 4, 2015 under the short title "Wake County Commissioner Districts."

17.    "S.B. 325" means Senate Bill 325, which was filed in the North Carolina General Assembly on March 13, 2013 under the short title "Wake County School Board Districts."

18.    "State Board of Elections" means the North Carolina State Board of Elections and any of its agents, representatives, employees, members, or any other person acting or purporting to act on its behalf.

19.    "Wake County" includes unincorporated Wake County and all municipalities located within Wake County.

20.    "Wake County Board of Elections" means the Wake County Board of Elections and any of its agents, representatives, employees, members, or any other person acting or purporting to act on its behalf.

21.    "Wake County Commission" means the Wake County Board of Commissioners, its individual commissioners, and associated staff members.

3

22. "Wake County School Board" means the Wake County Board of Education, its individual members, and associated staff members.

23. "Voter" means any registered voter in North Carolina and all persons who may properly register to vote in the 2016 primary election in North Carolina.

24. "You" and "your" mean David Ray Lewis, the recipient of the accompanying subpoena, and any of your employees, agents, representatives, or other personnel involved in the functions or duties of your legislative office.

## INSTRUCTIONS

1. In responding to this Subpoena, you must furnish all requested information, not subject to valid objection, that is known by, possessed by, available to, or subject to reasonable access or control by you or any of your attorneys, consultants, representatives, investigators, agents, and all others acting on your behalf.

2. Words used in singular form shall include the plural form, and words used in the plural form include the singular form.

3. The connectives "and" and "or" will be construed either disjunctively or conjunctively as necessary to bring within the scope of each description below of documents to be produced ("request") all responses that otherwise might be construed to be outside of its scope.

4. A reference to an entity shall be construed to include its officers, directors, partners, members, managers, employees, representatives, agents, consultants, or anyone acting on its behalf.

5. If you contend that it would be unreasonably burdensome to obtain and provide all of the documents called for in response to this Subpoena or any part thereof, then in response:

(a) produce all such documents as are available to you without undertaking what you contend to be an unreasonable request; (b) describe with particularity the efforts made by you or on your behalf to produce such documents, including identification or persons consulted, description of files, records, and documents reviewed, and identification of each person who participated in the gathering of such documents, with specification of the amount of time spend and the nature of work done by such person; and (c) state with particularity the grounds upon which you contend that additional efforts to produce such documents would be unreasonable.

6.　　For any document no longer in your possession, custody, or control, identify the document and the type of information contained within it, state whether it is missing, lost, destroyed, transferred to others or otherwise disposed of, and identify any person who currently has custody or control of the document or who has knowledge of the contents of the document.

7.　　If any documents, communications, information, or other items are withheld on the ground of any privilege, provide a description of the basis for the claimed privilege and all information necessary for the requesting parties to assess the claim or privilege, including but not limited to the following:

　　　　a.　　the names and addresses of the speaker or author of the communication or document;

　　　　b.　　the date of the communication or document;

　　　　c.　　the name and address of any person to whom the communication was made or the document was sent, or to whom copies were sent or circulated at any time;

　　　　d.　　the name and address of any person currently in possession of the information or document or a copy thereof; and

e. the privilege claimed and specific grounds therefor.

8. Documents are to be produced in their original format as they are kept by you, provided that documents or records shall be produced as described hereinafter, and hard-copy documents may be produced in electronic format. To the extent documents can be accurately represented in black and white, they should be produced in single-page Tagged Image File Format ("TIFF"), together with any related field-delimited load files (e.g., Concordance DAT, CSV, OPT, LOG). Each TIFF document shall be produced with an image load file in standard Opticon (*.log) format that reflects the parent / child relationship and also includes begin Bates number; end Bates number; begin Attachment Bates number; end Attachment Bates number; custodian; date sent (for email messages); date modified (for email and non-email messages where information is available); author (for email and non-email messages); and subject (for email messages). The TIFF images shall also be accompanied by extracted text or, for those files that do not have extracted text upon being processed (such as hard copy documents), optical character recognition ("OCR") text data; such extracted text or OCR text data shall be provided in document level form and named after the TIFF image. Documents that contain redactions shall be OCR'd after the redaction is applied to the image, and the OCR will be produced in place of extracted text at the document level.

9. For documents produced in TIFF format that originated in electronic form, metadata shall be included with the data load files described above, and shall include (at a minimum) the following information: file name (including extension); original file path; page count; creation date and time; last saved date and time; last modified date and time; author; custodian of the document (that is, the custodian from whom the document was collected or, if collected from a shared drive or server, the name of the shared drive or server); and MD5 hash

6

value.  In addition, for email documents, the data load files shall also include the following metadata: sent date; sent time; received date; received time; "to" name(s) and address(es); "from" name(s) and address(es); "cc" name(s) and address(es); "bcc" name(s) and address(es); subject; names of attachment(s); and attachment(s) count.  All images and load files must be named or put in folders in such a manner that all records can be imported without modification of any path or file name information.

10.    Unless otherwise limited or expanded by a particular request, the requests apply to the period from November 1, 2012, through the present.

## <u>DOCUMENTS TO BE PRODUCED</u>

1.    All documents and communications received or created by you that reflect or discuss the rationale or purpose for enacting or supporting any provision in 2015 N.C. Sess. Laws 4 and/or 2013 N.C. Sess. Laws 110.

2.    All documents concerning communications between you and any constituent or non-employee third party regarding minority voters or the relative voting strength of non-Raleigh voters in Wake County, election history or political performance of candidates or electoral districts in Wake County elections, the Wake County Commission or its election method, the Wake County School Board or its election method, and/or any provision in 2015 N.C. Sess. Laws 4 and/or 2013 N.C. Sess. Laws 110.

3.    All documents reflecting any communications between you and the Office of the Governor of North Carolina regarding minority voters or the relative voting strength of non-Raleigh voters in Wake County, election history and political performance of candidates or electoral districts in Wake County elections, the Wake County Commission or its election

7

method, the Wake County School Board or its election method, and/or any provision in 2015 N.C. Sess. Laws 4 and/or 2013 N.C. Sess. Laws 110.

4.      All documents reflecting any communications between you and any North Carolina state or county agency, including but not limited to the State Board of Elections and Wake County Board of Elections, regarding minority voters or the relative voting strength of non-Raleigh voters in Wake County, election history and political performance of candidates or electoral districts in Wake County elections, the Wake County Commission or its election method, or the Wake County School Board or its election method.

5.      All documents reflecting any communications between you and any lobbyist, political organization, or public interest group or individual regarding minority voters or the relative voting strength of non-Raleigh voters in Wake County, election history or political performance in Wake County elections of candidates or electoral districts, the Wake County Commission or its election method, or the Wake County School Board or its election method.

6.      All documents and communications referring or relating to any estimate, research, report, study, or analysis received or created by you related to minority voters or the relative voting strength of non-Raleigh voters in Wake County, election history or political performance of candidates or electoral districts in Wake County elections, the Wake County Commission or its election method, or the Wake County School Board or its election method.

7.      All documents and communications related to any polls or surveys conducted by you or brought to your attention related to minority voters or the relative voting strength of non-Raleigh voters in Wake County, election history or political performance of candidates or electoral districts in Wake County elections, the Wake County Commission or its election method, or the Wake County School Board or its election method.

# UNITED STATES DISTRICT COURT

for the

Eastern District of North Carolina

| | | |
|---|---|---|
| Raleigh Wake Citizens Ass'n, et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 5:15-cv-156 (5:13-cv-607) |
| | ) | |
| Wake County Board of Elections | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:

Robert A. Rucho

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: Southern Coalition for Social Justice 1415 W. N.C. Highway 54, Suite 101 Durham, NC 27707 | Date and Time: 11/4/2015 10:00 AM |
|---|---|

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/21/2015

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | s/ Anita S. Earls |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiffs Raleigh Wake Citizens Ass'n, et al. , who issues or requests this subpoena, are:

Anita Earls, Southern Coalition for Social Justice, 1415 W. Hwy 54, Ste. 101, Durham NC 27707, anita@scsj.org, 919-323-3380

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 5:15-cv-156 (5:13-cv-607)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0_____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**ATTACHMENT A TO PLAINTIFFS' SUBPOENA
TO ROBERT A. RUCHO**

## DEFINITIONS

Except as specifically defined below, the terms used in this Attachment to Plaintiffs' Subpoena shall be construed and defined in accordance with the Federal Rules of Civil Procedure, wherever applicable. Any terms not defined shall be given their ordinary meaning.

1. "2013 N.C. Sess. Laws 110" means Session Law 2013-110/Senate Bill 325 ratified by the General Assembly on June 13, 2013.

2. "2015 N.C. Sess. Laws 4" means Session Law 2015-4/Senate Bill 181 ratified by the General Assembly on April 2, 2015.

3. "Any" and "all" mean "any and all."

4. "Communication" means any transfer of information of any type, whether written, oral, electronic, or otherwise, and includes transfers of information via email, report, letter, text message, voicemail message, written memorandum, note, summary, and other means.

5. "Date" means the exact day, month, and year, if ascertainable, or, if not, the best available approximation (including relationship to other events).

6. "Document" is synonymous in meaning and scope to the term "document" as used under Federal Rule of Civil Procedure 24 and the phrase "writings and recordings" as defined in Federal Rule of Evidence 1001, and includes, but is not limited to, any computer discs, tapes, and printouts, emails, databases, and any handwritten, typewritten, printed, electronically recorded, taped, graphic, machine-readable, or other material, of whatever nature and whatever form, including all non-identical copies and drafts thereof, and all copies bearing any notation or mark not found on the original.

1

7.     "Election method" includes but is not limited to the structure, election system, election districts, and timing of elections for any elected board in Wake County, including the Wake County Commission and Wake County School Board.

8.     "Governor" means the office of the Governor of North Carolina and any of its agents, representatives, employees, members, or other persons acting or purporting to act on its behalf.

9.     "Including" means "including but not limited to."

10.     "Minority" means any group of voters that is a statistical minority in Wake County, including but not limited to non-white voters.

11.     "Election history or political performance of candidates or electoral districts" means any data or information relating to the political party registration or political affiliation of voters and elected officials in Wake County, election results or political party registration in any electoral district or countywide election in Wake County, or relating to the partisan composition of elected bodies of government in Wake County, including but not limited to the Wake County Commission and Wake County School Board.

12.     "Person" means not only natural persons, but also firms, partnerships, associations, corporations, subsidiaries, divisions, departments, joint ventures, proprietorships, syndicates, trusts, groups, and organizations; federal, state, or local governments or government agencies, offices, bureaus, departments, or entities; other legal, business, or government entities; and all subsidiaries, affiliates, divisions, departments, branches, and other units thereof or any combination thereof.

13.     "Redistricting legislation" means any proposed or enacted legislation concerning changes to the structure, election method, election districts, or timing of elections or candidate

filing for the Wake County Commission, Wake County School Board, or any other elected body in Wake County, including but not limited to 2013 N.C. Sess. Laws 110 and 2015 N.C. Sess. Laws 4.

14.     "Relating to," "regarding," or "reflecting" and their cognates are to be understood in their broadest sense, and shall be construed to include pertaining to, commenting on, memorializing, reflecting, recording, setting forth, describing, evidencing, or constituting.

15.     "Relative voting strength" means the level of representation, electoral power, or ability to elect candidates of their choice of voters who reside in unincorporated Wake County or in municipalities other than Raleigh.

16.     "S.B. 181" means Senate Bill 181, which was filed in the North Carolina General Assembly on March 4, 2015 under the short title "Wake County Commissioner Districts."

17.     "S.B. 325" means Senate Bill 325, which was filed in the North Carolina General Assembly on March 13, 2013 under the short title "Wake County School Board Districts."

18.     "State Board of Elections" means the North Carolina State Board of Elections and any of its agents, representatives, employees, members, or any other person acting or purporting to act on its behalf.

19.     "Wake County" includes unincorporated Wake County and all municipalities located within Wake County.

20.     "Wake County Board of Elections" means the Wake County Board of Elections and any of its agents, representatives, employees, members, or any other person acting or purporting to act on its behalf.

21.     "Wake County Commission" means the Wake County Board of Commissioners, its individual commissioners, and associated staff members.

3

22.     "Wake County School Board" means the Wake County Board of Education, its individual members, and associated staff members.

23.     "Voter" means any registered voter in North Carolina and all persons who may properly register to vote in the 2016 primary election in North Carolina.

24.     "You" and "your" mean Robert A. Rucho, the recipient of the accompanying subpoena, and any of your employees, agents, representatives, or other personnel involved in the functions or duties of your legislative office.

## INSTRUCTIONS

1.     In responding to this Subpoena, you must furnish all requested information, not subject to valid objection, that is known by, possessed by, available to, or subject to reasonable access or control by you or any of your attorneys, consultants, representatives, investigators, agents, and all others acting on your behalf.

2.     Words used in singular form shall include the plural form, and words used in the plural form include the singular form.

3.     The connectives "and" and "or" will be construed either disjunctively or conjunctively as necessary to bring within the scope of each description below of documents to be produced ("request") all responses that otherwise might be construed to be outside of its scope.

4.     A reference to an entity shall be construed to include its officers, directors, partners, members, managers, employees, representatives, agents, consultants, or anyone acting on its behalf.

5.     If you contend that it would be unreasonably burdensome to obtain and provide all of the documents called for in response to this Subpoena or any part thereof, then in response:

4

(a) produce all such documents as are available to you without undertaking what you contend to be an unreasonable request; (b) describe with particularity the efforts made by you or on your behalf to produce such documents, including identification or persons consulted, description of files, records, and documents reviewed, and identification of each person who participated in the gathering of such documents, with specification of the amount of time spend and the nature of work done by such person; and (c) state with particularity the grounds upon which you contend that additional efforts to produce such documents would be unreasonable.

6.      For any document no longer in your possession, custody, or control, identify the document and the type of information contained within it, state whether it is missing, lost, destroyed, transferred to others or otherwise disposed of, and identify any person who currently has custody or control of the document or who has knowledge of the contents of the document.

7.      If any documents, communications, information, or other items are withheld on the ground of any privilege, provide a description of the basis for the claimed privilege and all information necessary for the requesting parties to assess the claim or privilege, including but not limited to the following:

      a.      the names and addresses of the speaker or author of the communication or document;

      b.      the date of the communication or document;

      c.      the name and address of any person to whom the communication was made or the document was sent, or to whom copies were sent or circulated at any time;

      d.      the name and address of any person currently in possession of the information or document or a copy thereof; and

e.     the privilege claimed and specific grounds therefor.

8.     Documents are to be produced in their original format as they are kept by you, provided that documents or records shall be produced as described hereinafter, and hard-copy documents may be produced in electronic format. To the extent documents can be accurately represented in black and white, they should be produced in single-page Tagged Image File Format ("TIFF"), together with any related field-delimited load files (e.g., Concordance DAT, CSV, OPT, LOG). Each TIFF document shall be produced with an image load file in standard Opticon (*.log) format that reflects the parent / child relationship and also includes begin Bates number; end Bates number; begin Attachment Bates number; end Attachment Bates number; custodian; date sent (for email messages); date modified (for email and non-email messages where information is available); author (for email and non-email messages); and subject (for email messages). The TIFF images shall also be accompanied by extracted text or, for those files that do not have extracted text upon being processed (such as hard copy documents), optical character recognition ("OCR") text data; such extracted text or OCR text data shall be provided in document level form and named after the TIFF image. Documents that contain redactions shall be OCR'd after the redaction is applied to the image, and the OCR will be produced in place of extracted text at the document level.

9.     For documents produced in TIFF format that originated in electronic form, metadata shall be included with the data load files described above, and shall include (at a minimum) the following information: file name (including extension); original file path; page count; creation date and time; last saved date and time; last modified date and time; author; custodian of the document (that is, the custodian from whom the document was collected or, if collected from a shared drive or server, the name of the shared drive or server); and MD5 hash

value.  In addition, for email documents, the data load files shall also include the following metadata: sent date; sent time; received date; received time; "to" name(s) and address(es); "from" name(s) and address(es); "cc" name(s) and address(es); "bcc" name(s) and address(es); subject; names of attachment(s); and attachment(s) count.  All images and load files must be named or put in folders in such a manner that all records can be imported without modification of any path or file name information.

10.    Unless otherwise limited or expanded by a particular request, the requests apply to the period from November 1, 2012, through the present.

## DOCUMENTS TO BE PRODUCED

1.    All documents and communications received or created by you that reflect or discuss the rationale or purpose for enacting or supporting any provision in 2015 N.C. Sess. Laws 4 and/or 2013 N.C. Sess. Laws 110.

2.    All documents concerning communications between you and any constituent or non-employee third party regarding minority voters or the relative voting strength of non-Raleigh voters in Wake County, election history or political performance of candidates or electoral districts in Wake County elections, the Wake County Commission or its election method, the Wake County School Board or its election method, and/or any provision in 2015 N.C. Sess. Laws 4 and/or 2013 N.C. Sess. Laws 110.

3.    All documents reflecting any communications between you and the Office of the Governor of North Carolina regarding minority voters or the relative voting strength of non-Raleigh voters in Wake County, election history and political performance of candidates or electoral districts in Wake County elections, the Wake County Commission or its election

method, the Wake County School Board or its election method, and/or any provision in 2015 N.C. Sess. Laws 4 and/or 2013 N.C. Sess. Laws 110.

4. All documents reflecting any communications between you and any North Carolina state or county agency, including but not limited to the State Board of Elections and Wake County Board of Elections, regarding minority voters or the relative voting strength of non-Raleigh voters in Wake County, election history and political performance of candidates or electoral districts in Wake County elections, the Wake County Commission or its election method, or the Wake County School Board or its election method.

5. All documents reflecting any communications between you and any lobbyist, political organization, or public interest group or individual regarding minority voters or the relative voting strength of non-Raleigh voters in Wake County, election history or political performance in Wake County elections of candidates or electoral districts, the Wake County Commission or its election method, or the Wake County School Board or its election method.

6. All documents and communications referring or relating to any estimate, research, report, study, or analysis received or created by you related to minority voters or the relative voting strength of non-Raleigh voters in Wake County, election history or political performance of candidates or electoral districts in Wake County elections, the Wake County Commission or its election method, or the Wake County School Board or its election method.

7. All documents and communications related to any polls or surveys conducted by you or brought to your attention related to minority voters or the relative voting strength of non-Raleigh voters in Wake County, election history or political performance of candidates or electoral districts in Wake County elections, the Wake County Commission or its election method, or the Wake County School Board or its election method.

# UNITED STATES DISTRICT COURT

### for the

Eastern District of North Carolina

| | |
|---|---|
| Raleigh Wake Citizens Ass'n, et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 5:15-cv-156 (5:13-cv-607) |
| | ) |
| Wake County Board of Elections | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:

Paul Stam

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: Southern Coalition for Social Justice 1415 W. N.C. Highway 54, Suite 101 Durham, NC 27707 | Date and Time: 11/4/2015 10:00 AM |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/21/2015

| *CLERK OF COURT* | OR | s/ Anita S. Earls |
|---|---|---|
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiffs Raleigh Wake Citizens Ass'n, et al. , who issues or requests this subpoena, are:

Anita Earls, Southern Coalition for Social Justice, 1415 W. Hwy 54, Ste. 101, Durham NC 27707, anita@scsj.org, 919-323-3380

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 5:15-cv-156 (5:13-cv-607)

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ____0____ .

I declare under penalty of perjury that this information is true.

Date: _____                     _____
                                                    *Server's signature*

                                         _____
                                                    *Printed name and title*

                                         _____
                                                    *Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

---

**ATTACHMENT A TO PLAINTIFFS' SUBPOENA
TO PAUL STAM**

## DEFINITIONS

Except as specifically defined below, the terms used in this Attachment to Plaintiffs' Subpoena shall be construed and defined in accordance with the Federal Rules of Civil Procedure, wherever applicable. Any terms not defined shall be given their ordinary meaning.

1.      "2013 N.C. Sess. Laws 110" means Session Law 2013-110/Senate Bill 325 ratified by the General Assembly on June 13, 2013.

2.      "2015 N.C. Sess. Laws 4" means Session Law 2015-4/Senate Bill 181 ratified by the General Assembly on April 2, 2015.

3.      "Any" and "all" mean "any and all."

4.      "Communication" means any transfer of information of any type, whether written, oral, electronic, or otherwise, and includes transfers of information via email, report, letter, text message, voicemail message, written memorandum, note, summary, and other means.

5.      "Date" means the exact day, month, and year, if ascertainable, or, if not, the best available approximation (including relationship to other events).

6.      "Document" is synonymous in meaning and scope to the term "document" as used under Federal Rule of Civil Procedure 24 and the phrase "writings and recordings" as defined in Federal Rule of Evidence 1001, and includes, but is not limited to, any computer discs, tapes, and printouts, emails, databases, and any handwritten, typewritten, printed, electronically recorded, taped, graphic, machine-readable, or other material, of whatever nature and whatever form, including all non-identical copies and drafts thereof, and all copies bearing any notation or mark not found on the original.

7.      "Election method" includes but is not limited to the structure, election system, election districts, and timing of elections for any elected board in Wake County, including the Wake County Commission and Wake County School Board.

8.      "Governor" means the office of the Governor of North Carolina and any of its agents, representatives, employees, members, or other persons acting or purporting to act on its behalf.

9.      "Including" means "including but not limited to."

10.      "Minority" means any group of voters that is a statistical minority in Wake County, including but not limited to non-white voters.

11.      "Election history or political performance of candidates or electoral districts" means any data or information relating to the political party registration or political affiliation of voters and elected officials in Wake County, election results or political party registration in any electoral district or countywide election in Wake County, or relating to the partisan composition of elected bodies of government in Wake County, including but not limited to the Wake County Commission and Wake County School Board.

12.      "Person" means not only natural persons, but also firms, partnerships, associations, corporations, subsidiaries, divisions, departments, joint ventures, proprietorships, syndicates, trusts, groups, and organizations; federal, state, or local governments or government agencies, offices, bureaus, departments, or entities; other legal, business, or government entities; and all subsidiaries, affiliates, divisions, departments, branches, and other units thereof or any combination thereof.

13.      "Redistricting legislation" means any proposed or enacted legislation concerning changes to the structure, election method, election districts, or timing of elections or candidate

2

filing for the Wake County Commission, Wake County School Board, or any other elected body in Wake County, including but not limited to 2013 N.C. Sess. Laws 110 and 2015 N.C. Sess. Laws 4.

14.     "Relating to," "regarding," or "reflecting" and their cognates are to be understood in their broadest sense, and shall be construed to include pertaining to, commenting on, memorializing, reflecting, recording, setting forth, describing, evidencing, or constituting.

15.     "Relative voting strength" means the level of representation, electoral power, or ability to elect candidates of their choice of voters who reside in unincorporated Wake County or in municipalities other than Raleigh.

16.     "S.B. 181" means Senate Bill 181, which was filed in the North Carolina General Assembly on March 4, 2015 under the short title "Wake County Commissioner Districts."

17.     "S.B. 325" means Senate Bill 325, which was filed in the North Carolina General Assembly on March 13, 2013 under the short title "Wake County School Board Districts."

18.     "State Board of Elections" means the North Carolina State Board of Elections and any of its agents, representatives, employees, members, or any other person acting or purporting to act on its behalf.

19.     "Wake County" includes unincorporated Wake County and all municipalities located within Wake County.

20.     "Wake County Board of Elections" means the Wake County Board of Elections and any of its agents, representatives, employees, members, or any other person acting or purporting to act on its behalf.

21.     "Wake County Commission" means the Wake County Board of Commissioners, its individual commissioners, and associated staff members.

22. "Wake County School Board" means the Wake County Board of Education, its individual members, and associated staff members.

23. "Voter" means any registered voter in North Carolina and all persons who may properly register to vote in the 2016 primary election in North Carolina.

24. "You" and "your" mean Paul Stam, the recipient of the accompanying subpoena, and any of your employees, agents, representatives, or other personnel involved in the functions or duties of your legislative office.

## INSTRUCTIONS

1. In responding to this Subpoena, you must furnish all requested information, not subject to valid objection, that is known by, possessed by, available to, or subject to reasonable access or control by you or any of your attorneys, consultants, representatives, investigators, agents, and all others acting on your behalf.

2. Words used in singular form shall include the plural form, and words used in the plural form include the singular form.

3. The connectives "and" and "or" will be construed either disjunctively or conjunctively as necessary to bring within the scope of each description below of documents to be produced ("request") all responses that otherwise might be construed to be outside of its scope.

4. A reference to an entity shall be construed to include its officers, directors, partners, members, managers, employees, representatives, agents, consultants, or anyone acting on its behalf.

5. If you contend that it would be unreasonably burdensome to obtain and provide all of the documents called for in response to this Subpoena or any part thereof, then in response:

4

(a) produce all such documents as are available to you without undertaking what you contend to be an unreasonable request; (b) describe with particularity the efforts made by you or on your behalf to produce such documents, including identification or persons consulted, description of files, records, and documents reviewed, and identification of each person who participated in the gathering of such documents, with specification of the amount of time spend and the nature of work done by such person; and (c) state with particularity the grounds upon which you contend that additional efforts to produce such documents would be unreasonable.

6.     For any document no longer in your possession, custody, or control, identify the document and the type of information contained within it, state whether it is missing, lost, destroyed, transferred to others or otherwise disposed of, and identify any person who currently has custody or control of the document or who has knowledge of the contents of the document.

7.     If any documents, communications, information, or other items are withheld on the ground of any privilege, provide a description of the basis for the claimed privilege and all information necessary for the requesting parties to assess the claim or privilege, including but not limited to the following:

a.     the names and addresses of the speaker or author of the communication or document;

b.     the date of the communication or document;

c.     the name and address of any person to whom the communication was made or the document was sent, or to whom copies were sent or circulated at any time;

d.     the name and address of any person currently in possession of the information or document or a copy thereof; and

e.     the privilege claimed and specific grounds therefor.

8.     Documents are to be produced in their original format as they are kept by you, provided that documents or records shall be produced as described hereinafter, and hard-copy documents may be produced in electronic format.  To the extent documents can be accurately represented in black and white, they should be produced in single-page Tagged Image File Format ("TIFF"), together with any related field-delimited load files (e.g., Concordance DAT, CSV, OPT, LOG).  Each TIFF document shall be produced with an image load file in standard Opticon (*.log) format that reflects the parent / child relationship and also includes begin Bates number; end Bates number; begin Attachment Bates number; end Attachment Bates number; custodian; date sent (for email messages); date modified (for email and non-email messages where information is available); author (for email and non-email messages); and subject (for email messages).  The TIFF images shall also be accompanied by extracted text or, for those files that do not have extracted text upon being processed (such as hard copy documents), optical character recognition ("OCR") text data; such extracted text or OCR text data shall be provided in document level form and named after the TIFF image.  Documents that contain redactions shall be OCR'd after the redaction is applied to the image, and the OCR will be produced in place of extracted text at the document level.

9.     For documents produced in TIFF format that originated in electronic form, metadata shall be included with the data load files described above, and shall include (at a minimum) the following information: file name (including extension); original file path; page count; creation date and time; last saved date and time; last modified date and time; author; custodian of the document (that is, the custodian from whom the document was collected or, if collected from a shared drive or server, the name of the shared drive or server); and MD5 hash

value.  In addition, for email documents, the data load files shall also include the following metadata: sent date; sent time; received date; received time; "to" name(s) and address(es); "from" name(s) and address(es); "cc" name(s) and address(es); "bcc" name(s) and address(es); subject; names of attachment(s); and attachment(s) count.  All images and load files must be named or put in folders in such a manner that all records can be imported without modification of any path or file name information.

10.    Unless otherwise limited or expanded by a particular request, the requests apply to the period from November 1, 2012, through the present.

## DOCUMENTS TO BE PRODUCED

1.    All documents and communications received or created by you that reflect or discuss the rationale or purpose for enacting or supporting any provision in 2015 N.C. Sess. Laws 4 and/or 2013 N.C. Sess. Laws 110.

2.    All documents concerning communications between you and any constituent or non-employee third party regarding minority voters or the relative voting strength of non-Raleigh voters in Wake County, election history or political performance of candidates or electoral districts in Wake County elections, the Wake County Commission or its election method, the Wake County School Board or its election method, and/or any provision in 2015 N.C. Sess. Laws 4 and/or 2013 N.C. Sess. Laws 110.

3.    All documents reflecting any communications between you and the Office of the Governor of North Carolina regarding minority voters or the relative voting strength of non-Raleigh voters in Wake County, election history and political performance of candidates or electoral districts in Wake County elections, the Wake County Commission or its election

method, the Wake County School Board or its election method, and/or any provision in 2015 N.C. Sess. Laws 4 and/or 2013 N.C. Sess. Laws 110.

4.　　All documents reflecting any communications between you and any North Carolina state or county agency, including but not limited to the State Board of Elections and Wake County Board of Elections, regarding minority voters or the relative voting strength of non-Raleigh voters in Wake County, election history and political performance of candidates or electoral districts in Wake County elections, the Wake County Commission or its election method, or the Wake County School Board or its election method.

5.　　All documents reflecting any communications between you and any lobbyist, political organization, or public interest group or individual regarding minority voters or the relative voting strength of non-Raleigh voters in Wake County, election history or political performance in Wake County elections of candidates or electoral districts, the Wake County Commission or its election method, or the Wake County School Board or its election method.

6.　　All documents and communications referring or relating to any estimate, research, report, study, or analysis received or created by you related to minority voters or the relative voting strength of non-Raleigh voters in Wake County, election history or political performance of candidates or electoral districts in Wake County elections, the Wake County Commission or its election method, or the Wake County School Board or its election method.

7.　　All documents and communications related to any polls or surveys conducted by you or brought to your attention related to minority voters or the relative voting strength of non-Raleigh voters in Wake County, election history or political performance of candidates or electoral districts in Wake County elections, the Wake County Commission or its election method, or the Wake County School Board or its election method.