IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Consolidated Civil Action

| | | |
|---|---|---|
| RALEIGH WAKE CITIZENS ASSOCIATION, et al., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 5:15-CV-156-D |
| WAKE COUNTY BOARD OF ELECTIONS, | ) ) ) | |
| Defendant. | ) | |
| | | |
| CALLA WRIGHT, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 5:13-CV-607-D |
| STATE OF NORTH CAROLINA, | ) ) ) | |
| Defendants. | ) | |

## CASE MANAGEMENT ORDER

This order governs future proceedings in this action. The trial is set for Wednesday, December 16, 2015, at 9:00 a.m., in Courtroom One of the Terry Sanford Federal Building and United States Courthouse, Raleigh, North Carolina. The case will take no more than three trial days. If necessary, the court will set and enforce time limits on each side.

All motions in limine or motions to exclude testimony of expert witnesses pursuant to Federal Rules of Evidence 702, 703, or 705, Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993), Kumho Tire Co. v. Carmichael, 526 U.S. 137 (1999), or similar precedent shall be filed by December 4, 2015. Any responses shall be filed by December 9, 2015. No replies are permitted.

Pursuant to Federal Rule of Civil Procedure 16(e), a final pretrial conference shall be held on Thursday, December 10, 2015, at 2:00 p.m., in Courtroom One of the Terry Sanford Federal Building and United States Courthouse, Raleigh, North Carolina. Each party shall be represented by an attorney who will conduct the trial on behalf of such party. Adherence to this order's time requirements, some of which deviate from the deadlines provided for in the Local Rules, is necessary for in-chambers preparation for the final pretrial conference and the trial. By Friday, December 4, 2015, each party shall provide the other party with the pretrial disclosure required by Federal Rule of Civil Procedure 26(a)(3). See Local Civil Rule 16.1(b)(1). By Tuesday, December 8, 2015, pursuant to Federal Rule of Civil Procedure 26(a)(3)(B), each party may serve and file objections to the other party's pretrial disclosure. See Local Civil Rule 16.1(b)(1).

Continuance of the pretrial conference at a party's request is highly unlikely. Counsel should plan to do the necessary pretrial work in a manner that will ensure its timely completion before the final pretrial conference. At the final pretrial conference, the court anticipates that it will complete the following tasks:

1. Rule upon any dispute concerning the contents of the final pretrial order. Local Civil Rule 16.1(d)(1).

2. Rule upon any dispute where video depositions are to be used and the parties have been unable to reach agreement on editing. Local Civil Rule 16.1(b)(2).

3. Preview proposed testimony and exhibits and rule on contested issues of law, anticipated evidentiary objections, and motions in limine, to the extent possible in advance of trial.

Not later than Monday, December 7, 2015, the parties shall submit to chambers memoranda of authorities on all anticipated evidentiary questions and on all contested issues of law. Responses are due Wednesday, December 9, 2015. No replies are permitted.

Not later than Monday, December 7, 2015, the parties shall submit to chambers (but not file) copies of all exhibits, properly bound. See Local Civil Rule 39.1(b)(2). By Monday, December 7, 2015, the parties also shall file their proposed findings of fact and conclusions of law. See Local Civil Rule 52.1.

Not later than Monday, December 7, 2015, counsel shall submit to chambers (but not file) the parties' proposed pretrial order. Local Civil Rule 16.1(b)(1). This submission shall comply with the form specified in Local Civil Rule 16.1(c).

Because the trial may involve numerous exhibits, the court encourages counsel, preferably by agreement, to consider ways in which testimony about exhibits may be clarified during its presentation. If possible, counsel shall use computer technology. Before trial, counsel shall familiarize himself or herself with the courtroom's technology. Of course, counsel also shall provide a hard copy of exhibits to the clerk. See Local Civil Rule 39.1(b).

This order shall not be modified except by leave of the court upon a showing of good cause. The court expects the parties to abide by these deadlines. Furthermore, all requirements set forth in the court's Local Rules governing pretrial and trial procedures not altered herein shall be strictly observed.

SO ORDERED. This **30** day of November 2015.

JAMES C. DEVER III
Chief United States District Judge