**NORTH CAROLINA**
**State Board *of* Elections**

Mailing Address:
P.O. Box 27255
Raleigh, NC 27611-7255

Phone: (919) 733-7173
Fax: (919) 715-0135

July 15, 2016

HAND-DELIVERY

The Honorable James C. Dever III
Chief United States Judge
United States District Court (E.D.N.C.)

Re: Administrative authority under N.C. GEN. STAT. § 163-22.2.

Your Honor:

The Court has requested that the North Carolina State Board of Elections ("State Board") provide information regarding the agency's authority to enact remedial measures under Section 163-22.2 of the North Carolina General Statutes ("G.S."). The State Board is a bipartisan and independent agency tasked with overall supervision of elections administration throughout North Carolina. As such, we take seriously our obligation to ensure compliance with state and federal law, and to reconcile the two when so directed.

The General Assembly has authorized the State Board to implement temporary procedures necessary to avoid delays otherwise caused by court orders affecting elections. See G.S. § 163-22.2. Our exercise of this limited authority has been procedural in nature,[1] and invoked most frequently as a stopgap measure in the days of preclearance under Section 5 of the Voting Rights Act. In those instances, as in the present, G.S. § 163-22.2 prohibits remedial measures that conflict with other provisions of Chapter 163 and imposes a strict expiration requirement 60 days into the next session of the General Assembly. Indeed, temporary rules established under the statute would be void on March 12, 2017.

While temporal limits may discourage our reliance on G.S. § 163-22.2 as a redistricting tool, the State Board stands ready to implement special procedures necessary to effectuate any remedy fashioned under the broader jurisdiction of the Court. With respect to technological capabilities, the agency does not presently possess redistricting software or expertise applying traditional redistricting principles, that may be necessary to preserve otherwise legitimate legislative choices referenced in your Order. We would, however, make every effort to seek resources as needed to comply with any order of this Court.

Sincerely,

Kim Westbrook Strach
Executive Director, N.C. State Board of Elections

---

[1] The State Board most recently relied upon G.S. § 163-22.2 to establish a five-day candidate filing period and primary election date after a three-judge panel of the Wake County Superior Court enjoined the agency's enforcement of a retention election option for incumbent justices sitting on the North Carolina Supreme Court. See S.B.E. Temporary Order 2016-03 responding to Faires v. State Bd. of Elections, 15 CVS 15903, 2016 WL 865472 (N.C.Super.), aff'd per curiam 784 S.E.2d 463 (N.C. 2016).

Cc.: Anita S. Earls, Southern Coalition for Social Justice (*via* anita@scsj.org)
Charles Marshall, Brooks Pierce (*via* cmarshall@brookspierce.com)
James Bernier, N.C. Department of Justice (*via* jbernier@ncdoj.gov)
Andrew Tripp, for President Pro Tempore Philip Berger (*via* andrew.tripp@ncleg.net)
Bart Goodson, for Speaker of the House Tim Moore (*via* bart.goodson@ncleg.net)