# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### WESTERN DIVISION
### Consolidated Civil Action

| | | |
|---|---|---|
| RALEIGH WAKE CITIZENS ASSOCIATION, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 5:15-CV-156-D |
| WAKE COUNTY BOARD OF ELECTIONS, | ) ) ) | |
| Defendant. | ) ) | |
| CALLA WRIGHT, et al., | ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 5:13-CV-607-D |
| STATE OF NORTH CAROLINA, | ) ) | |
| Defendant. | ) | |

## LEGISLATIVE LEADERS' RESPONSE TO COURT'S ORDER OF 8 JULY 2016

### INTRODUCTION

Pursuant to an order by this Court of 8 July 2016, this response is filed by the Speaker of the North Carolina House of Representatives, Tim Moore, and the President Pro Tem of the North Carolina Senate, Phil Berger (hereafter, "legislative leaders"). Based upon precedent established by this Court in *Shaw v. Hunt*, No. 92-202-CIV-5-BR (E.D.N.C. July 30, 1996) (*see* copy of slip opinion attached as Exhibit 1), the legislative leaders believe that it is too late for the General Assembly to enact new commissioner and board of education districts for Wake County in time for the November 2016 General Election, and therefore reconvening for that purpose

would be futile.  The legislative leaders also believe that the Fourth Circuit's decision in this case does not require that new districts be enacted by the General Assembly or adopted by this Court in time for the 2016 General Election and that it is appropriate for the this Court to allow elections to proceed under the challenged commissioner and school board districts, but only for the 2016 General Election.  At such time as a mandate is actually issued by the Fourth Circuit, the legislative leaders believe that this Court should enter an order enjoining elections in the challenged districts after the 2016 General Election; that the General Assembly be given a reasonable amount of time after it reconvenes on 11 January 2017 to enact new districting plans that remedy the constitutional errors found by the Fourth Circuit; and that this Court be prepared to adopt court-drawn districts if the General Assembly then fails to act.  *Shaw, supra.*  Finally, if this Court decides instead to adopt a court-ordered interim plan and also order a special election for Wake County Commissioners and School Board, any new districts should be based upon the challenged districts modified only to the extent needed to cure any constitutional defects.  If requested by this Court, the legislative leaders stand ready to file an illustrative plan which meets all criteria required of a court-drawn remedial plan.

## RELEVANT FACTUAL BACKGROUND

The district court is familiar with the procedural history of this case which the legislative leaders will not repeat.  The legislative leaders will only recite recent factual developments that are relevant to the questions raised by the district court in its order of 8 July 2016.

The morning of 1 July 2016, a panel of the Fourth Circuit published its decision in *RWCA v. Wake Cty. Bd. Of Elections*, No. 16-1270, No. 16-1271, 2016 WL 3568147 (4th Cir. July 1, 2016).  The Fourth Circuit's opinion included a dissenting opinion by Circuit Judge Motz.

2

Later in the day on 1 July 2016, the General Assembly adjourned. It is not scheduled to reconvene until 11 January 2017.

On 8 July 2016, this Court published an order directing the legislative leaders to file a statement explaining their position concerning the Fourth Circuit's decision on 18 July 2016.

On 14 July 2016, the defendant in this case, the Wake County Board of Elections ("WCBOE"), filed a petition with the Fourth Circuit seeking rehearing *en banc*. (*See* D.E. 53 in No. 16-1270). The Fourth Circuit subsequently issued a stay of its mandate pending rehearing (*See* D.E. 54 in No. 16-1270).

Also on 14 July 2016, the legislative leaders filed in the Fourth Circuit their motion to intervene as defendants in this litigation. (*See* D.E. 55 in No. 16-1270).

As of the time of the filing of this response, the Fourth Circuit has not lifted its stay of its mandate nor ruled on the petition for rehearing *en banc* filed by the WCBOE or the motion to intervene filed by the legislative leaders.

## STATEMENT OF POSITION

1.  **It is too late in the election cycle for new districts to be established in time for the 2016 General Election.**

The legislative leaders believe that it is too late in the 2016 election cycle for any entity – the General Assembly[1], the North Carolina State Board of Elections ("NCSBOE")[2] or even the

---

[1] Whether the General Assembly could even convene a quorum of members prior to 11 January 2017 is an open question.

[2] The NCSBOE has no authority to enact redistricting plans and has never even attempted to do so in any of the myriad of North Carolina redistricting cases. North Carolina General Statute § 163-22.2 only gives the NCSBOE the authority to modify election schedules in the event of a court decision holding a North Carolina election law to be illegal. *See Newsome v. N.C. State Bd. of Elections*, 105 N.C. App. 499, 506-08, 415 S.E.2d 201, 204-06 (1992) (NCSBOE could modify election schedule following a delay in preclearance under Section 5). On Friday, 15 July 2016, the legislative leaders received a letter from the NCSBOE addressed to this Court in response to the Court's order of 8 July 2016. The legislative leaders do not read the NCSBOE

3

district court—to adopt and implement new districts for Wake County Commissioners or Wake County School Board in time for the 2016 General Election. This reality is demonstrated by the filings made in this Court by the WCBOE in response to this Court's order of 8 July 2016.

Moreover, plaintiffs' counsel in these cases has essentially conceded in another pending case that it is too late for redistricting plans to be changed. In *Covington v. North Carolina,* No. 1:15-CV-00399 (M.D.N.C. filed on 19 May 2015) ("*Covington*"), the plaintiffs are represented by many of the same attorneys who represent the plaintiffs in this case. In *Covington*, plaintiffs are challenging the constitutionality of twenty-eight North Carolina Senate and House districts. This case was tried before a three-judge court the week of 11 April 2016. Following trial, the *Covington* court asked counsel to explain when that court needed to enter an opinion so that any districts found to be illegal could be changed in time for the 2016 General Election. On 6 May 2016, the *Covington* defendants argued it was already too late in the election cycle to change any of the districts prior to the 2016 General Election. (*See Covington* D.E. 117, "Defendants' Brief on Scheduling Issues for a Third-Primary;" *see also Covington* D.E. 117-1, "Declaration of Kim Strach, Executive Director of the NCSBOE"). Plaintiffs' counsel advised that any decision needed to be entered by the three-judge court during the first week of June 2016 for districts to be changed in time for the 2016 General Elections. (*See Covington* D.E. 115, p. 14). According to counsel for the *Covington* plaintiffs, "[t]he Plaintiffs' position is that it is possible to have a remedy in place for the 2016 elections…[s]o long as the court rules by June 3, 2016 and the General Assembly redraws districts by June 17, 2016…" (*Id.*)

No decision has yet been made by the three-judge court in *Covington*, but if a decision finding any of the districts unconstitutional was entered even today, both parties have already

letter as agreeing that it has authority to draw districts under the statute, but rather that it has no

4

opined that it is now too late to change legislative districts before the 2016 General Election. If it is too late to change any potentially illegal legislative districts, it is likely also too late to change Wake County Commissioner or Board of Education districts in time for the 2016 General Election.

The legislative leaders do not believe that the Fourth Circuit's decision precludes the use of the districts declared unconstitutional for the upcoming 2016 General Election. While the Fourth Circuit inserted a footnote stating that it "saw no reason" why the districts declared illegal should be used in the 2016 General Election, the question of whether it is now too late to change those districts was not briefed by the parties on appeal or addressed by the Fourth Circuit. The decision by the Fourth Circuit is at best ambiguous on the type of remedy which now should be fashioned by this Court.

The Fourth Circuit's decision in this case should be compared to the decision by the three-judge court in *Harris v. McCrory*, No. 1:13-CV-00949, 2016 WL 482052, at *1 (E.D.N.C. Feb. 5, 2016) *prob. juris. noted*, No. 15-1262, ___ S. Ct. ___ , 2016 WL 1435913, at *1 (U.S. Jun. 27, 2016) ("*Harris*"). In *Harris*, on 5 February 2016, the three-judge court expressly enjoined the state from holding elections in 2016 for two North Carolina congressional districts (Congressional District 1 and 12) and gave the General Assembly two weeks to enact new congressional districts. (*See Harris* D.E. 142, pp. 62-63). New Congressional plans were then enacted by the General Assembly on 19 February 2016. (*See Harris* D.E. 149) No similar specific remedy is found in the decision by the Fourth Circuit in this case. (*See* D.E. 52 in No. 16-1270).

---

such authority (or expertise) but will comply with any order of this Court.

5

Case 5:15-cv-00156-D   Document 84   Filed 07/18/16   Page 5 of 10

Regardless, and as noted by the Supreme Court, it is more appropriate for a district court, than a circuit court, to decide in the first instance whether there is sufficient time in the election cycle for new districts to be enacted by a legislature or for an interim plan to be adopted by the district court. *Upham v. Seamon*, 456 U.S. 37, 44 (1982). The Supreme Court has often approved orders allowing elections to be held under illegal redistricting plans when it is too late in the election cycle to change the districts in time for the general election. *Id*. (citing *Bullock v. Weiser*, 404 U.S. 1065 (1972) and *Whitcomb v. Chavis*, 395 U.S. 1055 (1970)).

A decision by this Court to allow elections under the districts found to be illegal by the Fourth Circuit would be in keeping with precedent established by this Court. (*See* Ex. 1). On 12 June 1996, the United States Supreme Court held that the 1992 version of North Carolina's 12th Congressional District was unconstitutional. *Shaw v. Hunt*, 517 U.S. 899 (1996). Following remand of the case, a three-judge court of the United States District Court for the Eastern District of North Carolina issued a judgment on 30 July 1996 holding the 12th Congressional District unconstitutional and enjoining any further elections under the 1992 congressional plan conducted after the regularly scheduled 1996 General Election. However, the three-judge court deferred its injunctive relief until after the 1996 General Election based upon its finding that it was too late in the 1996 election cycle to change congressional districts in time for the general election. (*See* Ex. 1)

Similar to its findings in July 1996, this Court in its order of 8 July 2016 has already noted several reasons which support why it is too late in the election cycle for new districts to be established for the 2016 General Election. The effect of establishing new districts will be to cancel votes cast in the March 2016 Primary Election for Wake County Commissioners, to void the results of the March 2016 Primary for Wake County Commissioners, to void the candidate

6

filings for Wake County Commissioners, which closed on 17 December 2015, and to void the candidate filings for Wake County School Board which closed on 1 July 2016. None of this information was argued by the parties on appeal or addressed by the Fourth Circuit when it entered its decision. Nor did the Fourth Circuit have the benefit of the filings made by the SBOE in *Covington* or the WCBOE in this case, which explain the realities of the election schedule for the 2016 General Election. These filings demonstrate that it is too late to enact new districts, assign voters to new districts, and prepare absentee ballots in time for the 2016 General Election.

## 2. If the Court decides to adopt an interim plan, it has stated the correct principles applicable to Court-ordered plans.

On page 8 of its Order of 8 July 2016, this Court has already articulated the principles it should follow if it decides to adopt an interim plan and order a special election for Wake County Commissioners and Wake County School Board. Any interim court-ordered plan must be based upon the legislature's policy decisions, as reflected by the challenged districts, modified only as needed to cure the constitutional defects. *Id*. at 8. Further, "any court drawn districts should achieve the goal of population equality with little more than a *de minimus* variation." *Id*. Thus, any court-drawn districts should respect and be based upon the legislature's policy decisions, as reflected in N.C. Sess. Law 2013-110 and N.C. Sess. Law 2015-4, with districts only modified to correct the equal population deficiencies found by the Fourth Circuit. *See Perry v. Perez*, 132 S.Ct. 934 (2012) (district court erred to the extent it exceeded its mission to draw constitutional interim maps by substituting its own concepts for the state legislature's determination).

Prior session laws establishing county-wide elections for Wake County Commissioners and giving the Wake County School Board the right to establish districting plans that have been repealed by the General Assembly do not represent the legislature's most recent policy choices. Therefore, neither the districts nor the election schedules established by statutes that have been

7

repealed by the General Assembly can be used by this court as a starting point for court-ordered-interim-districting plans.

However, if this Court elects to draw an interim map, it should allow the plaintiffs and other interested parties, including the legislative leaders, an opportunity to submit illustrative maps for this Court's review. Any illustrative maps submitted for the Court's review should be drawn in a manner that follows the criteria applicable to court-drawn interim maps.

## CONCLUSION

Based on the foregoing, the legislative leaders believe that it is too late in the election cycle for any entity to establish new election districts for the 2016 General Election. This Court should therefore allow elections to proceed as scheduled by N.C. Sess. Law 2013-110 and N.C. Sess. Law 2015-4, but only for the 2016 General Election, and direct the legislature to enact new districting plans for these offices within a reasonable time after the General Assembly reconvenes in January 2017. In the alternative, should this Court decide to enact interim districting plans and also order a special election for districts established by any interim plans, the legislative policy established by N.C. Sess. Law 2013-110 and N.C. Sess. Law 2015-4, should be followed. Districts established by these laws should be modified by this Court only to the extent needed to address the constitutional errors found by the Fourth Circuit.

This, the 18th day of July, 2016.

<div style="margin-left: 45%;">

OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.

By:  /s/Thomas A. Farr
Thomas A. Farr
N.C. State Bar No. 10871
Phillip J. Strach
N.C. State Bar No. 29456
Michael McKnight
N.C. State Bar No. 36932
thomas.farr@ogletreedeakins.com
phil.stach@ogletreedeakins.com
michael.mcknight@ogletreedeakins.com
4208 Six Forks Road, Suite 1100
Raleigh, North Carolina 27609
Telephone:  (919) 787-9700
Facsimile:  (919) 783-9412
*Counsel for Speaker Tim Moore and President Pro Tem Phil Berger*

</div>

9

## CERTIFICATE OF SERVICE

I, Thomas A. Farr, hereby certify that I have this day filed the foregoing **LEGISLATIVE LEADERS' RESPONSE TO COURT'S ORDER OF 8 JULY 2016** using the CM/ECF system which will send notification of such filing to all counsel of record.

Anita S. Earls
Allison J. Riggs
Clare R. Barnett
Southern Coalition for Social Justice
1415 Hwy. 54, Suite 101
Durham, NC  27707

Charles F. Marshall, III
Jessica Thaller-Moran
Brooks Pierce McLendon Humphrey & Leonard, LLP
P. O. Box 1800
150 Fayetteville St.
1600 Wells Fargo Capitol Center
Raleigh, NC 27601
919-839-0300
Fax: 919-839-0304
Email: cmarshall@brookspierce.com
Email: jthaller-moran@brookspierce.com

Matthew B. Tynan
Brooks Pierce McLendon Humphrey & Leonard, L.L.P.
2000 Renaissance Plaza
230 North Elm St.
Greensboro, NC 27401
336-271-3171
Fax: 336-232-9171
Email: mtynan@brookspierce.com

This the 18th day of July, 2016.

OGLETREE, DEAKINS, NASH
  SMOAK & STEWART, P.C.

/s/ Thomas A. Farr
Thomas A. Farr

25468442.1

10