# EXHIBIT 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 92-202-CIV-5-BR

FILED
JUL 30 1996
DAVID W. DANIEL, CLERK
U.S. DISTRICT COURT
E. DIST. NO. CAR.

RUTH O. SHAW, et al.,

    Plaintiffs,

and

JAMES ARTHUR "ART" POPE, et al.,

    Plaintiff-Intervenors,

    v.

JAMES B. HUNT, JR., et al.,

    Defendants,

and

RALPH GINGLES, et al.,

    Defendant-Intervenors.

ORDER

This matter is before the court on remand from the Supreme Court of the United States "for further proceedings in conformity with the opinion of [that] court" which, reversing our decision, see 861 F. Supp. 408, held North Carolina's present congressional districting plan unconstitutional because "District 12 is not narrowly tailored to the State's asserted interest in complying with § 2 of the Voting Rights Act." Shaw v. Hunt, 64 U.S.L.W. 4437, 4443 (U.S. June 13, 1996).

Following the remand, we permitted the filing by plaintiffs and plaintiff-intervenors of an amended complaint which, by adding additional parties with standing to do so, challenged on

Case 5:15-cv-00156-D   Document 84-1   Filed 07/18/16   Page 2 of 6

similar grounds District 1 in the State's plan. This challenge, in the form of an added claim, has been put in issue by answers filed by the state defendants and the intervenor-defendants, and by plaintiff-intervenors' motion for summary judgment to which no response is yet due.

Two issues are thus presented: (1) proper disposition of the added District 1 claim, and (2) the appropriate remedy to be ordered for the specific constitutional violation found by the Supreme Court respecting District 12.

1. Because the challenge to District 1 will almost certainly be mooted in the remedial process next to be ordered, we defer consideration of that claim pending further orders of this court.

2. To remedy the constitutional violation found by the Supreme Court, it is ORDERED that the State of North Carolina is hereby ENJOINED from conducting any elections for congressional offices under the redistricting plan enacted as 1991 N.C. Extra Sess. Laws, Ch. 7, after those regularly scheduled for 1996.

3. It is further ORDERED that, in exercise of this court's equitable power to withhold the grant of immediately effective relief for found constitutional violations in legislative districting plans in order to avoid undue disruption of ongoing state electoral processes, the 1996 primary elections already held for congressional offices are hereby validated and the 1996 general election for those offices may proceed as scheduled under state law

2

Case 5:15-cv-00156-D   Document 84-1   Filed 07/18/16   Page 3 of 6

to elect members of congress under the existing redistricting plan. Reynolds v. Sims, 377 U.S. 533, 585 (1964).

4. It is further ORDERED that the matter of providing a redistricting plan which for post-1996 congressional elections will remedy the constitutional violation found by the Supreme Court is referred to the North Carolina General Assembly for exercise of its primary jurisdiction. Wise v. Lipscomb, 437 U.S. 535, 539 (1978). That primary jurisdiction should be exercised as expeditiously as possible by the adoption and submission to this court for approval of a districting plan effective for the purpose. Failing such a submission by April 1, 1997, this court will discharge its obligation to develop and put into effect an appropriate remedial plan.

5. This court retains jurisdiction for such further action and proceedings as are required.

This order is entered by a majority of the three-judge court. Chief Judge Voorhees dissents from those portions which withhold immediate relief. Both the court majority and Chief Judge Voorhees will as quickly as possible issue memorandum opinions explaining their positions.

This 30 July 1996.

J. DICKSON PHILLIPS, JR.
Senior United States Circuit Judge
W. EARL BRITT
United States District Judge

By: /s/ W. Earl Britt
W. EARL BRITT
United States District Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

FILED

DAVID W. ..... CLERK
U.S. DISTRICT COURT
E. DIST. NO. CAR.

RUTH O. SHAW, MELVIN G. SHIMM, ROBINSON O. EVERETT, JAMES M. EVERETT, DOROTHY G. BULLOCK, MARTIN CROMARTIE, THOMAS CHANDLER MUSE, and GLENNES DODGE WEEKS

    Plaintiffs,

and

JAMES ARTHUR "ART" POPE, BETTY S. JUSTICE, DORIS LAIL, JOYCE LAWING, NAT SWANSON, RICK WOODRUFF, J. RALPH HIXON, AUDREY McBANE, SIM A. DELAPP, JR., RICHARD S. SAHLIE, HOWARD B. SMITH, H. M. "TED" TYLER, FERRELL L. BLOUNT, III, HOWARD DANIELEY, ANTHONY G. POSEY, and RACHEL NANCE RUMLEY

    Plaintiff-Intervenors,

v.

JAMES B. HUNT, in his official capacity as Governor of the State of North Carolina, DENNIS A. WICKER, in his official capacity as Lieutenant Governor of the State of North Carolina and President of the Senate, HAROLD J. BRUBAKER, in his official capacity as Speaker of the North Carolina House of Representatives, JANICE FAULKNER, in her official capacity as Secretary of the State of North Carolina, THE NORTH CAROLINA STATE BOARD OF ELECTIONS, an official agency of the State of North Carolina, EDWARD J. HIGH, in his official capacity as Chairman of the North Carolina State Board of Elections, JEAN H. NELSON, in her official capacity as a member of the North Carolina State Board of Elections, LARRY LEAKE, in his official capacity as a member of the North Carolina State Board of Elections, DOROTHY PRESSER, in her official capacity as a member of the North Carolina State Board of Elections, and JUNE K. YOUNGBLOOD, in her official capacity as a member of the North Carolina State Board of Elections,

    Defendants,

and

JUDGMENT IN A CIVIL CASE

No. 92-202-CIV-5-BR

RALPH GINGLES, VIRGINIA NEWELL, )
GEORGE SIMKINS, N. A. SMITH, )
RON LEEPER, ALFRED SMALLWOOD, )
DR. OSCAR BLANKS, REVEREND DAVID )
MOORE, ROBERT L. DAVIS, C. R. )
WARD, JERRY B. ADAMS, JAN )
VALDER, BERNARD OFFERMAN, )
JENNIFER MCGOVERN, CHARLES )
LAMBETH, ELLEN EMERSON, LAVONIA )
ALLISON, GEORGE KNIGHT, LETO )
COPELEY, WOODY CONNETTE, )
ROBERTA WADDLE and WILLIAM )
M. HODGES, )
)
        Defendant-Intervenors. )

Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

**IT IS ORDERED AND ADJUDGED** that the State of North Carolina is hereby enjoined from conducting any elections for congressional offices under the redistricting plan enacted as 1991 N. C. Extra Sess. Laws, Ch. 7, after those regularly scheduled for 1996.

**IT IS FURTHER ORDERED AND ADJUDGED** that the 1996 primary elections already held for congressional offices are hereby validated and the 1996 general election for those offices may proceed as scheduled under state law to elect members of Congress under the existing redistricting plan.

**IT IS ALSO ORDERED AND ADJUDGED** that the matter of providing a redistricting plan which for post-1996 congressional elections will remedy the constitutional violation found by the Supreme Court is referred to the North Carolina General Assembly for exercise of its primary jurisdiction. That primary jurisdiction should be exercised as expeditiously as possible by the adoption and submission to this court for approval of a districting plan effective for the purpose. Failing such a submission by April 1, 1997, this court will discharge its obligation to develop and put into effect an appropriate remedial plan.

THIS JUDGMENT FILED AND ENTERED ON JULY 31, 1996, WITH COPIES TO:

Robinson O. Everett
Attorney at Law
P. O. Box 586

Thomas A. Farr
Attorney at Law
P. O. Box 19764
Raleigh, NC 27619-9764

Edwin M. Speas, Jr.
Tiare B. Smiley
N. C. Department of Justice
P. O. Box 629
Raleigh, NC 27602

Adam Stein
Anita Hodgkiss
Attorneys at Law
741 Kenilworth Ave., Suite 300
Charlotte, NC 28204

July 31, 1996

DAVID W. DANIEL, CLERK

          *[signature]*
(By) Deputy Clerk