IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
**Consolidated Civil Action**

| | |
|---|---|
| RALEIGH WAKE CITIZENS ASSOCIATION, et al.,<br><br>                Plaintiffs,<br><br>v.<br><br>WAKE COUNTY BOARD OF ELECTIONS,<br><br>                Defendant. | No. 5:15-cv-156 |
| CALLA WRIGHT, et al.,<br><br>                Plaintiffs,<br><br>v.<br><br>THE STATE OF NORTH CAROLINA, et al.,<br><br>                Defendants. | No. 5:13-cv-607 |

**PLAINTIFFS' POST-HEARING MEMORANDUM AND OBJECTIONS**

Pursuant to the Court's request at the status conference held in this matter on August 2, 2016, Plaintiffs hereby provide the following information based on materials in the record in this case and/or materials appropriate for judicial notice.

1. On June 13, 2013, Senate Bill 325 was ratified and chaptered as Session Law 2013-110. Amended First Joint Stipulations of Fact, 12 ¶26, Dec. 15, 2015, ECF No. 56.

2. On July 5, 2013 the filing period for candidates seeking office for the October 8, 2013 elections for the Wake County Board of Education began and ended on Friday, July 19, 2013. *See* Wake County Board of Elections, "Filing Period for Municipal Elections Begins", July 8, 2016, http://www.wakegov.com/media/news/2013/07July–09September/Filing%20Period%20for%20Municipal%20Elections%20Begins.pdf (last visited Aug. 3, 2016).

3. The Complaint in Wright v. North Carolina, No. 13-cv-607 was filed on August 22, 2013. Complaint, Aug. 22, 2013, ECF No. 1.

4. Thus, candidates for the Wake County Board of Education were aware at the time of filing for office that the General Assembly had enacted a change in the method of election that would shorten the terms of candidates elected in 2013 to three years, and they also knew, prior to the October election, that the statute establishing this election system was being challenged as unconstitutional under the equal protection clauses of the state and federal constitutions.

5. In analogous circumstances, under North Carolina law where elections have been delayed to achieve staggered terms, the resulting holding over of incumbent office holders was not deemed to violate either the voter's right to vote, nor the rights of candidates who might wish to seek office. *See State ex rel Martin v. Preston,* 325 N.C. 438, 454, 385 S.E.2d 473, 482 (1989) ("[t]he one-time delay in certain judicial elections created by Chapter 509 did not violate a right of citizens to vote guaranteed by our Constitution.")

6. Plaintiffs continue their objection to the court permitting counsel who have not entered appearances in this action, who represent parties who have not properly intervened in

this action, and who previously took the position that they were not necessary or proper parties to this action, *see* Brief of Appellees at 23-28, Wright v. North Carolina, 787 F.3d 256 (4th Cir. 2015), (No. 14-1329), to appear and make arguments to the Court concerning the proper disposition of Plaintiffs' claims and the remedies available to Plaintiffs herein.

Respectfully submitted this 3rd day of August, 2016.

/s/ Anita S. Earls
Anita S. Earls
N.C. State Bar No. 15597
Allison J. Riggs
N.C. State Bar No. 40028
SOUTHERN COALITION
FOR SOCIAL JUSTICE
1415 West Highway 54, Suite 101
Durham, NC 27707
919-794-4198
anita@southerncoalition.org
Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the foregoing PLAINTIFFS' POST-HEARING MEMORANDUM AND OBJECTIONS with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel and parties of record.

This the 3rd day of August, 2016.

/s/ Anita S. Earls
Anita S. Earls
N.C. State Bar No. 15597
Southern Coalition for Social Justice
1415 W. Highway 54, Suite 101
Durham, NC 27707
Telephone: (919) 323-3380
Facsimile: (919) 323-3942
Email: Anita@southerncoalition.org
*Counsel for Plaintiffs*