**RALEIGH WAKE CITIZENS ASSOCIATION, ET AL. vs. BAREFOOT, ET AL.**
**Hearing  on 08/02/2016**

```
 1              IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF NORTH CAROLINA
 2                      WESTERN DIVISION

 3   RALEIGH WAKE CITIZENS
     ASSOCIATION, et al.,
 4
             Plaintiffs,
 5
     vs.                                 No. 5:15-CV-156-D
 6
     BAREFOOT, et al.,
 7
             Defendant.
 8   _____/

 9   CALLA WRIGHT, et al.

10           Plaintiffs,

11   vs.                                 No. 5:15-CV-607-D

12   STATE OF NORTH CAROLINA,
     et al.,
13
             Defendant.
14   _____/

15

16         PROCEEDINGS BEFORE THE HONORABLE
                  JAMES C. DEVER, III
17       CHIEF UNITED STATES DISTRICT COURT JUDGE

18

                  Tuesday, August 2, 2016
19                4:00 p.m. - 5:10 p.m.

20              United States District Court
        For the Eastern District of North Carolina
21              310 New Bern Avenue
             Seventh Floor, Courtroom One
22             Raleigh, North Carolina

23

24
                Stenographically Reported By:
25              Denise Y. Meek, Court Reporter
```

www.huseby.com          Huseby, Inc.  Regional Centers          800-333-2082
Charlotte ~ Atlanta ~ Washington, DC ~ New York ~ Houston ~ San Francisco
Case 5:15-cv-00156-D   Document 101-7   Filed 08/08/16   Page 1 of 85

```
 1                      APPEARANCES

 2   FOR THE PLAINTIFFS:

 3        ANITA EARLS, ESQ.
          ALLISON RIGGS, ESQ.
 4        Southern Coalition for Social Justice
          1415 West Highway 54, Suite 101
 5        Durham, NC  27707
          919-323-3380
 6        anita@southerncoalition.org
          allison@southerncoalition.org
 7
     FOR THE DEFENDANT:
 8
          CHARLES F. MARSHALL, III, ESQ.
 9        JESSICA THALLER-MORAN, ESQ.
          Brooks Pierce McLendon Humphrey & Leonard, LLP
10        150 Fayetteville Street
          1600 Wells Fargo Capitol Center
11        Raleigh, NC  27601
          919-839-0300
12        cmarshall@brookspierce.com
          jthaller-moran@brookspierce.com
13
     FOR THE NORTH CAROLINA STATE BOARD OF ELECTIONS:
14
          JAMES BERNIER, JR., ESQ.
15        Assistant Attorney General
          North Carolina Department of Justice
16        114 West Edenton Street
          Raleigh, NC  27603
17        919-716-6523
          jbernier@ncdoj.gov
18
          JOSH LAWSON, ESQ.
19        General Counsel
          North Carolina State Board of Elections
20        441 North Harrington Street
          Raleigh, NC  27603
21        919-733-7173
          joshua.lawson@ncsbe.gov
22

23

24

25
```

Case 5:15-cv-00156-D  Document 101-7  Filed 08/08/16  Page 2 of 85

```
 1                    APPEARANCES CONTINUED

 2  FOR THE LEGISLATIVE LEADERS:

 3       THOMAS A. FARR, ESQ.
         PHILLIP J. STRACH, ESQ.
 4       Ogletree Deakins Nash Smoak & Stewart, PC
         4208 Six Forks Road, Suite 1100
 5       Raleigh, NC  27609
         919-787-9700
 6       thomas.farr@ogletreedeakins.com
         phil.strach@ogletreedeakins.com
 7
         BART GOODSON, ESQ.
 8       General Counsel
         Office of the Speaker of the
 9       North Carolina House of Representatives

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

Case 5:15-cv-00156-D  Document 101-7  Filed 08/08/16  Page 3 of 85

```
 1                   -  -  -
 2        THE BAILIFF:  All rise.
 3        Court is now back in session, the Honorable
 4   Chief Judge James C. Dever, III presiding.
 5        Please be seated and come to order.
 6        THE COURT:  Good afternoon.  Welcome to the
 7   United States District Court For the Eastern
 8   District of North Carolina.
 9        We're here for a status conference in the
10   Raleigh Wake Citizens Association vs. Barefoot.
11   It's a consolidated case.
12        The mandate, actually, has not yet issued
13   from the Fourth Circuit.  It has been seven days
14   under the rules.  The mandate is something that
15   is necessary for this Court to have jurisdiction
16   in the ordinary course.  It's my understanding
17   that the mandate will issue first thing in the
18   morning, but since we're all here, we should go
19   ahead and discuss remedial issues in connection
20   with this case while recognizing that I don't
21   have jurisdiction until and unless the mandate
22   issues.
23        I do thank counsel for plaintiffs and counsel
24   for the defendant Wake County Board of Elections
25   for the submissions they made in connection with
```

www.huseby.com          Huseby, Inc.  Regional Centers          800-333-2082
Charlotte ~ Atlanta ~ Washington, DC ~ New York ~ Houston ~ San Francisco
Case 5:15-cv-00156-D  Document 101-7  Filed 08/08/16  Page 4 of 85

1   my order of July 8th, the submissions of July

2   18th, and then another order on July 27th, and I

3   received a submission this afternoon from

4   plaintiffs.  I have had a chance to review all of

5   those.

6        And the submission, Mr. Marshall, that y'all

7   made --

8        Well, before we do that, I'd like to note:

9   Who represents the Board of Elections?

10       MR. BERNIER:  Good afternoon, Your Honor.

11  James Bernier from the Attorney General's Office

12  here on behalf of the State Board of Elections.

13       THE COURT:  Okay.

14       MR. LAWSON:  Josh Lawson, general counsel for

15  the State Board.

16       THE COURT:  Thank you.

17       And then we have counsel for the Legislative

18  Leaders here?

19       MR. FARR:  Good morning, Your Honor.  Tom

20  Farr and Phil Strach from Ogletree Deakins.

21  We're here representing the Legislative Leaders.

22  Also, Bart Goodson, who is the general counsel

23  for the Speaker.  And we're hoping that one of

24  the lawyers from the Senate, Brent Woodcox, will

25  be here shortly.

www.huseby.com          Huseby, Inc.  Regional Centers          800-333-2082
Charlotte ~ Atlanta ~ Washington, DC ~ New York ~ Houston ~ San Francisco
Case 5:15-cv-00156-D   Document 101-7   Filed 08/08/16   Page 5 of 85

1          Thank you, Your Honor.

2          THE COURT:  Good to see y'all.

3          And, of course, I know Ms. Earls and

4   Ms. Riggs and Mr. Marshall and Ms. Thaller-Moran.

5          The submission that was made by the Wake

6   County Board of Elections sets forth a variety of

7   deadlines that need to be met at Docket Entry 83.

8   And then there's an affidavit or a declaration

9   from Mr. Sims under 82-1 and a whole host of

10  dates under 83-2 of the submission there.

11         Mr. Marshall, did you want to add anything to

12  those dates or deadlines?

13         MR. MARSHALL:  Your Honor, I don't think so

14  other than due to a Fourth Circuit ruling a few

15  days ago on the Voter ID Act, my understanding is

16  that may push the early voting dates back another

17  seven days.

18         THE COURT:  Okay.  And is that something that

19  the State Board is reviewing?  Is that your

20  understanding?

21         MR. BERNIER:  Your Honor, it's my

22  understanding that is correct.

23         MR. MARSHALL:  Other than that, Your Honor, I

24  believe we're okay on the submissions filed.

25         THE COURT:  And those submissions work off of

Case 5:15-cv-00156-D   Document 101-7   Filed 08/08/16   Page 6 of 85

1    the idea that whatever plan or plans to be

2    implemented, that you needed those, your client

3    needed those by August 10th?

4          MR. MARSHALL:  That's right, Your Honor.

5          THE COURT:  And how much if any give is there

6    in that date?  Is that a hard date?

7          MR. MARSHALL:  Well, Your Honor, I think it

8    depends on where we're backing up from, and I'll

9    give you an example.

10         The current date to mail absentee ballots is

11   September the 9th.  And in order to have the

12   absentee ballots printed and ready to mail, the

13   Wake County Board of Elections generally starts

14   that process immediately after the deadline for a

15   petition for a write-in candidate expires, which

16   is August 10th.

17         So historically they have used that 30-day

18   period between August 10th and September 9th to

19   test and prepare the ballots and get

20   certifications or approvals from the State Board

21   of Board of Elections.

22         Mr. Sims is here, and if it's helpful to the

23   Court at some point, I'm happy to tender him as a

24   witness to answer questions.  I believe that

25   there may be a little bit of give in that 30-day

www.huseby.com          Huseby, Inc.  Regional Centers          800-333-2082
Charlotte ~ Atlanta ~ Washington, DC ~ New York ~ Houston ~ San Francisco
Case 5:15-cv-00156-D  Document 101-7  Filed 08/08/16  Page 7 of 85

1   period, but my understanding is they've never had

2   to operate with less than 30 days, so I don't

3   know that historically we have a lot of

4   benchmarks and data points to be able to say

5   whether they could do it in, say, 25 versus 20

6   versus 15.

7        It is my understanding as well, Your Honor,

8   and I think I mentioned this at the beginning of

9   our submission that, and this may be a question

10  for the State Board, but many of these deadlines

11  are able to be modified, obviously, in response

12  to a court order and sometimes at the discretion

13  of the State Board.  Were any of those deadlines

14  to be modified, clearly that would change the

15  schedule we've presented, but unless and until

16  those modifications occurred, we didn't want to

17  speculate.

18       THE COURT:  So that would be modifications

19  under NC Gen Stat 163-22.2?

20       MR. MARSHALL:  That's right, Your Honor.

21       So, again, tagging the August 10th date off

22  of September 9th, if the September 9th deadline

23  was modified, then, obviously, that may allow the

24  August 10th date to be modified, and things may

25  move as a block, but I thought given the current

www.huseby.com        Huseby, Inc.  Regional Centers        800-333-2082
Charlotte ~ Atlanta ~ Washington, DC ~ New York ~ Houston ~ San Francisco
Case 5:15-cv-00156-D  Document 101-7  Filed 08/08/16  Page 8 of 85

1  deadlines that are in place that have not been

2  modified, I wanted to let the Court know what the

3  County Board's historical practice would have

4  been.

5       THE COURT:  All right.  Anything else?

6       MR. MARSHALL:  That's it.

7       THE COURT:  Okay.  I will hear now from

8  Ms. Earls on behalf of the plaintiffs.

9       And, again, I thank you for your submissions.

10  And, obviously, the -- well, did you have any

11  preliminary remarks?

12       MS. EARLS:  Yes.  Thank you very much, Your

13  Honor.  We appreciate your time this afternoon

14  and your attention to this matter.

15       Just to be clear, I want to make sure

16  something I heard a minute ago is correct.  The

17  August 10th date is the date by which the County

18  Board of Elections would need to know the names

19  that are going to be on the ballot and whether or

20  not there would be a write-in.  So they would

21  need to have a filing period that closes that

22  date, and they would need to know what the

23  districts are at some number of dates -- at

24  least, I think five days before that date -- to

25  stay -- without any other alteration of the

www.huseby.com        Huseby, Inc.  Regional Centers        800-333-2082
Charlotte ~ Atlanta ~ Washington, DC ~ New York ~ Houston ~ San Francisco
Case 5:15-cv-00156-D   Document 101-7   Filed 08/08/16   Page 9 of 85

1   deadlines.  So I just wanted to make -- I wasn't

2   sure that I heard that come out that way.

3       THE COURT:  Mr. Marshall, do you want to --

4       MR. MARSHALL:  Yes, Your Honor, and I

5   apologize.  Most of that was in my submission

6   about what has to happen before certain dates.

7   But it is true that the August 10th date would

8   require, if there are new districts, it requires

9   a new filing period to open and close before that

10  August 10th date or whatever the date is by which

11  the write-in deadline occurs.

12      THE COURT:  And that date, absent either an

13  order from this court or some change in that date

14  under 163-22.2 would be what date?

15      MR. MARSHALL:  August the 10th.

16      THE COURT:  Okay.

17      MR. MARSHALL:  So as we sit here today, Your

18  Honor, there would have to be a filing period

19  that would open and close before that date, which

20  would also require the County Board to have

21  received new maps and then coded the new maps,

22  and then have a notice of filing period and a

23  filing period.

24      THE COURT:  So if you get the maps on the

25  10th, do you need them before the 10th?

Case 5:15-cv-00156-D  Document 101-7  Filed 08/08/16  Page 10 of 85

1        MR. MARSHALL:  Well before the 10th.

2        And Ms. Earls made a good point.  The way to

3    think about it is the write-in petition deadline

4    is the deadline by which the names of all of the

5    candidates on the ballot will be filed.  And so

6    in order to have the names on the ballot, we have

7    to know who the candidates are; in order to know

8    who the candidates are, we have to know who is

9    filed to run in the districts; in order to know

10   who is filed to run in the districts, we have to

11   know what the districts are; in order to know

12   what the districts are, we would need the map.

13       THE COURT:  Have those dates all passed?  I

14   mean, if it's not -- if it's some -- you said

15   it's some date before August 10th.  What date

16   before August 10th?

17       MR. MARSHALL:  Well, there isn't a set

18   deadline by which -- well, the filing period has

19   already opened and closed, obviously.

20       THE COURT:  Right.  Right.

21       MR. MARSHALL:  So you would have to -- you

22   would have to open a new -- we would have the

23   authority to open a new filing period, and that

24   would have to occur before August 10th.  And in

25   order, operationally, in order to have a filing

Case 5:15-cv-00156-D  Document 101-7  Filed 08/08/16  Page 11 of 85

1   period, we would have to have new maps, and then

2   Mr. Sims would have to code those maps, which is

3   not a long process, but it's -- the order of

4   events would be receive the new map, code the new

5   map, open and close the filing period, and under

6   the current deadlines that would be August 10th.

7        THE COURT:  So just looking at the submission

8   at Docket Entry 83-2 on page two which is

9   attached to Mr. Sims' declaration, just so that I

10  have that understanding, this deadline for

11  verified write-in candidacy petition deadline

12  under 163-123 arises from that statute.

13       MR. MARSHALL:  That's right.

14       THE COURT:  Okay.  And so the State Board

15  would have the authority under 163-22.2 to change

16  that date.

17       MR. MARSHALL:  Yes, that's my understanding;

18  they have the authority.

19       And I should have mentioned earlier, Your

20  Honor, I note that some of your last order was

21  questions directed towards the State Board and

22  the Legislative Leaders, and I'm happy to deal

23  with it at any time, but I certainly don't want

24  to be speaking for them.  I might ask Mr. Lawson

25  to weigh in and make sure I haven't misspoken

www.huseby.com            Huseby, Inc. Regional Centers            800-333-2082
Charlotte ~ Atlanta ~ Washington, DC ~ New York ~ Houston ~ San Francisco
Case 5:15-cv-00156-D  Document 101-7  Filed 08/08/16  Page 12 of 85

1   about their authority to change that date.

2       MR. LAWSON:  So under 22, just 22, not point

3   two, subdivision K, we have the authority to push

4   back the absentee period up until, federal law

5   kicks in at 45 days, but it's 60 days.  So if

6   there was a nudge in the calendar, it would be to

7   the absentee, most likely not to the write-in.

8   The write-in would require the 22.2 invocation,

9   versus the absentee, which could be done under

10  20, sub A.

11      THE COURT:  All right.  Ms. Earls?

12      MS. EARLS:  Thank you, Your Honor.

13      I would like to address three points.  First,

14  this threshold question of what the scope of this

15  Court's remedial power is in this context, which

16  we've raised in our papers and I'd like to

17  address; secondly, I would like to talk about who

18  is appropriate at this point in time to address

19  those issues; and then, thirdly, to provide you

20  plaintiffs' understanding and interpretation of

21  what the deadlines that are currently operating,

22  what they mean in terms of this case.

23      So first on the question of what the scope of

24  the Court's remedial powers are, I suggest to you

25  first that we look to what the Fourth Circuit has

www.huseby.com          Huseby, Inc.  Regional Centers          800-333-2082
Charlotte ~ Atlanta ~ Washington, DC ~ New York ~ Houston ~ San Francisco
Case 5:15-cv-00156-D  Document 101-7  Filed 08/08/16  Page 13 of 85

1   said in this case about what might happen on

2   remand.  And the first time they addressed that

3   question is when the Wright vs. North Carolina

4   case was appealed, and the question was whether

5   or not defendants, other than the Wake County

6   Board of Elections, could be sued in this matter,

7   and plaintiffs argued at that point in time that

8   the legislature needed to be a party in the case

9   in order to implement a remedy if plaintiffs were

10  successful.  And the Fourth Circuit said -- and

11  I'm just going to read from the opinion.  This is

12  at pages 262 to 263:  "Plaintiffs counter that if

13  the proposed defendants are not party to their

14  suit, there will be no mechanism for forcing a

15  constitutionally valid election should they

16  succeed in enjoining the Session Law.  This

17  assertion is, however, incorrect."  That's the

18  Fourth Circuit; we were incorrect.  "The District

19  Court could, for example, mandate that the Board

20  of Elections conduct the next election according

21  to the scheme in place prior to the Session Law's

22  enactment until a new and valid redistricting

23  plan is implemented.  State law also provides,

24  for example, that the State Board of Elections

25  can make reasonable interim rules with respect to

www.huseby.com          Huseby, Inc.  Regional Centers          800-333-2082
Charlotte ~ Atlanta ~ Washington, DC ~ New York ~ Houston ~ San Francisco
Case 5:15-cv-00156-D  Document 101-7  Filed 08/08/16  Page 14 of 85

1  pending elections."  And then they cite the

2  statute we've been talking about.  "Without

3  question, then, a valid election could take place

4  if the plaintiffs succeed on the merits and

5  successfully enjoin the Session Law."

6      So if initially --

7      THE COURT:  But your submission says that it

8  has to be a remedy and that the Court, at least

9  that's the way I read it, and it's interesting,

10 that you said that the Court has no authority to

11 do anything other than that.

12     MS. EARLS:  Well, in these circumstances, the

13 Court has no authority to do anything other than

14 enjoin the statutes that have been found to be --

15     THE COURT:  I understand -- I understand the

16 injunction is different than what the remedy is.

17 I read, and maybe I misread your papers, and I'd

18 like you to tell me, I thought you cited the

19 Cleveland County case today for -- the two cases

20 that I thought y'all cited for the proposition

21 that this Court lacks authority to do anything

22 other than implement the old plans were the

23 Dillard County and the Cleveland County case.

24     MS. EARLS:  Yes, Your Honor, I believe that

25 is the implication and the force of the Cleveland

Case 5:15-cv-00156-D  Document 101-7  Filed 08/08/16  Page 15 of 85

1    County case.  And the reason is, and what makes

2    this case so different from so many other

3    one-person-one-vote cases and other redistricting

4    cases is that here we have a constitutionally

5    valid set of districts for both the County

6    Commission and the School Board that have already

7    been enacted and already been used.

8         In most cases where a one-person-one-vote

9    claim is brought, and this is the Larios vs. Cox

10   instance, the claim is being brought against a

11   plan that was drawn immediately after the Census.

12   So the previous plan in place in the prior decade

13   is no longer constitutional under one-person-one-

14   vote grounds, the new plan was not constitutional

15   under one-person-one-vote grounds, so there was

16   essentially no plan that was constitutional that

17   could be used.

18        In those circumstances, the Court's

19   obligation is to give the jurisdiction the first

20   opportunity to redraw; and if they are unable to

21   do so, then the Court's remedial authority to

22   either appoint a special master, as many courts

23   do, but their authority to implement the

24   Court-ordered plan kicks in.

25        THE COURT:  See, but that's where you're then

www.huseby.com          Huseby, Inc.  Regional Centers          800-333-2082
Charlotte ~ Atlanta ~ Washington, DC ~ New York ~ Houston ~ San Francisco
Case 5:15-cv-00156-D  Document 101-7  Filed 08/08/16  Page 16 of 85

1  reading Cleveland County to say that I have no

2  authority to do anything.  Cleveland County is

3  really a case about the authority of Cleveland

4  County.  Right?  It was -- the ultimate holding

5  in that case from the DC Circuit was that there

6  was no Voting Rights Act violation.

7        MS. EARLS:  Right.

8        THE COURT:  It was a consent decree with no

9  violation, and the County Commission lacked

10  authority under state law to effectuate the

11  remedy that was in the consent decree, but you

12  read that as a limit on the power and discretion

13  of the United States District Court.

14        MS. EARLS:  Correct, Your Honor, because what

15  was reversed, what was essentially summary

16  judgment granted was that the District Court's

17  order implementing that consent decree was

18  without force and power.  And it contrasted that

19  to the Moore vs. Beaufort County case, again, a

20  consent decree, a limited voting method of

21  election not authorized under state law.  The

22  difference there in the Moore County case where

23  the Court enforced the consent decree was that

24  the parties had stipulated that there was a

25  violation of the Voting Rights Act.

Case 5:15-cv-00156-D  Document 101-7  Filed 08/08/16  Page 17 of 85

1      THE COURT:  Right, but isn't that a key legal

2   difference, though, that where the Fourth Circuit

3   has found a violation to then say that

4   notwithstanding a constitutional violation, that

5   a District -- that a United States District Court

6   has no power, other to do this one thing?  That

7   just -- it just -- it strikes me as odd.

8      MS. EARLS:  Well, because, Your Honor, in

9   this circumstance we have an existing plan that's

10   been put in place pursuant to state law.

11      THE COURT:  Right, but there's a difference

12   between perhaps it could be a remedy and saying

13   it has to be the remedy as a matter of law.

14      Like the Dillard case that y'all cited, also,

15   that case is a case where a District Court found

16   a violation, enjoined an electoral scheme in

17   Alabama, created I think a seven-member County

18   Commission instead of four-member County

19   Commission, who had the authority to create seven

20   single-member districts, ultimately reversed

21   itself, dissolved the injunction and then said,

22   "Now that I've dissolved this federal injunction,

23   the law that was in effect becomes enforceable

24   again."  Right?  And so that also doesn't seem to

25   be analogous, and so I wanted to hear what your

www.huseby.com          Huseby, Inc.  Regional Centers          800-333-2082
Charlotte ~ Atlanta ~ Washington, DC ~ New York ~ Houston ~ San Francisco
Case 5:15-cv-00156-D  Document 101-7  Filed 08/08/16  Page 18 of 85

1    take on that was.

2        MS. EARLS:  So our position, Your Honor, is

3    that if there was something unconstitutional

4    about the 2011 plans, and the jurisdiction could

5    not remedy the situation, then this Court's

6    remedial powers would kick in.  And that's clear

7    from the Supreme Court cases.  The Court

8    implementing a map is a last resort.

9        Here we have a fully constitutional election

10   scheme for both these bodies, and that's the

11   scheme that you would have to find is

12   unconstitutional in order for there to be a

13   situation where there is no plan in place enacted

14   legally under state law that can be used.

15       THE COURT:  But isn't it different if in

16   essence those -- it's different if they have been

17   supplanted by legislation, right?  You don't

18   think that that matters?

19       MS. EARLS:  Well, I think that there a number

20   of cases in the Section 5 context which is very

21   analogous where the Court says --

22       THE COURT:  But is it really?  I mean, is it

23   that analogous?  Because Section -- under the

24   days of Section 5, until you got free clearance,

25   it wasn't enforceable.

www.huseby.com          Huseby, Inc.  Regional Centers          800-333-2082
Charlotte ~ Atlanta ~ Washington, DC ~ New York ~ Houston ~ San Francisco
Case 5:15-cv-00156-D  Document 101-7  Filed 08/08/16  Page 19 of 85

1        MS. EARLS:  Right.

2        THE COURT:  Right?  And so the other plan was

3    always the law and never stopped being the law as

4    opposed to a legislature enacting new legislation

5    and repealing old legislation.

6        I mean, I understand the argument, but I was

7    just trying to understand the proposition, not

8    that the Court has the discretion to adopt that

9    as a remedy, but the notion that as a matter of

10   law under either Cleveland County or Dillard,

11   those are the two cases that you seem to cite

12   that that's mandated.

13       MS. EARLS:  And our position, Your Honor, is

14   that this Court's authority to order a remedial

15   plan only kicks in if there isn't an existing

16   plan that's been duly put in place consistent

17   with state law and is constitutional.  In that

18   last resort, then the Court's power kicks in.

19       But here we have a plan that can be used and

20   has been used.  And the Section 5, there are

21   several Section 5 cases.  Riley vs. Kennedy is

22   one that we did not cite in the supplemental

23   filing, but Riley vs. Kennedy is a US Supreme

24   Court case from 2008, where the jurisdiction had

25   started implementing the change even though it

Case 5:15-cv-00156-D  Document 101-7  Filed 08/08/16  Page 20 of 85

1  had not been precleared, and the Court said that

2  it's not effective because it hadn't -- it was

3  not constitutional.

4        But I think --

5        THE COURT:  But it was not precleared.

6        MS. EARLS:  It had not -- it was not -- it

7  did not comply with federal law, and federal law

8  is superior.  But the general proposition is that

9  the Court only --

10        And then another case that we do cite is

11  McGhee vs. Granville County, which is another

12  example of, there was a violation found, there

13  was no legal and constitutional plan or system to

14  go back to, but in McGhee vs. Granville County, a

15  Fourth Circuit case, the District Court

16  implemented the plaintiff's proposed remedy over

17  what the jurisdiction had proposed because in the

18  Court's view it was a more complete remedy, and

19  the Fourth Circuit said that the Court doesn't

20  have that discretion.  If the jurisdictions put

21  forward a constitutional, legal plan, then unless

22  the Court finds something infirm about that, it's

23  the one that needs to be used.

24        And so my position is that in these

25  circumstances, where we have a constitutional

www.huseby.com                Huseby, Inc.  Regional Centers                800-333-2082
Charlotte ~ Atlanta ~ Washington, DC ~ New York ~ Houston ~ San Francisco
Case 5:15-cv-00156-D  Document 101-7  Filed 08/08/16  Page 21 of 85

1  plan in place for both of these bodies, the Court

2  doesn't have, in essence, the option to reject

3  those, that it has to go back to the plans that

4  have been in place that were passed pursuant to

5  state law.  Until the General Assembly acts, or

6  in the case of the County Commission, which has

7  under state law the authority by referendum to

8  change its method of election, the County

9  Commission could enact a change.

10       And that's the significance of the language

11  in the Cleveland County case.  The DC Circuit

12  says North Carolina state law is very specific

13  about how you have to go about changing your

14  method of election.  And if you don't have a

15  violation of the existing system, there's no

16  power or authority of a federal court to come in

17  and order something different.  So that's our

18  position there.

19       And I think, as I started to say, not only is

20  the Fourth Circuit's opinion in Wright

21  instructive here, because it very clearly

22  suggests that that's what should happen here.

23  But the most recent opinion where the Court

24  concludes its opinion in the slip opinion at page

25  star 45:  "We remand with instructions to enter

Case 5:15-cv-00156-D  Document 101-7  Filed 08/08/16  Page 22 of 85

1   immediately judgment for plaintiffs granting both

2   declaratory relief and a permanent injunction as

3   to the one-person-one-vote claims."  The Court

4   didn't say, "We remand for consideration

5   consistent with this opinion, we remand for

6   consideration of whether or not there's time to

7   implement a remedy," it clearly said --

8        THE COURT:  But you would also agree that

9   nowhere it says, "We remand and instruct that the

10  plans in effect in 2011 we could use."  I mean,

11  had it said that, had it said that in plain

12  language, then y'all wouldn't have to be here.

13       MS. EARLS:  Well, except, Your Honor, I think

14  they already said it.  I think they said that in

15  2015 in the first opinion in this case where they

16  said the District Court could mandate --

17       THE COURT:  But they also then

18  cross-referenced the order, the state order under

19  163-22.2, in that passage you read.

20       MS. EARLS:  Right, to make the administrative

21  changes that are necessary to implement -- to go

22  back to the prior system.  Because to be sure,

23  there are a couple of administrative changes,

24  particularly with regard to the Board of

25  Education.  And I think it is important to

www.huseby.com          Huseby, Inc.  Regional Centers          800-333-2082
Charlotte ~ Atlanta ~ Washington, DC ~ New York ~ Houston ~ San Francisco
Case 5:15-cv-00156-D  Document 101-7  Filed 08/08/16  Page 23 of 85

1    consider the two bodies separately because the

2    County Commission elections are at a different

3    stage and a different status than the Board of

4    Education elections.  But there are

5    administrative changes that need -- we're not in

6    a situation to simply proceed exactly as state

7    law currently provides.

8         So let me -- and the final thing I'll say is

9    that the Perez vs. Perry case of the US Supreme

10   Court also stands for this proposition.  The

11   Supreme Court in 2012 said:  "Redistricting is

12   'primarily the duty and responsibility of the

13   State.'  The failure of a State's newly enacted

14   plan to gain preclearance prior to an upcoming

15   election does not, by itself, require a court to

16   take up the State legislature's task.  That is

17   because, in most circumstances, the State's last

18   enacted plan simply remains in effect until the

19   new plan receives clearance."

20        THE COURT:  Right.  I guess that runs into

21   that whole issue of is, is even under what you

22   propose, under the -- when we talk about a last

23   enacted plan and scheme, there were odd-year

24   elections in the School Board.

25        MS. EARLS:  Right.

www.huseby.com          Huseby, Inc.  Regional Centers          800-333-2082
Charlotte ~ Atlanta ~ Washington, DC ~ New York ~ Houston ~ San Francisco
Case 5:15-cv-00156-D  Document 101-7  Filed 08/08/16  Page 24 of 85

1      THE COURT:  We have nine seats that are going

2   to expire.  They're going to be out of office on

3   December 5, 2016.  Right?  The nine School Board

4   members?

5      MS. EARLS:  Well, under the new statute.  And

6   that's where our arguments about staggerability I

7   think are also relevant.

8      THE COURT:  But, again, even under your

9   theory, you want to nix -- you don't want to

10  really go all the way back and have odd-year

11  elections and, what, have the Court order that

12  the current School Board just stay in place

13  unelected and then be elected in odd years and

14  then...

15     MS. EARLS:  No, no, Your Honor, what we've

16  said in our papers is that with regard to the

17  School Board elections, the most -- the most

18  efficacious way to return to the prior system is

19  to have the five districts that were elected in

20  2011 elected for three-year terms in 2016.  And

21  then next year in 2017, the four districts that

22  were elected in 2013 will again be up for

23  election as they would have been under the old

24  system.  And then you will have it staggered,

25  you'll have a nine-member board, staggered terms,

www.huseby.com          Huseby, Inc.  Regional Centers          800-333-2082
Charlotte ~ Atlanta ~ Washington, DC ~ New York ~ Houston ~ San Francisco
Case 5:15-cv-00156-D  Document 101-7  Filed 08/08/16  Page 25 of 85

1   elected in odd years.

2       THE COURT:  But that would then require this

3   Court to order that they be, assuming if they

4   want to, to stay in place for another year,

5   right, for those four?

6       MS. EARLS:  No.  Well, not if we are in the

7   old system.  The only thing that that requires is

8   the State Board to administratively say we will

9   have -- in essence, we're having a delayed

10  election that should have happened in 2015; we

11  are now having it in November 2016, and that it

12  would be three-year terms instead of a four-year

13  term.  And that's the administrative adjustment

14  that would return us back to the old system for

15  the School Board.

16      THE COURT:  Okay.  Anything else?

17      MS. EARLS:  Yes.  I want to just preserve for

18  the record the plaintiffs' position that the

19  legislative defendants have not -- they filed a

20  motion to intervene with the Court of Appeals

21  which hasn't been ruled on.  Plaintiffs filed a

22  motion, or filed a response opposing that motion,

23  and we continue to take the position that it's

24  not appropriate for them to intervene in this

25  matter.  And so we don't want to -- we want to

Case 5:15-cv-00156-D  Document 101-7  Filed 08/08/16  Page 26 of 85

1    preserve our continuing objection to their

2    addressing anything substantively.

3         We did not file anything seeking to strike

4    what they filed in response to the order because

5    it seemed to us to be us akin to a news brief,

6    and that's not inappropriate, but for them to

7    participate today as a party, we don't want to be

8    in any way waiving our objection to them

9    intervening in this case.

10        The final thing I wanted to say is that the

11   deadlines that currently exist with regard to the

12   election schedule for 2016 can be best met by

13   using the existing districts.  The voters have

14   been assigned to those districts in the past.

15   It's the easiest to implement.  The shapefiles

16   are already at the Board of Elections.

17        And the, particularly with the County

18   Commission election system, the only thing

19   that -- enjoining the use of the new system

20   simply means that the primaries for the A and B

21   Districts would be void, and the current

22   elections for the County Commission districts

23   where there were primaries would proceed --

24        THE COURT:  Districts 4, 5 and 6.

25        MS. EARLS:  Correct.

www.huseby.com          Huseby, Inc.  Regional Centers          800-333-2082
Charlotte ~ Atlanta ~ Washington, DC ~ New York ~ Houston ~ San Francisco
Case 5:15-cv-00156-D  Document 101-7  Filed 08/08/16  Page 27 of 85

1          -- would proceed as they are already

2    underway.

3          So that's actually, for the County

4    Commission, it's actually very little that

5    implicates the election schedule.  But for the

6    School Board, for those five districts that we

7    contend should be elected this year, to get that

8    School Board back on the staggered schedule in

9    odd years, those district elections can proceed

10   if a filing period is opened in the next day or

11   two.

12         So not only would I submit to you is, going

13   back to the prior election method, what is

14   required in these circumstances from a pragmatic

15   point of view is also the easiest to implement

16   and the easiest to administer, and the least

17   confusion for voters; they've already been using

18   these districts.  It truly is, for all the

19   parties involved, the best way to proceed in

20   these circumstances.

21         Thank you.

22         THE COURT:  Thank you.

23         MR. BERNIER:  Your Honor, we're here from the

24   State Board.

25         THE COURT:  Y'all can come up to the table,

www.huseby.com          Huseby, Inc. Regional Centers          800-333-2082
Charlotte ~ Atlanta ~ Washington, DC ~ New York ~ Houston ~ San Francisco
Case 5:15-cv-00156-D  Document 101-7  Filed 08/08/16  Page 28 of 85

1    if you'd like.

2         Again, I thank you for the submission that

3    y'all made at Docket Entry 81 in which you

4    describe the State Board accurately as an

5    independent bipartisan board with its remedial

6    authority under 163-22.2, and then as the North

7    Carolina Court of Appeals interpreted it in the

8    Newsome case.

9         Do you have any preliminary remarks?

10        MR. BERNIER:  Your Honor, not anything other

11   than I believe Your Honor already knows.

12        First, I'm general counsel, I'm counsel to

13   the Attorney General's Office.  General counsel

14   for the State Board is also present, along with

15   Executive Director Strach.  They are available to

16   answer any of Your Honor's questions.

17        And, in fact, as to the details and the

18   timing and the schedule, I would defer to

19   Attorney Lawson, who is present here at counsel

20   table to my left.  But just preliminarily, Your

21   Honor, as we said in our submission, that

22   163-22.2, Your Honor, we believe is more of the

23   administrative organizations of the State Board

24   to adjust the scheduling and timing of the

25   processes involved in the election, more so than

www.huseby.com         Huseby, Inc.  Regional Centers         800-333-2082
Charlotte ~ Atlanta ~ Washington, DC ~ New York ~ Houston ~ San Francisco
Case 5:15-cv-00156-D  Document 101-7  Filed 08/08/16  Page 29 of 85

1    the redrawing of district lines.

2        In a prior order Your Honor had asked whether

3    the State Board would be willing to redraw

4    district lines and was -- the State Board is --

5    can't take the position that it is neither

6    willing or unwilling, but for practical purposes

7    at this point in time we can't just because of

8    the lack of the software, the training, the

9    staff, everything that's needed to actually pull

10   together the district lines, to redraw district

11   lines.

12        Your Honor, Attorney Lawson is here to answer

13   any of Your Honor's questions.  The timing, it's

14   my understanding that, as Mr. Marshall said

15   earlier, there is some flexibility as to the

16   deadline of the absentee ballots, which would

17   then impact the deadline for the write-in

18   ballots.  But as to a particular position or a

19   particular remedy, Your Honor, I don't believe

20   the State Board has a particular position on

21   which remedy is a proper one, just that we need

22   it sooner rather than later so we can implement

23   as needed.

24        THE COURT:  All right.  I'll hear from

25   Mr. Lawson.

www.huseby.com          Huseby, Inc.  Regional Centers          800-333-2082
Charlotte ~ Atlanta ~ Washington, DC ~ New York ~ Houston ~ San Francisco
Case 5:15-cv-00156-D  Document 101-7  Filed 08/08/16  Page 30 of 85

1        Mr. Lawson, is it the State Board's position

2    that you do have the authority under 163-22.2 to

3    remedy the constitutional defect?

4        Again, if you look at just the two plans at

5    issue, which, of course, is the same plans.  You

6    have an ideal population in each district of

7    128,713 people, and an ideal population in the

8    two super districts of 450,497 people, and then

9    you have a statute that I think the General

10   Assembly enacted in 1981 that says in the event

11   any state election law or form of election of any

12   County Board of Commissioners or local Board of

13   Education is held unconstitutional by a state or

14   federal court, and such ruling adversely affects

15   the conduct and holding of any pending primary

16   election, the State Board of Elections shall have

17   authority to make reasonable interim rules and

18   regulations with respect to pending primary

19   elections as deemed advisable so long as they do

20   not conflict with any provision of Chapter 163 of

21   the General Statutes.  And such rules and

22   regulations shall become null and void 60 days

23   after convening of the next regular session of

24   the General Assembly.  And then the Court of

25   Appeals interpreted that statute as a remedial

www.huseby.com          Huseby, Inc.  Regional Centers          800-333-2082
Charlotte ~ Atlanta ~ Washington, DC ~ New York ~ Houston ~ San Francisco
Case 5:15-cv-00156-D  Document 101-7  Filed 08/08/16  Page 31 of 85

1   statute in the Newsome case.  So do you think you

2   have the authority to do it?

3        MR. LAWSON:  So following Director Strach's

4   admission to the Court, on the 18th, the State

5   Board had a meeting, which we have transcripts of

6   if Your Honor would like those submitted, the

7   State Board at that time did not take a vote on

8   the particular questions, but at a number of

9   references there was a general meeting of about

10  four members indicating that they think it's best

11  done and left to the legislative side of our

12  government.

13       Secondarily, though, there was the

14  distinction drawn between any type of action

15  taken under 22.2 versus action taken on the

16  request of the Court and through the

17  jurisdiction, it's much broader of your bench-

18  crafted appropriate relief and remedy in this

19  case.

20       So there were kind of two pieces.  One was a

21  historic look at 22.2 and the fact that it had

22  not been used for anything in the scale of

23  redistricting.

24       Secondarily, when used, there is an

25  expiration date that is automatic and built into

www.huseby.com          Huseby, Inc.  Regional Centers          800-333-2082
Charlotte ~ Atlanta ~ Washington, DC ~ New York ~ Houston ~ San Francisco
Case 5:15-cv-00156-D  Document 101-7  Filed 08/08/16  Page 32 of 85

1  the statute such that there was uncertainty in

2  the Board's discussion as to whether that was

3  appropriately seen as a tool for redistricting.

4  Districts, of course, optimally are not temporary

5  in nature.

6      So while we did not take a definitive stand

7  one way or the other on the permissibility of

8  22.2 as a tool, there was a general expression

9  from members of the Board that they wished to do

10 whatever the Court believed they should do, and

11 preference expressed by a couple of them that we

12 act within the Court's remedial jurisdiction

13 rather than 22.2.

14     I would enter, also, Your Honor, that under

15 163-22, sub L, our decisions can be brought into

16 Superior Court in Wake County where they are

17 reviewed on a deferential agency type review.

18 However, final decisions of our agency could

19 transfer jurisdiction if not acting directly

20 under your authority but rather under our general

21 statutory authority.

22     THE COURT:  All right.  Anything else?

23     MR. LAWSON:  Your Honor, our objections to

24 logistics.  We have done some further digging,

25 getting some price points with different vendors

www.huseby.com          Huseby, Inc.  Regional Centers          800-333-2082
Charlotte ~ Atlanta ~ Washington, DC ~ New York ~ Houston ~ San Francisco
Case 5:15-cv-00156-D  Document 101-7  Filed 08/08/16  Page 33 of 85

1    of software that we know are in use in other

2    states.

3         Our GIS specialist is in India until the 22nd

4    and will be back to work on the 23rd.  We only

5    have one GIS specialist, and he would be our

6    point person for any type of software based

7    redistricting.

8         THE COURT:  And that's the person in India?

9    Is that the one person that you have, and that

10   one person is in India?

11        MR. LAWSON:  It's the one that we have

12   in-house, sir.

13        THE COURT:  Oh, okay.

14        MR. LAWSON:  Yes, sir.  This was a leave

15   approved, a yearly visit to his family, it got

16   approved back in April, but he has been there and

17   is still there.

18        But we did some pricing around, and it looks

19   as though we would have to go through state

20   procurement at a competitive bidding process

21   because there are alternative vendors out there

22   that substantially would perform the same

23   functions, unless you were to direct the

24   legislative resources coordinate with us or

25   others, but we would have to leave that to you.

Case 5:15-cv-00156-D  Document 101-7  Filed 08/08/16  Page 34 of 85

 1   This process takes upwards of eight weeks even

 2   when expedited.

 3        The reason that we think that that's

 4   important is because while we don't have

 5   technical skill in-house at present to be able to

 6   perform the redistricting, we also have not had

 7   experience applying traditional redistricting

 8   principles, especially if you throw into it

 9   things like communities of interest and political

10   subdivisions, also are requiring that we adhere

11   as closely as possible to permissible legislative

12   intent that you referenced in your order, I

13   believe the July 5th.

14        MR. BERNIER:  8th.

15        MR. LAWSON:  8th.  Pardon me.

16        THE COURT:  Okay.  Anything else?

17        MR. LAWSON:  No, sir.

18        THE COURT:  Okay.  Thank you.

19        Mr. Farr, if you would just come up.

20        Again, I've reviewed all of the submissions,

21   the submissions that y'all made at Docket Entry

22   84.  Would like to make any remarks?

23        Or Mr. Strach?

24        MR. FARR:  Thank you very much, Your Honor.

25   I have a few comments; although, I'll try not to

www.huseby.com          Huseby, Inc. Regional Centers          800-333-2082
Charlotte ~ Atlanta ~ Washington, DC ~ New York ~ Houston ~ San Francisco
Case 5:15-cv-00156-D  Document 101-7  Filed 08/08/16  Page 35 of 85

1   repeat what we've filed with the Court.

2        First of all, Your Honor, I want to clarify

3   that the legislature was never a party in any of

4   these cases.  The legislature and the Legislative

5   Leaders were not defendants in the first case,

6   which I think was the School Board case.  The

7   legislature or the Legislative Leaders were not

8   represented in that case.

9        It's my understanding that plaintiffs did

10  make the Legislative Leaders as a defendant in

11  the second case, the Commissioners case, and that

12  the plaintiffs took a voluntary dismissal of the

13  legislators in that case after the Fourth Circuit

14  ruling.  So I just want to make sure that

15  everyone understands that the legislature was

16  never a defendant in either one of these cases.

17       Next, Your Honor, we strongly do not believe

18  that the State Board of Elections has the

19  authority to do redistricting plans to remedy

20  violations found by courts.  The Court is very

21  well aware of the myriad number of cases that

22  we've had in North Carolina, and that statute has

23  never been interpreted to give the State Board

24  the authority to draw up redistricting plans in a

25  situation like this.  It's interpreted to give

www.huseby.com            Huseby, Inc.  Regional Centers            800-333-2082
Charlotte ~ Atlanta ~ Washington, DC ~ New York ~ Houston ~ San Francisco
Case 5:15-cv-00156-D  Document 101-7  Filed 08/08/16  Page 36 of 85

1    the State Board the authority to change election

2    schedules.

3         And consistent with that, Your Honor, you've

4    heard the State Board attorney just referenced

5    the fact that they do not have the software

6    that's typically used to draw the plans, they

7    don't have anyone on their staff that's ever

8    drawn plans.  The one person who might be able to

9    learn how to draw plans, I think I heard him say

10   that he is out of the country until August 22nd.

11   So if something is going to happen this year, the

12   plans are not going to be drawn by the State

13   Board of Elections, nor should they be drawn by

14   the State Board of Elections.

15        Your Honor, I don't want to belabor the

16   point, but we have made our statement that we do

17   not think it's proper to go back to the 2013

18   plans because they do not represent the most

19   recent policy decisions made by the legislature.

20        The Legislative Leaders do have an

21   illustrative plan available, Your Honor, which we

22   could file with the Court tomorrow, if the Court

23   would like to see an illustrative plan.  We think

24   that plan remedies the constitutional problems

25   found by the Fourth Circuit, and we'll be happy

Case 5:15-cv-00156-D  Document 101-7  Filed 08/08/16  Page 37 of 85

1   to provide that to you, and all of the

2   information that goes along with that.

3        As far as election schedule, Your Honor, we

4   basically think that given where we are, it's

5   going to be very, very difficult to have

6   elections under a different plan in time for the

7   November general election.  We do defer to the

8   State Board of Elections as having superior

9   expertise on all the nuances that go into

10  scheduling an election, Your Honor.

11       But one thing we want to be very strong

12  about, Your Honor, is that we do not think there

13  should be a new election schedule that reduces

14  the amount of time for voters in Wake County to

15  cast absentee ballots.  We had a discussion or we

16  heard a discussion about that today from some of

17  the counsel.  For example, we don't think that

18  it's fair to the voters of Wake County in a

19  presidential year for them to have some of the

20  time for absentee voting cut back 45 days when

21  everyone else in the state is permitted 60 days

22  to do absentee voting.  So we would be strongly

23  opposed to any election schedule that would do

24  that.

25       THE COURT:  What do you have to say about

Case 5:15-cv-00156-D  Document 101-7  Filed 08/08/16  Page 38 of 85

1   Footnote 13 of the Fourth Circuit's opinion just

2   in terms of this whole issue of debriefing on the

3   mandate rule and whether the circuit has mandated

4   the injunction?

5       MR. FARR:  Well, Your Honor, I think -- I

6   wasn't there at the oral argument, but it does

7   not seem as though anybody briefed or argued the

8   position about what the appropriate remedy would

9   be at this point in time in the election cycle.

10      The footnote I think says that the Fourth

11  Circuit sees no reason why elections should go

12  forward under the plans they found

13  unconstitutional, but this didn't really consider

14  what those reasons may or may not be.

15      And I think in one of your orders, Your

16  Honor, you cited a couple of cases where the

17  Supreme Court has held that on issues like this,

18  it's appropriate for the District Court to be the

19  entity that analyzes what the facts and

20  circumstances are at this point in time in the

21  election cycle and then make a decision based

22  upon your exercise and your discretion on what

23  was appropriate given where we are today.

24      So I do not think you've been -- I don't

25  think the elections under the plans have been

www.huseby.com          Huseby, Inc. Regional Centers          800-333-2082
Charlotte ~ Atlanta ~ Washington, DC ~ New York ~ Houston ~ San Francisco
Case 5:15-cv-00156-D  Document 101-7  Filed 08/08/16  Page 39 of 85

1    declared illegal and have been ruled out.

2    Depending on what the circumstances are, if the

3    Court and the State Board of Elections thinks

4    that we can still get a new plan in time within

5    the filing period and have an appropriate amount

6    of time for absentee voting, we do have an

7    illustrative plan that we could give the Court

8    tomorrow.

9        THE COURT:  And you just -- so the mandate

10   rule cases that the plaintiffs cite, you just

11   don't think that the footnote encompasses a

12   mandate to issue that injunction?  Obviously,

13   that's got to be logically your position, right?

14       MR. FARR:  No, sir, Your Honor, I think if

15   they, if that's what they intended, they would

16   have been more specific about what you could or

17   could not do.  They all said that based upon the

18   record that was in front of them, they saw no

19   reasons why elections should go forward under the

20   plans ruled unconstitutional, but no one

21   explained what the circumstances were.

22       We're at a very, very late time in the

23   election cycle, and I know the Court is very well

24   aware of, for example, the Shaw case where we

25   have a finding by a US Supreme Court that

www.huseby.com          Huseby, Inc.  Regional Centers          800-333-2082
Charlotte ~ Atlanta ~ Washington, DC ~ New York ~ Houston ~ San Francisco
Case 5:15-cv-00156-D  Document 101-7  Filed 08/08/16  Page 40 of 85

1    Congressional District 12 is illegal.  But the

2    mandate came out even earlier, I think, than what

3    we're seeing here, and a three-judge court and

4    this court ruled that it was too late to change

5    things at the end of the July for 1996 election

6    cycle.

7         So I think you have a very hard job, Your

8    Honor, and I think it's one where you have to

9    exercise your discretion in a way that would

10   protect the voting rights of all of those of Wake

11   County.  And if you conclude that there needs to

12   be an election, and if there's enough time, we

13   will have an illustrative plan available for you

14   to review tomorrow should you ask to receive it.

15        THE COURT:  Well, certainly, assuming the

16   mandate issues, and I have jurisdiction, you can

17   file it.  I'll try to get information so that

18   when I finally have jurisdiction I can exercise

19   my discretion.

20        Anything else?

21        MR. FARR:  May we file that tomorrow, Your

22   Honor?

23        THE COURT:  You may.  You may.

24        MR. FARR:  Unless you have further questions,

25   Your Honor, we have nothing else.

www.huseby.com            Huseby, Inc.  Regional Centers            800-333-2082
Charlotte ~ Atlanta ~ Washington, DC ~ New York ~ Houston ~ San Francisco
Case 5:15-cv-00156-D  Document 101-7  Filed 08/08/16  Page 41 of 85

1        THE COURT:  All right.

2        MS. EARLS:  Your Honor, I just have to note

3    for the record, we do object to illustrative maps

4    being filed by entities that aren't parties and

5    with the Legislative Leaders not able to speak

6    for the legislature.  They are just individual

7    legislators.  There may be other legislators who

8    have illustrative maps.  In fact, there were

9    illustrative maps in the record that were

10   presented to the legislature.  And to have a

11   process whereby in 24 hours two legislative

12   leaders who have been invited by the Court to

13   submit something, we will object to that as not a

14   fair process, Your Honor.

15       THE COURT:  That's fine.

16       MS. EARLS:  And I also want to, if I may,

17   respond to the comments that were made regarding

18   the mandate.  As you know, our position is that

19   the mandate is clear.

20       Counsel's reference to the Shaw case is not

21   applicable for at least two reasons.  First of

22   all, that was a congressional district which

23   encompasses numerous counties.  The prospect of

24   what it takes to change district lines across

25   several counties in a congressional district is

www.huseby.com          Huseby, Inc. Regional Centers          800-333-2082
Charlotte ~ Atlanta ~ Washington, DC ~ New York ~ Houston ~ San Francisco
Case 5:15-cv-00156-D  Document 101-7  Filed 08/08/16  Page 42 of 85

1   very different from what it takes

2   administratively to put in place a plan for the

3   Wake County Board of Education.  So that's all

4   we're talking about here is the Board of

5   Education.

6        Secondly, the fact that in that case there

7   was no constitutional plan passed pursuant to

8   state law and fully compliant with federal law

9   available to be used in those circumstances, in

10  the Shaw case, where as here there is.

11       So those are two very important reasons why

12  the fact that -- and it was actually the very end

13  of July of that year the federal court said that

14  there was not time to make a change with regard

15  to a congressional district.  That does not apply

16  to the circumstances you face here today with

17  regard to the Wake County Board of County

18  Commissioners and the School Board.

19       THE COURT:  Tell me again your proposal about

20  how long -- who gets elected to the School Board

21  under your proposal in November?  The Wake County

22  voters only get to vote for five instead of all

23  nine, even though by statute all nine are

24  supposed to be out of office on December 5th?

25       MS. EARLS:  Well, Your Honor, again, you keep

www.huseby.com          Huseby, Inc.  Regional Centers          800-333-2082
Charlotte ~ Atlanta ~ Washington, DC ~ New York ~ Houston ~ San Francisco
Case 5:15-cv-00156-D  Document 101-7  Filed 08/08/16  Page 43 of 85

1   saying by statute.  That statute is

2   unconstitutional.

3        THE COURT:  The redistricting --

4        MS. EARLS:  There is no severability clause

5   in that statute, Your Honor.  The entire statute

6   is unconstitutional.

7        THE COURT:  That goes back to the whole issue

8   of remedial discretion, right?  And in terms of

9   all of those cases that you're familiar with,

10  that we're all familiar with is, is the

11  declaration a declaration the entire statutory

12  scheme, or is it a declaration of the one-person-

13  one-vote violation of the difference in

14  populations?

15       MS. EARLS:  And we laid out the applicable

16  law, which I would say was, and was reaffirmed by

17  the Fourth Circuit's analysis in the NAACP case

18  that they just decided.  That is to say,

19  severability is determined by reference to state

20  law firm.  Under North Carolina law, you look not

21  only to whether or not there's a severability

22  clause but also to whether or not the provision

23  that's being challenged can be and was intended

24  to be implemented on its own.

25       Here we have for better or worse, an election

www.huseby.com          Huseby, Inc.  Regional Centers          800-333-2082
Charlotte ~ Atlanta ~ Washington, DC ~ New York ~ Houston ~ San Francisco
Case 5:15-cv-00156-D  Document 101-7  Filed 08/08/16  Page 44 of 85

1   scheme.  It changed the date of the election, it

2   changed the size of the Board in one instance, it

3   changed the districts.  You can't take the

4   districts out of that and implement the rest of

5   the statute.  That's our contention.

6        THE COURT:  But my question, again, is:  If

7   you were going back in time, then isn't the

8   theory of the plaintiffs that all these elections

9   to the School Board should be in odd years?

10       MS. EARLS:  Correct, Your Honor, but you

11  have -- you have --

12       THE COURT:  Well, that's what I'm trying to

13  understand.  Why is that -- why is that policy

14  preference that's in Session Law 2013-110

15  implemented in a remedy when the theory seems to

16  be that we're going back in time to what was the

17  scheme in 2011, which was odd-year elections.

18       MS. EARLS:  Your Honor, what we are saying is

19  that because the districts are not severable from

20  the rest of the statute, the statute is

21  unconstitutional, it's a violation of my clients'

22  rights to try to implement that statute, so you

23  go back to the last system that was in place.

24       THE COURT:  And that's my question.  If we go

25  back to that system, then, logically, and that's

www.huseby.com        Huseby, Inc.  Regional Centers        800-333-2082
Charlotte ~ Atlanta ~ Washington, DC ~ New York ~ Houston ~ San Francisco
Case 5:15-cv-00156-D  Document 101-7  Filed 08/08/16  Page 45 of 85

1   what I'm trying to understand, you must think

2   that I have some discretion, because, logically,

3   under your position, the people of Wake County

4   don't get to vote for anyone on the School Board

5   this year because historically we've always only

6   voted in odd years, and this isn't an odd year.

7   And so we just basically tell all the -- and we

8   have -- we have a population in Wake County

9   that's larger than the population of six states,

10  and telling the people of Wake County that they

11  don't get to vote for all nine School Board

12  members, I'm really trying to understand why that

13  is.

14       MS. EARLS:  Your Honor, in 2011, five members

15  of the School Board were elected.  They've

16  actually had five-year terms now.

17       THE COURT:  Right, by virtue of that statute.

18       MS. EARLS:  Correct.  So our position is that

19  the most logical way to return to odd-year

20  elections is to, for those people who have

21  already been in office for five years, is to --

22  in essence, there is now a delayed election.  It

23  should have been in 2015 under the old system;

24  it's now 2016.

25       And I think that the remedy in the case that

www.huseby.com          Huseby, Inc.  Regional Centers          800-333-2082
Charlotte ~ Atlanta ~ Washington, DC ~ New York ~ Houston ~ San Francisco
Case 5:15-cv-00156-D  Document 101-7  Filed 08/08/16  Page 46 of 85

1    you cited, Newsome vs. North Carolina State Board
2    of Elections, back in 1992, where the State Board
3    had to make administrative rules for the timing
4    of an election applied here.
5         So, in essence, what the State Board is faced
6    with is for reasons having to do with the
7    litigation schedule and when these laws were
8    found unconstitutional, an election that should
9    have happened in 2015 did not happen.  So when
10   should that election happen?  At the next
11   available election date, and that's 2016.
12        There are four members of the School Board
13   who were elected in 2013.  Typically, under the
14   old scheme, you have four-year terms.  Those four
15   board members can be elected in 2017.  So we're
16   not --
17        THE COURT:  But when they were elected, did
18   those people know that they were being elected
19   for three-year terms?
20        MS. EARLS:  When the School Board elections
21   happened in 2013, I believe that was before this
22   statute was passed; or at least initially, the
23   election process started.
24        But the bottom line is, getting back to the
25   prior system of staggered terms elected in odd

www.huseby.com          Huseby, Inc.  Regional Centers          800-333-2082
Charlotte ~ Atlanta ~ Washington, DC ~ New York ~ Houston ~ San Francisco
Case 5:15-cv-00156-D  Document 101-7  Filed 08/08/16  Page 47 of 85

1  years, those members elected in 2014 or 2013

2  would have four-year terms and be reelected or

3  those seats would be up for election again in

4  2017.

5       THE COURT:  And you're saying that you think

6  that I should use my -- or do you think I have

7  the authority to do that?

8       MS. EARLS:  Your Honor, we've said, again,

9  and I'm sorry, our position, Your Honor, is that

10  your authority is to enjoin the existing statute.

11  Then the State Board of Elections' authority kicks

12  in to make the administrative changes.  Not to

13  draw new maps; to make the administrative changes

14  regarding --

15       THE COURT:  Well, that's what I'm talking

16  about, the administrative change of extending a

17  person in office for a year.

18       MS. EARLS:  But that's already happened.

19  They're not extending anyone's term, Your Honor.

20       THE COURT:  I thought you just said that what

21  you wanted to have happen was to have the people

22  who were elected in 2011, when they were elected,

23  they were elected to a four-year term.  As I

24  understand it, and correct me if I'm wrong, as I

25  understand it, they were elected to a four-year

www.huseby.com          Huseby, Inc.  Regional Centers          800-333-2082
Charlotte ~ Atlanta ~ Washington, DC ~ New York ~ Houston ~ San Francisco
Case 5:15-cv-00156-D  Document 101-7  Filed 08/08/16  Page 48 of 85

1  term, and Session Law 2013-110 extended their

2  office for a year.  I don't think any of them

3  did, but whatever.  The legislature said, "You're

4  now going to be in office until December 5, 2016.

5  That's when your office ends."  And then the

6  people in 2013 who got elected got elected, and

7  you said you don't think that they knew they were

8  being elected to a three-year term.

9      MS. EARLS:  But in any case, Your Honor,

10  we're not suggesting that the State Board of

11  Elections would be extending any terms; to the

12  contrary.  We're saying they can use their

13  administrative authority to schedule the timing

14  of elections and to have those five seats up for

15  election in 2016, the five seats, the five people

16  who were elected in 2011.  That is an

17  administrative change.  The State Board of

18  Elections would not be extending anyone's terms

19  in that regard.

20      THE COURT:  What about the four people who

21  were elected in 2013?

22      MS. EARLS:  Under the prior system the

23  customary term was four years.  So that is not a

24  change for them to then be elected in 2017.

25      THE COURT:  Let me hear what the State Board

www.huseby.com           Huseby, Inc.  Regional Centers           800-333-2082
Charlotte ~ Atlanta ~ Washington, DC ~ New York ~ Houston ~ San Francisco
Case 5:15-cv-00156-D  Document 101-7  Filed 08/08/16  Page 49 of 85

1  has to say about that.  If you have a position on

2  it.  Or if you want to reflect on it, you can

3  also tell me that.

4       MR. LAWSON:  Your Honor, we have not voted on

5  the severability position.  We would note,

6  though, that if the Court was to direct us to use

7  that administrative authority, first, of course,

8  that it still could make its way into Wake County

9  Superior Court effectively transferring

10 jurisdiction.

11      Secondly, in Session Law 2013-110, section 2,

12 there's a specification about a primary versus a

13 runoff election system.  Those types of

14 determinations certainly are not of the type that

15 we would be happy to make.  Ordinarily, under

16 22.2, the pieces of the statute that we like to

17 enforce are not enforced.  So our one request,

18 the one request that was mentioned by our Board

19 at its meeting was that the directive or the

20 order or request, depending on how you frame it,

21 to us be very specific.

22      THE COURT:  And so you want -- the State

23 Board wants the Court to, what, to address that

24 issue and to say whether the Wake County voters

25 get to vote for nine members of the School Board

www.huseby.com          Huseby, Inc.  Regional Centers          800-333-2082
Charlotte ~ Atlanta ~ Washington, DC ~ New York ~ Houston ~ San Francisco
Case 5:15-cv-00156-D  Document 101-7  Filed 08/08/16  Page 50 of 85

1   this November or not?  Or not?  Or do y'all want

2   to make that decision?

3       MR. LAWSON:  It would certainly be

4   unprecedented for us to use 22.2 to try and

5   extend the terms or otherwise to decide the

6   severability of pieces of the plan enacted in

7   2012 versus the one after.

8       If we were called upon to do that, our board

9   has decided that it will try as best it can to

10  comply but recognizes the necessity of also

11  implementing permissive legislative intent.  It

12  is not ordinarily a place that we like to be to

13  the outcome determinative to that extent.

14      THE COURT:  And Ms. Earls, you're just not

15  sure one way or the other whether the people who

16  got elected in 2013 knew they were being elected

17  to a three-year term or not?  You just don't

18  know?  And you can -- you can supplement

19  tomorrow.  I know you're a very careful and

20  thoughtful lawyer and you don't want to guess.

21  You just aren't sure?

22      MS. EARLS:  Your Honor, I'm not entirely

23  certain of the dates of the election and the date

24  of the passage of the statute.  It may be that

25  there's a difference in terms of the filing

www.huseby.com          Huseby, Inc.  Regional Centers          800-333-2082
Charlotte ~ Atlanta ~ Washington, DC ~ New York ~ Houston ~ San Francisco
Case 5:15-cv-00156-D  Document 101-7  Filed 08/08/16  Page 51 of 85

1  periods.  So they have may have filed at a time

2  when it was a four-year term.  I just -- I would

3  really prefer to be able to be clear about the

4  dates and the passage of the dates of the

5  election.

6      THE COURT:  Because, at least, again, the

7  trial exhibit was Exhibit 438, which was the

8  Session Law, and it said that it was "read and

9  ratified this, the 13th day of June, 2013," which

10  would at least suggest that if the elections to

11  the School Board were in October of 2013, then

12  the people who ran knew they were getting elected

13  to three years.  But y'all can check that.

14  That's at least what -- that's -- and, again,

15  that was a joint exhibit that y'all had submitted

16  at the trial, which was just a copy of that

17  legislation.  Which, again -- but you seem to

18  suggest -- it sure seems like more than an

19  administrative thing of the State Board of

20  Elections when you're talking about saying some

21  School Board member who signed up, if they did,

22  for a three-year term, and then all of a sudden

23  saying that the State Board is using its

24  authority to extend them for a year.

25      MS. EARLS:  Well, if it's helpful to the

www.huseby.com          Huseby, Inc.  Regional Centers          800-333-2082
Charlotte ~ Atlanta ~ Washington, DC ~ New York ~ Houston ~ San Francisco
Case 5:15-cv-00156-D  Document 101-7  Filed 08/08/16  Page 52 of 85

1   Court, Your Honor, I recall the testimony of the

2   School Board members who said how disruptive it

3   is to have all nine School Board members up for

4   election at the same time, and that at least from

5   the perspective of the School Board, they prefer

6   staggered terms because of issues of continuity

7   of policy and otherwise.  So I do recall that

8   testimony in the record.

9        THE COURT:  Right.  But there was also a lot

10  of testimony about the general concerns of the

11  voters of Wake County.  So with all due respect

12  to all nine School Board members who all give

13  their very best every day in that capacity, but

14  that's also another issue for the state, in terms

15  of thinking about the voters' interests of having

16  a chance to vote.

17       Anything else from the plaintiffs?  And y'all

18  can, y'all can check, if you would like to make

19  that, check that and make a submission.

20       Again, I appreciate y'all's responses and

21  coming here.  As I said at the outset, because of

22  the mandate rule and because the Fourth Circuit

23  did not issue its mandate forthwith on July 1st,

24  this Court did not have jurisdiction and still

25  doesn't until presumably tomorrow when the

www.huseby.com          Huseby, Inc.  Regional Centers          800-333-2082
Charlotte ~ Atlanta ~ Washington, DC ~ New York ~ Houston ~ San Francisco
Case 5:15-cv-00156-D  Document 101-7  Filed 08/08/16  Page 53 of 85

1   mandate issues.  But also I realize that the

2   election is coming up quickly.

3        So anything else from the plaintiffs?

4        MS. EARLS:  No.  Thank you, Your Honor.

5        THE COURT:  Thank you.

6        Anything else from the County Board?

7        MR. MARSHALL:  Very briefly, Your Honor.

8        Not only do I think it's improper for you to

9   consider the remedy and enter a remedy, I want to

10  thank you for holding this hearing today because

11  I think my client is going to be in a very tough

12  predicament in light of Footnote 13 and the Court

13  of Appeals opinion.  What I was concerned about

14  was without further guidance from the District

15  Court in terms of a remedy, we would be in a

16  position of having to potentially try to make a

17  judgment call about what to do in November, which

18  could very well set the board up for additional

19  litigation from Ms. Earls, potentially from

20  Mr. Farr, in terms of what the appropriate

21  remedy would be based on Footnote 13, Your Honor.

22       THE COURT:  What do you think Footnote 13

23  means?  Now that you're standing up and we're

24  talking about it.  If you care to --

25       MR. MARSHALL:  Well, no, I don't have --

www.huseby.com          Huseby, Inc.  Regional Centers          800-333-2082
Charlotte ~ Atlanta ~ Washington, DC ~ New York ~ Houston ~ San Francisco
Case 5:15-cv-00156-D  Document 101-7  Filed 08/08/16  Page 54 of 85

1    Footnote 13, I think it means what it says.  And
2    I think that Mr. Farr is correct in that I didn't
3    argue remedies before you during the trial, I
4    didn't argue it in the Fourth Circuit, the
5    plaintiffs didn't argue remedy; it's true that
6    that issue never came up.  So the Fourth Circuit
7    certainly did not have anything in the record to
8    address the remedy.  And I think what Footnote 13
9    says is, I think I have to read it for what it
10   says, we do not think that -- and I don't have it
11   in front of me.
12        Tom, do you mind handing it to me, please?
13   It's right there.
14        We see no reason why the November '16
15   election should proceed under the
16   unconstitutional plans we spoke about today.  It
17   doesn't answer the fundamental question we're
18   here today, which is:  So what do we do in
19   November?  Do we have no election in November?
20   Do we have elections on the districts that have
21   been struck down within the District Court's
22   discretion based on factors you may or may not
23   find?  Do we have districts that are drawn by the
24   Court or the State Board if they felt like they
25   had the authority?

Case 5:15-cv-00156-D  Document 101-7  Filed 08/08/16  Page 55 of 85

1        You've heard me say over and over, my client

2   has no position on what the District should or

3   shouldn't be.  They didn't have that before the

4   litigation, they don't have it after the

5   litigation, but they certainly are in dire need

6   of guidance about what they need to do,

7   especially the staff and employees, between today

8   and November 8th, because the last thing they

9   want to do is start coding a map that's going to

10  be challenged by another party, and then we're

11  all back in court again, except now it's

12  September or October, and then they have to

13  un code the map.

14       THE COURT:  So at this point no one at the

15  State Board, I mean the Wake County Board, has

16  coded a map?

17       MR. MARSHALL:  They have coded the map for

18  the districts that were struck down by the Fourth

19  Circuit.

20       THE COURT:  That work was going on like in

21  June or something?

22       MR. MARSHALL:  Right, because if you

23  remember, Your Honor, they had to open and close

24  the filing period in June, which they did.

25       THE COURT:  Right, for the Board of

www.huseby.com          Huseby, Inc.  Regional Centers          800-333-2082
Charlotte ~ Atlanta ~ Washington, DC ~ New York ~ Houston ~ San Francisco
Case 5:15-cv-00156-D  Document 101-7  Filed 08/08/16  Page 56 of 85

1    Education.

2        MR. MARSHALL:  Right.  So those maps were

3    previously coded.  And, obviously, they've

4    historically coded the previous maps as well.

5    But at some point they've got to make a decision

6    moving forward for November 8th about what is and

7    isn't possible.  And the last thing I wanted to

8    have happen was for us to be in September and

9    October and have other parties arguing to us

10   about what the Wake County Board of Elections

11   should or shouldn't be doing with respect to

12   districts and maps absent any further guidance

13   from the Court.

14       So, again, I just want to thank you for

15   calling all the potentially interested parties

16   together to try to get a head start on the

17   remedial phase.

18       And then finally, one other point I didn't

19   make earlier, but we did set it out in our

20   submission.  And because the question of

21   deadlines has come up, the ability to hold a

22   primary for the County Commissioner Districts A

23   and B that had been struck down, if new districts

24   were drawn for A and B, holding a primary in

25   advance of holding a general election on the

www.huseby.com                Huseby, Inc.  Regional Centers              800-333-2082
Charlotte ~ Atlanta ~ Washington, DC ~ New York ~ Houston ~ San Francisco
Case 5:15-cv-00156-D  Document 101-7  Filed 08/08/16  Page 57 of 85

 1  current calendar, we used the word "infeasible"
 2  in our submission, and that is certainly true as
 3  for the deadlines as they're in place.  And I'm
 4  not sure, and I don't want to speak for Mr. Sims,
 5  but it may not be feasible at all.
 6          THE COURT:  Not possible.
 7          MR. MARSHALL:  Correct.
 8          THE COURT:  That's at least how I read it.
 9          MR. MARSHALL:  Right.
10          THE COURT:  I do think y'all used the word
11  "feasible," but looking at all the dates in
12  Mr. Sims' submission, which was very detailed,
13  and I appreciate it, it didn't seem possible to
14  do that.
15          MR. MARSHALL:  Right, because of all that
16  goes into a primary, which is -- it's a election.
17  And everything that goes into holding an election
18  would have to occur.  It's not just a filing
19  period.  So much of what we've discussed today
20  has been about the November 8th election and what
21  needs to be done before then, and I just wanted
22  to point out that we had in our submission
23  highlighted the real problem of a primary on top
24  of that.
25          Other than that, Your Honor, we do not -- we

www.huseby.com          Huseby, Inc. Regional Centers          800-333-2082
Charlotte ~ Atlanta ~ Washington, DC ~ New York ~ Houston ~ San Francisco
Case 5:15-cv-00156-D  Document 101-7  Filed 08/08/16  Page 58 of 85

1  don't take any position, as we mentioned, on the

2  propriety of any particular remedy but wanted to

3  make sure the Court had everything that you

4  needed in terms of operational issues.

5         THE COURT:  Okay.  Mr. Lawson, final

6  thoughts?

7         MR. LAWSON:  Just one point only.  I'm

8  informed by my predecessor who had been general

9  counsel for 15 years that in the days of

10  preclearance, if Your Honor was to indicate that

11  we should be moving back absentee voting or to

12  allow for more time, the Justice Department had

13  indicated a preference in 2004 that absentee

14  ballots for everything else that had a federal

15  contest on it go out and then separately send out

16  any type of straggler absentee ballots.  So we

17  would have to contemplate a two-step absentee

18  process with the School Board or school

19  commissioner, whatever that ends up being, being

20  counted manually when they're brought back to the

21  Board of Elections because of the voting systems.

22         THE COURT:  Under either scenario, you see

23  that happening?

24         MR. LAWSON:  If we were asked to by Your

25  Honor to push the absentee ballot deadline such

www.huseby.com              Huseby, Inc.  Regional Centers              800-333-2082
Charlotte ~ Atlanta ~ Washington, DC ~ New York ~ Houston ~ San Francisco
Case 5:15-cv-00156-D  Document 101-7  Filed 08/08/16  Page 59 of 85

1    that we could allow for Wake to code more, I

2    wanted to note.

3            Thank you.

4            THE COURT:  Thank you.

5            Mr. Farr, anything else?

6            MR. FARR:  Just to thank you, Your Honor, for

7    inviting us, but also I can't help but comment

8    about what Mr. Lawson just said.  I cannot

9    imagine a more confusing election process for

10   people voting absentee if they got two different

11   absentee ballots.  We think that with all due

12   respect to the Justice Department and their

13   position under Section 5, I think that would be a

14   disaster.

15           And, again, Your Honor, thank you for

16   inviting us to participate today.

17           THE COURT:  I thank counsel for their work

18   here today.

19           We will be in recess until tomorrow.

20           THE BAILIFF:  All rise.  This court now

21   stands in recess.

22           (Hearing concluded at 5:10 p.m.)

23

24

25

www.huseby.com          Huseby, Inc.  Regional Centers          800-333-2082
Charlotte ~ Atlanta ~ Washington, DC ~ New York ~ Houston ~ San Francisco
Case 5:15-cv-00156-D  Document 101-7  Filed 08/08/16  Page 60 of 85

```
 1                    COURT CERTIFICATE

 2

 3  NORTH CAROLINA   )

 4  WAKE COUNTY      )

 5

 6         I, DENISE Y. MEEK, Court Reporter, certify

 7  that I was authorized to and did report the foregoing

 8  proceedings, and that the transcript is a true and

 9  complete record of my stenographic notes.

10         Dated this 3rd day of August 2016.

11

12         _____

                      DENISE Y. MEEK, FPR
13                    Court Reporter

14

15

16

17

18

19

20

21

22

23

24

25
```

www.huseby.com          **Huseby, Inc.  Regional Centers**          800-333-2082
**Charlotte ~ Atlanta ~ Washington, DC ~ New York ~ Houston ~ San Francisco**
Case 5:15-cv-00156-D  Document 101-7  Filed 08/08/16  Page 61 of 85

---
**1**
---

**10th**  7:3,
  16,18
  8:21,24
  9:17 10:7,
  10,15,25
  11:1,15,
  16,24 12:6

**12**  41:1

**128,713**  31:7

**13**  39:1
  54:12,21,
  22 55:1,8

**13th**  52:9

**15**  8:6 59:9

**16**  55:14

**163**  31:20

**163-123**
  12:12

**163-22**  33:15

**163-22.2**
  8:19 10:14
  12:15
  23:19
  29:6,22
  31:2

**18th**  5:2
  32:4

**1981**  31:10

**1992**  47:2

**1996**  41:5

**1st**  53:23

---
**2**
---

**2**  50:11

**20**  8:5
  13:10

**2004**  59:13

**2008**  20:24

**2011**  19:4
  23:10
  25:20
  45:17
  46:14
  48:22
  49:16

**2012**  24:11
  51:7

**2013**  25:22
  37:17
  47:13,21
  48:1 49:6,
  21 51:16
  52:9,11

**2013-110**
  45:14 49:1
  50:11

**2014**  48:1

**2015**  23:15
  26:10
  46:23 47:9

**2016**  25:3,
  20 26:11
  27:12
  46:24

  47:11
  49:4,15

**2017**  25:21
  47:15 48:4
  49:24

**22**  13:2

**22.2**  13:8
  32:15,21
  33:8,13
  50:16 51:4

**22nd**  34:3
  37:10

**23rd**  34:4

**24**  42:11

**25**  8:5

**262**  14:12

**263**  14:12

**27th**  5:2

---
**3**
---

**30**  8:2

**30-day**  7:17,
  25

---
**4**
---

**4**  27:24

**438**  52:7

**45**  13:5
  22:25
  38:20

**450,497**  31:8

---
**5**
---

**5**  19:20,24
  20:20,21
  25:3 27:24
  49:4 60:13

**5:10**  60:22

**5th**  35:13
  43:24

---
**6**
---

**6**  27:24

**60**  13:5
  31:22
  38:21

---
**8**
---

**81**  29:3

**82-1**  6:9

**83**  6:7

**83-2**  6:10
  12:8

**84**  35:22

**8th**  5:1
  35:14,15
  56:8 57:6
  58:20

---
**9**
---

**9th**  7:11,18
  8:22

www.huseby.com          Huseby, Inc.  Regional Centers          800-333-2082
Charlotte ~ Atlanta ~ Washington, DC ~ New York ~ Houston ~ San Francisco
Case 5:15-cv-00156-D   Document 101-7   Filed 08/08/16   Page 62 of 85

---

**A**

---

**ability**
  57:21

**absent**  10:12
  57:12

**absentee**
  7:10,12
  13:4,7,9
  30:16
  38:15,20,
  22 40:6
  59:11,13,
  16,17,25
  60:10,11

**accurately**
  29:4

**act**  6:15
  17:6,25
  33:12

**acting**  33:19

**action**
  32:14,15

**acts**  22:5

**add**  6:11

**additional**
  54:18

**address**
  13:13,17,
  18 50:23
  55:8

**addressed**
  14:2

**addressing**
  27:2

**adhere**  35:10

**adjust**  29:24

**adjustment**
  26:13

**administer**
  28:16

**administrative**
  23:20,23
  24:5 26:13
  29:23 47:3
  48:12,13,
  16 49:13,
  17 50:7
  52:19

**administratively**  26:8
  43:2

**admission**
  32:4

**adopt**  20:8

**advance**
  57:25

**adversely**
  31:14

**advisable**
  31:19

**affects**
  31:14

**affidavit**
  6:8

**afternoon**

4:6 5:3,10
9:13

**agency**
  33:17,18

**agree**  23:8

**ahead**  4:19

**akin**  27:5

**Alabama**
  18:17

**alteration**
  9:25

**alternative**
  34:21

**amount**  38:14
  40:5

**analogous**
  18:25
  19:21,23

**analysis**
  44:17

**analyzes**
  39:19

**anyone's**
  48:19
  49:18

**apologize**
  10:5

**appealed**
  14:4

**Appeals**
  26:20 29:7
  31:25
  54:13

**applicable**
  42:21
  44:15

**applied**  47:4

**apply**  43:15

**applying**
  35:7

**appoint**
  16:22

**appropriately**
  33:3

**approvals**
  7:20

**approved**
  34:15,16

**April**  34:16

**argue**  55:3,
  4,5

**argued**  14:7
  39:7

**arguing**  57:9

**argument**
  20:6 39:6

**arguments**
  25:6

**arises**  12:12

**Assembly**
  22:5
  31:10,24

**assertion**
  14:17

**assigned**

---

www.huseby.com          Huseby, Inc. Regional Centers          800-333-2082
Charlotte ~ Atlanta ~ Washington, DC ~ New York ~ Houston ~ San Francisco
Case 5:15-cv-00156-D   Document 101-7   Filed 08/08/16   Page 63 of 85

27:14

**Association**
  4:10

**assuming**
  26:3 41:15

**attached**
  12:9

**attention**
  9:14

**attorney**
  5:11
  29:13,19
  30:12 37:4

**August**  7:3,
  16,18
  8:21,24
  9:17 10:7,
  10,15
  11:15,16,
  24 12:6
  37:10

**authority**
  11:23
  12:15,18
  13:1,3
  15:10,13,
  21 16:21,
  23 17:2,3,
  10 18:19
  20:14
  22:7,16
  29:6 31:2,
  17 32:2
  33:20,21
  36:19,24

37:1 48:7,
10,11
49:13 50:7
52:24
55:25

**authorized**
  17:21

**automatic**
  32:25

**aware**  36:21
  40:24

—————————————
———————  B  ———————
—————————————

**back**  4:3
  6:16 13:4
  21:14 22:3
  23:22
  25:10
  26:14
  28:8,13
  34:4,16
  37:17
  38:20 44:7
  45:7,16,
  23,25
  47:2,24
  56:11
  59:11,20

**backing**  7:8

**BAILIFF**  4:2
  60:20

**ballot**  9:19
  11:5,6
  59:25

**ballots**
  7:10,12,19
  30:16,18
  38:15
  59:14,16
  60:11

**Barefoot**
  4:10

**Bart**  5:22

**based**  34:6
  39:21
  40:17
  54:21
  55:22

**basically**
  38:4 46:7

**Beaufort**
  17:19

**beginning**
  8:8

**behalf**  5:12
  9:8

**belabor**
  37:15

**believed**
  33:10

**bench-**  32:17

**benchmarks**
  8:4

**Bernier**
  5:10,11
  6:21 28:23
  29:10
  35:14

**bidding**
  34:20

**bipartisan**
  29:5

**bit**  7:25

**block**  8:25

**board**  4:24
  5:9,12,15
  6:6,19
  7:13,20,21
  8:10,13
  9:18 10:20
  12:14,21
  14:6,19,24
  16:6 23:24
  24:3,24
  25:3,12,
  17,25
  26:8,15
  27:16
  28:6,8,24
  29:4,5,14,
  23 30:3,4,
  20 31:12,
  16 32:5,7
  33:9 36:6,
  18,23
  37:1,4,13,
  14 38:8
  40:3 43:3,
  4,17,18,20
  45:2,9
  46:4,11,15
  47:1,2,5,
  12,15,20
  48:11
  49:10,17,

www.huseby.com          Huseby, Inc.  Regional Centers          800-333-2082
Charlotte ~ Atlanta ~ Washington, DC ~ New York ~ Houston ~ San Francisco
Case 5:15-cv-00156-D   Document 101-7   Filed 08/08/16   Page 64 of 85

25 50:18,
23,25 51:8
52:11,19,
21,23
53:2,3,5,
12 54:6,18
55:24
56:15,25
57:10
59:18,21

Board's  9:3
31:1 33:2

bodies  19:10
22:1 24:1

bottom  47:24

Brent  5:24

briefed  39:7

briefly  54:7

broader
32:17

brought
16:9,10
33:15
59:20

built  32:25

————————
          C
————————

calendar
13:6 58:1

call  54:17

called  51:8

calling
57:15

candidacy
12:11

candidate
7:15

candidates
11:5,7,8

capacity
53:13

care  54:24

careful
51:19

Carolina  4:8
14:3 22:12
29:7 36:22
44:20 47:1

case  4:11,
20 13:22
14:1,4,8
15:19,23
16:1,2
17:3,5,19,
22 18:14,
15 20:24
21:10,15
22:6,11
23:15 24:9
27:9 29:8
32:1,19
36:5,6,8,
11,13
40:24
42:20
43:6,10
44:17
46:25 49:9

cases  15:19
16:3,4,8
19:7,20
20:11,21
36:4,16,21
39:16
40:10 44:9

cast  38:15

Census  16:11

certifications
7:20

challenged
44:23
56:10

chance  5:4
53:16

change  8:14
10:13
12:15 13:1
20:25
22:8,9
37:1 41:4
42:24
43:14
48:16
49:17,24

changed
45:1,2,3

changing
22:13

Chapter
31:20

check  52:13
53:18,19

Chief  4:4

circuit  4:13
6:14 13:25
14:10,18
17:5 18:2
21:15,19
22:11
36:13
37:25
39:3,11
53:22
55:4,6
56:19

Circuit's
22:20 39:1
44:17

circumstance
18:9

circumstances
15:12
16:18
21:25
24:17
28:14,20
39:20
40:2,21
43:9,16

cite  15:1
20:11,22
21:10
40:10

cited  15:18,
20 18:14
39:16 47:1

Citizens

www.huseby.com          Huseby, Inc.  Regional Centers          800-333-2082
Charlotte ~ Atlanta ~ Washington, DC ~ New York ~ Houston ~ San Francisco
Case 5:15-cv-00156-D   Document 101-7   Filed 08/08/16   Page 65 of 85

4:10

claim 16:9,
10

claims 23:3

clarify 36:2

clause 44:4,
22

clear 9:15
19:6 42:19
52:3

clearance
19:24
24:19

Cleveland
15:19,23,
25 17:1,2,
3 20:10
22:11

client 7:2
54:11 56:1

clients'
45:21

close 10:9,
19 12:5
56:23

closed 11:19

closely
35:11

closes 9:21

code 12:2,4
56:13 60:1

coded 10:21
56:16,17

57:3,4

coding 56:9

comment 60:7

comments
35:25
42:17

Commission
16:6 17:9
18:18,19
22:6,9
24:2
27:18,22
28:4

commissioner
57:22
59:19

Commissioners
31:12
36:11
43:18

communities
35:9

competitive
34:20

complete
21:18

compliant
43:8

comply 21:7
51:10

concerned
54:13

concerns

53:10

conclude
41:11

concluded
60:22

concludes
22:24

conduct
14:20
31:15

conference
4:9

conflict
31:20

confusing
60:9

confusion
28:17

congressional
41:1
42:22,25
43:15

connection
4:19,25

consent
17:8,11,
17,20,23

consideration
23:4,6

consistent
20:16 23:5
37:3

consolidated

4:11

constitutional
16:13,14,
16 18:4
19:9 20:17
21:3,13,
21,25 31:3
37:24 43:7

constitutional
ly 14:15
16:4

contemplate
59:17

contend 28:7

contention
45:5

contest
59:15

context
13:15
19:20

continue
26:23

continuing
27:1

continuity
53:6

contrary
49:12

contrasted
17:18

convening
31:23

www.huseby.com        Huseby, Inc. Regional Centers        800-333-2082
Charlotte ~ Atlanta ~ Washington, DC ~ New York ~ Houston ~ San Francisco
Case 5:15-cv-00156-D Document 101-7 Filed 08/08/16 Page 66 of 85

coordinate
   34:24

copy  52:16

correct  6:22
   9:16 17:14
   27:25
   45:10
   46:18
   48:24 55:2
   58:7

counsel  4:23
   5:14,17,22
   29:12,13,
   19 38:17
   59:9 60:17

Counsel's
   42:20

counted
   59:20

counter
   14:12

counties
   42:23,25

country
   37:10

County  4:24
   6:6 7:13
   9:3,17
   10:20 14:5
   15:19,23
   16:1,5
   17:1,2,4,
   9,19,22
   18:17,18
   20:10

21:11,14
22:6,8,11
24:2
27:17,22
28:3 31:12
33:16
38:14,18
41:11
43:3,17,21
46:3,8,10
50:8,24
53:11 54:6
56:15
57:10,22

couple  23:23
   33:11
   39:16

court  4:3,6,
   7,15 5:13,
   16 6:2,18,
   25 7:5,23
   8:12,18
   9:2,5,7
   10:3,12,
   13,16,24
   11:13,20
   12:7,14
   13:11
   14:19
   15:7,8,10,
   13,15,21
   16:25
   17:8,13,23
   18:1,5,11,
   15 19:7,
   15,21,22
   20:2,8,24

21:1,5,9,
15,19,22
22:1,16,23
23:3,8,16,
17 24:10,
11,15,20
25:1,8,11
26:2,3,16,
20 27:24
28:22,25
29:7 30:24
31:14,24
32:4,16
33:10,16,
22 34:8,13
35:16,18
36:1,20
37:22
38:25
39:17,18
40:3,7,9,
23,25
41:3,4,15,
23 42:1,
12,15
43:13,19
44:3,7
45:6,12,24
46:17
47:17
48:5,15,20
49:20,25
50:6,9,22,
23 51:14
52:6 53:1,
9,24 54:5,
12,15,22
55:24

56:11,14,
20,25
57:13
58:6,8,10
59:3,5,22
60:4,17,20

Court's
   13:15,24
   16:18,21
   17:16 19:5
   20:14,18
   21:18
   33:12
   55:21

Court-ordered
   16:24

courts  16:22
   36:20

Cox  16:9

crafted
   32:18

create  18:19

created
   18:17

cross-
referenced
   23:18

current  7:10
   8:25 12:6
   25:12
   27:21 58:1

customary
   49:23

cut  38:20

www.huseby.com          Huseby, Inc.  Regional Centers          800-333-2082
Charlotte ~ Atlanta ~ Washington, DC ~ New York ~ Houston ~ San Francisco
Case 5:15-cv-00156-D  Document 101-7  Filed 08/08/16  Page 67 of 85

cycle  39:9,
 21 40:23
 41:6

_____

          D
_____

data  8:4

date  7:6,10
 8:21,24
 9:17,22,24
 10:7,10,
 12,13,14,
 19 11:15
 12:16 13:1
 32:25 45:1
 47:11
 51:23

dates  6:10,
 12,16 9:23
 10:6 11:13
 51:23 52:4
 58:11

day  28:10
 52:9 53:13

days  4:13
 6:15,17
 8:2 9:24
 13:5 19:24
 31:22
 38:20,21
 59:9

DC  17:5
 22:11

deadline
 7:14 8:22
 10:11

11:3,4,18
 12:10,11
 30:16,17
 59:25

deadlines
 6:7,12
 8:10,13
 9:1 10:1
 12:6 13:21
 27:11
 57:21 58:3

Deakins  5:20

deal  12:22

debriefing
 39:2

decade  16:12

December
 25:3 43:24
 49:4

decide  51:5

decided
 44:18 51:9

decision
 39:21 51:2
 57:5

decisions
 33:15,18
 37:19

declaration
 6:8 12:9
 44:11,12

declaratory
 23:2

declared
 40:1

decree  17:8,
 11,17,20,
 23

deemed  31:19

defect  31:3

defendant
 4:24
 36:10,16

defendants
 14:5,13
 26:19 36:5

defer  29:18
 38:7

deferential
 33:17

definitive
 33:6

delayed  26:9
 46:22

Department
 59:12
 60:12

depending
 40:2 50:20

depends  7:8

describe
 29:4

detailed
 58:12

details
 29:17

determinations
 50:14

determinative
 51:13

determined
 44:19

Dever  4:4

difference
 17:22
 18:2,11
 44:13
 51:25

difficult
 38:5

digging
 33:24

Dillard
 15:23
 18:14
 20:10

dire  56:5

direct  34:23
 50:6

directed
 12:21

directive
 50:19

directly
 33:19

Director
 29:15 32:3

disaster
 60:14

www.huseby.com          Huseby, Inc.  Regional Centers          800-333-2082
Charlotte ~ Atlanta ~ Washington, DC ~ New York ~ Houston ~ San Francisco
Case 5:15-cv-00156-D  Document 101-7  Filed 08/08/16  Page 68 of 85

**discretion**
8:12 17:12
20:8 21:20
39:22
41:9,19
44:8 46:2
55:22

**discuss** 4:19

**discussed**
58:19

**discussion**
33:2
38:15,16

**dismissal**
36:12

**disruptive**
53:2

**dissolved**
18:21,22

**distinction**
32:14

**district**
4:7,8
14:18
17:13,16
18:5,15
21:15
23:16 28:9
30:1,4,10
31:6 39:18
41:1
42:22,24,
25 43:15
54:14
55:21 56:2

**districts**
9:23 10:8
11:9,10,
11,12 16:5
18:20
25:19,21
27:13,14,
21,22,24
28:6,18
31:8 33:4
45:3,4,19
55:20,23
56:18
57:12,22,
23

**Docket** 6:7
12:8 29:3
35:21

**draw** 36:24
37:6,9
48:13

**drawn** 16:11
32:14
37:8,12,13
55:23
57:24

**due** 6:14
53:11
60:11

**duly** 20:16

**duty** 24:12

_____
E
_____

**earlier**
12:19

30:15 41:2
57:19

**Earls** 6:3
9:8,12
11:2
13:11,12
15:12,24
17:7,14
18:8 19:2,
19 20:1,13
21:6
23:13,20
24:25
25:5,15
26:6,17
27:25
42:2,16
43:25
44:4,15
45:10,18
46:14,18
47:20
48:8,18
49:9,22
51:14,22
52:25
54:4,19

**early** 6:16

**easiest**
27:15
28:15,16

**Eastern** 4:7

**Education**
23:25 24:4
31:13
43:3,5

57:1

**effect** 18:23
23:10
24:18

**effective**
21:2

**effectively**
50:9

**effectuate**
17:10

**efficacious**
25:18

**elected**
25:13,19,
20,22 26:1
28:7 43:20
46:15
47:13,15,
17,18,25
48:1,22,
23,25
49:6,8,16,
21,24
51:16
52:12

**election**
14:15,20
15:3 17:21
19:9 22:8,
14 24:15
25:23
26:10
27:12,18
28:5,13
29:25
31:11,16

www.huseby.com          Huseby, Inc. Regional Centers          800-333-2082
Charlotte ~ Atlanta ~ Washington, DC ~ New York ~ Houston ~ San Francisco
Case 5:15-cv-00156-D Document 101-7 Filed 08/08/16 Page 69 of 85

37:1 38:3,
7,10,13,23
39:9,21
40:23
41:5,12
44:25 45:1
46:22
47:4,8,10,
11,23 48:3
49:15
50:13
51:23 52:5
53:4 54:2
55:15,19
57:25
58:16,17,
20 60:9

elections
4:24 5:9,
12 6:6
7:13,21
9:18 14:6,
20,24 15:1
24:2,4,24
25:11,17
27:16,22
28:9
31:16,19
36:18
37:13,14
38:6,8
39:11,25
40:3,19
45:8,17
46:20
47:2,20
49:11,14,
18 52:10,

20 55:20
57:10
59:21

Elections'
48:11

electoral
18:16

employees
56:7

enact  22:9

enacted  16:7
19:13
24:13,18,
23 31:10
51:6

enacting
20:4

enactment
14:22

encompasses
40:11
42:23

end  41:5
43:12

ends  49:5
59:19

enforce
50:17

enforceable
18:23
19:25

enforced
17:23

50:17

enjoin  15:5,
14 48:10

enjoined
18:16

enjoining
14:16
27:19

enter  22:25
33:14 54:9

entire  44:5,
11

entities
42:4

entity  39:19

Entry  6:7
12:8 29:3
35:21

essence
19:16 22:2
26:9 46:22
47:5

essentially
16:16
17:15

event  31:10

events  12:4

Executive
29:15

exercise
39:22
41:9,18

exhibit
52:7,15

exist  27:11

existing
18:9 20:15
22:15
27:13
48:10

expedited
35:2

experience
35:7

expertise
38:9

expiration
32:25

expire  25:2

expires  7:15

explained
40:21

expressed
33:11

expression
33:8

extend  51:5
52:24

extended
49:1

extending
48:16,19
49:11,18

extent  51:13

www.huseby.com          Huseby, Inc.  Regional Centers          800-333-2082
Charlotte ~ Atlanta ~ Washington, DC ~ New York ~ Houston ~ San Francisco
Case 5:15-cv-00156-D  Document 101-7  Filed 08/08/16  Page 70 of 85

---

**F**

---

face 43:16

faced 47:5

fact 29:17
32:21 37:5
42:8 43:6,
12

factors
55:22

facts 39:19

failure
24:13

fair 38:18
42:14

familiar
44:9,10

family 34:15

Farr 5:19,
20 35:19,
24 39:5
40:14
41:21,24
54:20 55:2
60:5,6

feasible
58:5,11

federal 13:4
18:22 21:7
22:16
31:14
43:8,13
59:14

felt 55:24

file 27:3
37:22
41:17,21

filed 6:24
11:5,9,10
26:19,21,
22 27:4
36:1 42:4
52:1

filing 9:21
10:9,18,
22,23
11:18,23,
25 12:5
20:23
28:10 40:5
51:25
56:24
58:18

final 24:8
27:10
33:18 59:5

finally
41:18
57:18

find 19:11
55:23

finding
40:25

finds 21:22

fine 42:15

firm 44:20

five-year

46:16

flexibility
30:15

footnote
39:1,10
40:11
54:12,21,
22 55:1,8

force 15:25
17:18

forcing
14:14

form 31:11

forthwith
53:23

forward
21:21
39:12
40:19 57:6

found 15:14
18:3,15
21:12
36:20
37:25
39:12 47:8

four-member
18:18

four-year
26:12
47:14
48:2,23,25
52:2

Fourth 4:13
6:14 13:25

14:10,18
18:2
21:15,19
22:20
36:13
37:25
39:1,10
44:17
53:22
55:4,6
56:18

frame 50:20

free 19:24

front 40:18
55:11

fully 19:9
43:8

functions
34:23

fundamental
55:17

---

**G**

---

gain 24:14

Gen 8:19

general
5:14,22
21:8 22:5
29:12,13
31:9,21,24
32:9 33:8,
20 38:7
53:10
57:25 59:8

---

www.huseby.com                Huseby, Inc. Regional Centers                800-333-2082
Charlotte ~ Atlanta ~ Washington, DC ~ New York ~ Houston ~ San Francisco
Case 5:15-cv-00156-D   Document 101-7   Filed 08/08/16   Page 71 of 85

General's
  5:11 29:13

generally
  7:13

GIS  34:3,5

give  7:5,9,
  25 16:19
  36:23,25
  40:7 53:12

good  4:6
  5:10,19
  6:2 11:2

Goodson  5:22

government
  32:12

granted
  17:16

granting
  23:1

Granville
  21:11,14

grounds
  16:14,15

guess  24:20
  51:20

guidance
  54:14 56:6
  57:12

─────────────
         H
─────────────

handing
  55:12

happen  10:6
  14:1 22:22
  37:11
  47:9,10
  48:21 57:8

happened
  26:10
  47:9,21
  48:18

happening
  59:23

happy  7:23
  12:22
  37:25
  50:15

hard  7:6
  41:7

head  57:16

hear  9:7
  18:25
  30:24
  49:25

heard  9:16
  10:2 37:4,
  9 38:16
  56:1

hearing
  54:10
  60:22

held  31:13
  39:17

helpful  7:22
  52:25

highlighted

58:23

historic
  32:21

historical
  9:3

historically
  7:17 8:3
  46:5 57:4

hold  57:21

holding  17:4
  31:15
  54:10
  57:24,25
  58:17

Honor  5:10,
  19 6:1,13,
  21,23 7:4,
  7 8:7,20
  9:13 10:4,
  18 12:20
  13:12
  15:24
  17:14 18:8
  19:2 20:13
  23:13
  25:15
  28:23
  29:10,11,
  21,22
  30:2,12,19
  32:6
  33:14,23
  35:24
  36:2,17
  37:3,15,21
  38:3,10,12

39:5,16
40:14
41:8,22,25
42:2,14
43:25 44:5
45:10,18
46:14
48:8,9,19
49:9 50:4
51:22 53:1
54:4,7,21
56:23
58:25
59:10,25
60:6,15

Honor's
  29:16
  30:13

Honorable
  4:3

hoping  5:23

host  6:9

hours  42:11

─────────────
         I
─────────────

ID  6:15

idea  7:1

ideal  31:6,7

III  4:4

illegal  40:1
  41:1

illustrative
  37:21,23
  40:7 41:13

www.huseby.com          Huseby, Inc. Regional Centers          800-333-2082
Charlotte ~ Atlanta ~ Washington, DC ~ New York ~ Houston ~ San Francisco
Case 5:15-cv-00156-D  Document 101-7  Filed 08/08/16  Page 72 of 85

42:3,8,9

imagine   60:9

immediately
  7:14 16:11
  23:1

impact   30:17

implement
  14:9 15:22
  16:23
  23:7,21
  27:15
  28:15
  30:22
  45:4,22

implemented
  7:2 14:23
  21:16
  44:24
  45:15

implementing
  17:17 19:8
  20:25
  51:11

implicates
  28:5

implication
  15:25

important
  23:25 35:4
  43:11

improper
  54:8

in-house
  34:12 35:5

inappropriate
  27:6

incorrect
  14:17,18

independent
  29:5

India   34:3,
  8,10

indicating
  32:10

individual
  42:6

infeasible
  58:1

infirm   21:22

information
  38:2 41:17

informed
  59:8

initially
  15:6 47:22

injunction
  15:16
  18:21,22
  23:2 39:4
  40:12

instance
  16:10 45:2

instruct
  23:9

instructions
  22:25

instructive
  22:21

intended
  40:15
  44:23

intent   35:12
  51:11

interest
  35:9

interested
  57:15

interesting
  15:9

interests
  53:15

interim
  14:25
  31:17

interpretation
  13:20

interpreted
  29:7 31:25
  36:23,25

intervene
  26:20,24

intervening
  27:9

invited
  42:12

inviting
  60:7,16

invocation
  13:8

involved
  28:19
  29:25

issue   4:17
  24:21 31:5
  39:2 40:12
  44:7 50:24
  53:14,23
  55:6

issued   4:12

issues   4:19,
  22 13:19
  39:17
  41:16 53:6
  54:1 59:4

_____

J

James   4:4
  5:11

job   41:7

joint   52:15

Josh   5:14

Judge   4:4

judgment
  17:16 23:1
  54:17

July   5:1,2
  35:13 41:5
  43:13
  53:23

June   52:9
  56:21,24

jurisdiction

www.huseby.com          Huseby, Inc.  Regional Centers          800-333-2082
Charlotte ~ Atlanta ~ Washington, DC ~ New York ~ Houston ~ San Francisco
Case 5:15-cv-00156-D  Document 101-7  Filed 08/08/16  Page 73 of 85

4:15,21
16:19 19:4
20:24
21:17
32:17
33:12,19
41:16,18
50:10
53:24

**jurisdictions**
21:20

**Justice**
59:12
60:12

_____

**K**

**Kennedy**
20:21,23

**key** 18:1

**kick** 19:6

**kicks** 13:5
16:24
20:15,18
48:11

**kind** 32:20

**knew** 49:7
51:16
52:12

_____

**L**

**lack** 30:8

**lacked** 17:9

**lacks** 15:21

**laid** 44:15

**language**
22:10
23:12

**larger** 46:9

**Larios** 16:9

**late** 40:22
41:4

**law** 13:4
14:16,23
15:5
17:10,21
18:10,13,
23 19:14
20:3,10,17
21:7 22:5,
7,12 24:7
31:11 43:8
44:16,20
45:14 49:1
50:11 52:8

**Law's** 14:21

**laws** 47:7

**Lawson** 5:14
12:24 13:2
29:19
30:12,25
31:1 32:3
33:23
34:11,14
35:15,17
50:4 51:3
59:5,7,24
60:8

**lawyer** 51:20

**lawyers** 5:24

**leaders**
5:18,21
12:22
36:5,7,10
37:20
42:5,12

**learn** 37:9

**leave** 34:14,
25

**left** 29:20
32:11

**legal** 18:1
21:13,21

**legally**
19:14

**legislation**
19:17
20:4,5
52:17

**legislative**
5:17,21
12:22
26:19
32:11
34:24
35:11
36:4,7,10
37:20
42:5,11
51:11

**legislators**
36:13 42:7

**legislature**

14:8 20:4
36:3,4,7,
15 37:19
42:6,10
49:3

**legislature's**
24:16

**light** 54:12

**limit** 17:12

**limited**
17:20

**lines** 30:1,
4,10,11
42:24

**litigation**
47:7 54:19
56:4,5

**local** 31:12

**logical**
46:19

**logically**
40:13
45:25 46:2

**logistics**
33:24

**long** 12:3
31:19
43:20

**longer** 16:13

**lot** 8:3
53:9

www.huseby.com          Huseby, Inc. Regional Centers          800-333-2082
Charlotte ~ Atlanta ~ Washington, DC ~ New York ~ Houston ~ San Francisco
Case 5:15-cv-00156-D  Document 101-7  Filed 08/08/16  Page 74 of 85

**M**

made 4:25
5:7 6:5
11:2 29:3
35:21
37:16,19
42:17

mail 7:10,
12

make 9:15
10:1 12:25
14:25
23:20
31:17
35:22
36:10,14
39:21
43:14 47:3
48:12,13
50:8,15
51:2
53:18,19
54:16
57:5,19
59:3

makes 16:1

mandate
4:12,14,
17,21
14:19
23:16 39:3
40:9,12
41:2,16
42:18,19
53:22,23

54:1

mandated
20:12 39:3

manually
59:20

map 11:12
12:4,5
19:8 56:9,
13,16,17

maps 10:21,
24 12:1,2
42:3,8,9
48:13
57:2,4,12

Marshall 5:6
6:4,11,13,
23 7:4,7
8:20 9:6
10:3,4,15,
17 11:1,
17,21
12:13,17
30:14
54:7,25
56:17,22
57:2 58:7,
9,15

master 16:22

matter 9:14
14:6 18:13
20:9 26:25

matters
19:18

Mcghee
21:11,14

means 27:20
54:23 55:1

mechanism
14:14

meeting
32:5,9
50:19

member 52:21

members 25:4
32:10 33:9
46:12,14
47:12,15
48:1 50:25
53:2,3,12

mentioned
8:8 12:19
50:18 59:1

merits 15:4

met 6:7
27:12

method 17:20
22:8,14
28:13

mind 55:12

minute 9:16

misread
15:17

misspoken
12:25

modifications
8:16,18

modified
8:11,14,

23,24 9:2

Moore 17:19,
22

morning 4:18
5:19

motion
26:20,22

move 8:25

moving 57:6
59:11

myriad 36:21

**N**

NAACP 44:17

names 9:18
11:4,6

nature 33:5

NC 8:19

necessity
51:10

needed 7:2,3
14:8 30:9,
23 59:4

newly 24:13

news 27:5

Newsome 29:8
32:1 47:1

nine-member
25:25

nix 25:9

North 4:8

www.huseby.com    Huseby, Inc. Regional Centers    800-333-2082
Charlotte ~ Atlanta ~ Washington, DC ~ New York ~ Houston ~ San Francisco
Case 5:15-cv-00156-D Document 101-7 Filed 08/08/16 Page 75 of 85

14:3 22:12
29:6 36:22
44:20 47:1

**note** 5:8
12:20 42:2
50:5 60:2

**notice** 10:22

**notion** 20:9

**notwithstanding** 18:4

**November**
26:11 38:7
43:21 51:1
54:17
55:14,19
56:8 57:6
58:20

**nuances** 38:9

**nudge** 13:6

**null** 31:22

**number** 9:23
19:19 32:8
36:21

**numerous**
42:23

———————————

**O**

———————————

**object** 42:3,
13

**objection**
27:1,8

**objections**
33:23

**obligation**
16:19

**occur** 11:24
58:18

**occurred**
8:16

**occurs** 10:11

**October**
52:11
56:12 57:9

**odd** 18:7
25:13 26:1
28:9 45:9
46:6 47:25

**odd-year**
24:23
25:10
45:17
46:19

**office** 5:11
25:2 29:13
43:24
46:21
48:17
49:2,4,5

**Ogletree**
5:20

**one-person-**
44:12

**one-person-one-** 16:13

**one-person-one-vote**
16:3,8,15

23:3

**one-vote**
44:13

**open** 10:9,
19 11:22,
23 12:5
56:23

**opened** 11:19
28:10

**operate** 8:2

**operating**
13:21

**operational**
59:4

**operationally**
11:25

**opinion**
14:11
22:20,23,
24 23:5,15
39:1 54:13

**opportunity**
16:20

**opposed** 20:4
38:23

**opposing**
26:22

**optimally**
33:4

**option** 22:2

**oral** 39:6

**order** 4:5
5:1,2 7:11

8:12 10:13
11:6,7,9,
11,25
12:3,20
14:9 17:17
19:12
20:14
22:17
23:18
25:11 26:3
27:4 30:2
35:12
50:20

**orders** 39:15

**ordinarily**
50:15
51:12

**ordinary**
4:16

**organizations**
29:23

**outcome**
51:13

**outset** 53:21

———————————

**P**

———————————

**p.m.** 60:22

**pages** 14:12

**papers** 13:16
15:17
25:16

**Pardon** 35:15

**participate**
27:7 60:16

Case 5:15-cv-00156-D Document 101-7 Filed 08/08/16 Page 76 of 85

parties
  17:24
  28:19 42:4
  57:9,15

party  14:8,
  13 27:7
  36:3 56:10

passage
  23:19
  51:24 52:4

passed  11:13
  22:4 43:7
  47:22

past  27:14

pending  15:1
  31:15,18

people  31:7,
  8 46:3,10,
  20 47:18
  48:21
  49:6,15,20
  51:15
  52:12
  60:10

Perez  24:9

perform
  34:22 35:6

period  7:18
  8:1 9:21
  10:9,18,
  22,23
  11:18,23
  12:1,5
  13:4 28:10
  40:5 56:24

58:19

periods  52:1

permanent
  23:2

permissibility
  33:7

permissible
  35:11

permissive
  51:11

permitted
  38:21

Perry  24:9

person  34:6,
  8,9,10
  37:8 48:17

perspective
  53:5

petition
  7:15 11:3
  12:11

phase  57:17

Phil  5:20

pieces  32:20
  50:16 51:6

place  9:1
  14:21 15:3
  16:12
  18:10
  19:13
  20:16
  22:1,4
  25:12 26:4

43:2 45:23
51:12 58:3

plain  23:11

plaintiff's
  21:16

plaintiffs
  4:23 5:4
  9:8 14:7,
  9,12 15:4
  23:1 26:21
  36:9,12
  40:10 45:8
  53:17 54:3
  55:5

plaintiffs'
  13:20
  26:18

plan  7:1
  14:23
  16:11,12,
  14,16,24
  18:9 19:13
  20:2,15,
  16,19
  21:13,21
  22:1
  24:14,18,
  19,23
  37:21,23,
  24 38:6
  40:4,7
  41:13
  43:2,7
  51:6

plans  7:1
  15:22 19:4

22:3 23:10
31:4,5
36:19,24
37:6,8,9,
12,18
39:12,25
40:20
55:16

point  7:23
  11:2 13:2,
  18 14:7
  28:15 30:7
  34:6 37:16
  39:9,20
  56:14
  57:5,18
  58:22 59:7

points  8:4
  13:13
  33:25

policy  37:19
  45:13 53:7

political
  35:9

population
  31:6,7
  46:8,9

populations
  44:14

position
  19:2 20:13
  21:24
  22:18
  26:18,23
  30:5,18,20

www.huseby.com          Huseby, Inc. Regional Centers          800-333-2082
Charlotte ~ Atlanta ~ Washington, DC ~ New York ~ Houston ~ San Francisco
Case 5:15-cv-00156-D  Document 101-7  Filed 08/08/16  Page 77 of 85

31:1 39:8
40:13
42:18
46:3,18
48:9 50:1,
5 54:16
56:2 59:1
60:13

potentially
54:16,19
57:15

power  13:15
17:12,18
18:6 20:18
22:16

powers  13:24
19:6

practical
30:6

practice  9:3

pragmatic
28:14

preclearance
24:14
59:10

precleared
21:1,5

predecessor
59:8

predicament
54:12

prefer  52:3
53:5

preference
33:11
45:14
59:13

preliminarily
29:20

preliminary
9:11 29:9

prepare  7:19

present
29:14,19
35:5

presented
8:15 42:10

preserve
26:17 27:1

presidential
38:19

presiding
4:4

previous
16:12 57:4

previously
57:3

price  33:25

pricing
34:18

primaries
27:20,23

primarily
24:12

primary
31:15,18

50:12
57:22,24
58:16,23

principles
35:8

printed  7:12

prior  14:21
16:12
23:22
24:14
25:18
28:13 30:2
47:25
49:22

problem
58:23

problems
37:24

proceed  24:6
27:23
28:1,9,19
55:15

process  7:14
12:3 34:20
35:1
42:11,14
47:23
59:18 60:9

processes
29:25

procurement
34:20

proper  30:21
37:17

proposal
43:19,21

propose
24:22

proposed
14:13
21:16,17

proposition
15:20 20:7
21:8 24:10

propriety
59:2

prospect
42:23

protect
41:10

provide
13:19 38:1

provision
31:20
44:22

pull  30:9

purposes
30:6

pursuant
18:10 22:4
43:7

push  6:16
13:3 59:25

put  18:10
20:16
21:20 43:2

www.huseby.com          Huseby, Inc.  Regional Centers          800-333-2082
Charlotte ~ Atlanta ~ Washington, DC ~ New York ~ Houston ~ San Francisco
Case 5:15-cv-00156-D  Document 101-7  Filed 08/08/16  Page 78 of 85

## Q

question 8:9
  13:14,23
  14:3,4
  15:3 45:6,
  24 55:17
  57:20

questions
  7:24 12:21
  29:16
  30:13 32:8
  41:24

quickly 54:2

## R

raised 13:16

Raleigh 4:10

ran 52:12

ratified
  52:9

read 14:11
  15:9,17
  17:12
  23:19 52:8
  55:9 58:8

reading 17:1

ready 7:12

reaffirmed
  44:16

real 58:23

realize 54:1

reason 16:1
  35:3 39:11
  55:14

reasonable
  14:25
  31:17

reasons
  39:14
  40:19
  42:21
  43:11 47:6

recall 53:1,
  7

receive 12:4
  41:14

received 5:3
  10:21

receives
  24:19

recent 22:23
  37:19

recess
  60:19,21

recognizes
  51:10

recognizing
  4:20

record 26:18
  40:18
  42:3,9
  53:8 55:7

redistricting
  14:22 16:3
  24:11

32:23 33:3
  34:7 35:6,
  7 36:19,24
  44:3

redraw 16:20
  30:3,10

redrawing
  30:1

reduces
  38:13

reelected
  48:2

reference
  42:20
  44:19

referenced
  35:12 37:4

references
  32:9

referendum
  22:7

reflect 50:2

regard 23:24
  25:16
  27:11
  43:14,17
  49:19

regular
  31:23

regulations
  31:18,22

reject 22:2

relevant

25:7

relief 23:2
  32:18

remains
  24:18

remand 14:2
  22:25
  23:4,5,9

remarks 9:11
  29:9 35:22

remedial
  4:19
  13:15,24
  16:21 19:6
  20:14 29:5
  31:25
  33:12 44:8
  57:17

remedies
  37:24 55:3

remedy 14:9
  15:8,16
  17:11
  18:12,13
  19:5 20:9
  21:16,18
  23:7
  30:19,21
  31:3 32:18
  36:19 39:8
  45:15
  46:25
  54:9,15,21
  55:5,8
  59:2

www.huseby.com          Huseby, Inc. Regional Centers          800-333-2082
Charlotte ~ Atlanta ~ Washington, DC ~ New York ~ Houston ~ San Francisco
Case 5:15-cv-00156-D Document 101-7 Filed 08/08/16 Page 79 of 85

remember
  56:23

repealing
  20:5

repeat   36:1

represent
  37:18

represented
  36:8

representing
  5:21

represents
  5:9

request
  32:16
  50:17,18,
  20

require
  10:8,20
  13:8 24:15
  26:2

required
  28:14

requires
  10:8 26:7

requiring
  35:10

resort   19:8
  20:18

resources
  34:24

respect
  14:25

31:18
53:11
57:11
60:12

respond
  42:17

response
  8:11 26:22
  27:4

responses
  53:20

responsibility
  24:12

rest   45:4,
  20

return   25:18
  26:14
  46:19

reversed
  17:15
  18:20

review   5:4
  33:17
  41:14

reviewed
  33:17
  35:20

reviewing
  6:19

Riggs   6:4

rights   17:6,
  25 41:10
  45:22

Riley   20:21,
  23

rise   4:2
  60:20

rule   39:3
  40:10
  53:22

ruled   26:21
  40:1,20
  41:4

rules   4:14
  14:25
  31:17,21
  47:3

ruling   6:14
  31:14
  36:14

run   11:9,10

runoff   50:13

runs   24:20

---

**S**

scale   32:22

scenario
  59:22

schedule
  8:15 27:12
  28:5,8
  29:18
  38:3,13,23
  47:7 49:13

schedules
  37:2

scheduling
  29:24
  38:10

scheme   14:21
  18:16
  19:10,11
  24:23
  44:12
  45:1,17
  47:14

school   16:6
  24:24
  25:3,12,17
  26:15
  28:6,8
  36:6
  43:18,20
  45:9 46:4,
  11,15
  47:12,20
  50:25
  52:11,21
  53:2,3,5,
  12 59:18

scope   13:14,
  23

seated   4:5

seats   25:1
  48:3
  49:14,15

Secondarily
  32:13,24

section
  19:20,23,
  24 20:20,

www.huseby.com          Huseby, Inc.  Regional Centers          800-333-2082
Charlotte ~ Atlanta ~ Washington, DC ~ New York ~ Houston ~ San Francisco
Case 5:15-cv-00156-D   Document 101-7   Filed 08/08/16   Page 80 of 85

21 50:11
60:13

seeking 27:3

sees 39:11

Senate 5:24

send 59:15

separately
24:1 59:15

September
7:11,18
8:22 56:12
57:8

session 4:3
14:16,21
15:5 31:23
45:14 49:1
50:11 52:8

set 11:17
16:5 54:18
57:19

sets 6:6

seven-member
18:17

severability
44:4,19,21
50:5 51:6

severable
45:19

shapefiles
27:15

Shaw 40:24
42:20
43:10

shortly 5:25

side 32:11

signed 52:21

significance
22:10

simply 24:6,
18 27:20

Sims 6:9
7:22 12:2
58:4

Sims' 12:9
58:12

single-member
18:20

sir 34:12,
14 35:17
40:14

sit 10:17

situation
19:5,13
24:6 36:25

size 45:2

skill 35:5

slip 22:24

software
30:8 34:1,
6 37:5

sooner 30:22

speak 42:5
58:4

Speaker 5:23

speaking
12:24

special
16:22

specialist
34:3,5

specific
22:12
40:16
50:21

specification
50:12

speculate
8:17

spoke 55:16

staff 30:9
37:7 56:7

stage 24:3

staggerability
25:6

staggered
25:24,25
28:8 47:25
53:6

stand 33:6

standing
54:23

stands 24:10
60:21

star 22:25

start 56:9
57:16

started
20:25
22:19
47:23

starts 7:13

Stat 8:19

state 5:12,
15 6:19
7:20 8:10,
13 12:14,
21 14:23,
24 17:10,
21 18:10
19:14
20:17
22:5,7,12
23:18
24:6,16
26:8 28:24
29:4,14,23
30:3,4,20
31:1,11,
13,16
32:4,7
34:19
36:18,23
37:1,4,12,
14 38:8,21
40:3 43:8
44:19
47:1,2,5
48:11
49:10,17,
25 50:22
52:19,23
53:14
55:24

www.huseby.com        Huseby, Inc. Regional Centers        800-333-2082
Charlotte ~ Atlanta ~ Washington, DC ~ New York ~ Houston ~ San Francisco
Case 5:15-cv-00156-D   Document 101-7   Filed 08/08/16   Page 81 of 85

56:15

State's
  24:13,17

State.'
  24:13

statement
  37:16

states   4:7
  17:13 18:5
  34:2 46:9

status   4:9
  24:3

statute
  12:12 15:2
  25:5 31:9,
  25 32:1
  33:1 36:22
  43:23
  44:1,5
  45:5,20,22
  46:17
  47:22
  48:10
  50:16
  51:24

statutes
  15:14
  31:21

statutory
  33:21
  44:11

stay   9:25
  25:12 26:4

stipulated

17:24

stopped   20:3

Strach   5:20
  29:15
  35:23

Strach's
  32:3

straggler
  59:16

strike   27:3

strikes   18:7

strong   38:11

strongly
  36:17
  38:22

struck   55:21
  56:18
  57:23

subdivision
  13:3

subdivisions
  35:10

submission
  5:3,6 6:5,
  10 8:9
  10:5 12:7
  15:7 29:2,
  21 53:19
  57:20
  58:2,12,22

submissions
  4:25 5:1
  6:24,25

9:9 35:20,
21

submit   28:12
  42:13

submitted
  32:6 52:15

substantially
  34:22

substantively
  27:2

succeed
  14:16 15:4

successful
  14:10

successfully
  15:5

sudden   52:22

sued   14:6

suggest
  13:24
  52:10,18

suggesting
  49:10

suggests
  22:22

suit   14:14

summary
  17:15

super   31:8

superior
  21:8 33:16
  38:8 50:9

supplanted
  19:17

supplement
  51:18

supplemental
  20:22

supposed
  43:24

Supreme   19:7
  20:23
  24:9,11
  39:17
  40:25

system   21:13
  22:15
  23:22
  25:18,24
  26:7,14
  27:18,19
  45:23,25
  46:23
  47:25
  49:22
  50:13

systems
  59:21

_____

T

table   28:25
  29:20

tagging   8:21

takes   35:1
  42:24 43:1

talk   13:17

www.huseby.com          Huseby, Inc.  Regional Centers          800-333-2082
Charlotte ~ Atlanta ~ Washington, DC ~ New York ~ Houston ~ San Francisco
Case 5:15-cv-00156-D   Document 101-7   Filed 08/08/16   Page 82 of 85

24:22

**talking** 15:2
43:4 48:15
52:20
54:24

**task** 24:16

**technical**
35:5

**telling**
46:10

**temporary**
33:4

**tender** 7:23

**term** 26:13
48:19,23
49:1,8,23
51:17
52:2,22

**terms** 13:22
25:20,25
26:12 39:2
44:8 46:16
47:14,19,
25 48:2
49:11,18
51:5,25
53:6,14
54:15,20
59:4

**test** 7:19

**testimony**
53:1,8,10

**Thaller-moran**
6:4

**theory** 25:9
45:8,15

**thing** 4:17
18:6 24:8
26:7
27:10,18
38:11
52:19 56:8
57:7

**things** 8:24
35:9 41:5

**thinking**
53:15

**thinks** 40:3

**thirdly**
13:19

**thought** 8:25
15:18,20
48:20

**thoughtful**
51:20

**thoughts**
59:6

**three-judge**
41:3

**three-year**
25:20
26:12
47:19 49:8
51:17
52:22

**threshold**
13:14

**throw** 35:8

**time** 9:13
12:23
13:18
14:2,7
23:6 30:7
32:7 38:6,
14,20
39:9,20
40:4,6,22
41:12
43:14
45:7,16
52:1 53:4
59:12

**timing**
29:18,24
30:13 47:3
49:13

**today** 10:17
15:19 27:7
38:16
39:23
43:16
54:10
55:16,18
56:7 58:19
60:16,18

**Tom** 5:19
55:12

**tomorrow**
37:22 40:8
41:14,21
51:19
53:25
60:19

**tool** 33:3,8

**top** 58:23

**tough** 54:11

**traditional**
35:7

**training**
30:8

**transcripts**
32:5

**transfer**
33:19

**transferring**
50:9

**trial** 52:7,
16 55:3

**true** 10:7
55:5 58:2

**two-step**
59:17

**type** 32:14
33:17 34:6
50:14
59:16

**types** 50:13

**typically**
37:6 47:13

―――――――
U
―――――――

**ultimate**
17:4

**ultimately**
18:20

www.huseby.com          Huseby, Inc. Regional Centers          800-333-2082
Charlotte ~ Atlanta ~ Washington, DC ~ New York ~ Houston ~ San Francisco
Case 5:15-cv-00156-D Document 101-7 Filed 08/08/16 Page 83 of 85

un    56:13

unable    16:20

uncertainty
  33:1

unconstitution
al    19:3,12
  31:13
  39:13
  40:20
  44:2,6
  45:21  47:8
  55:16

understand
  15:15
  20:6,7
  45:13
  46:1,12
  48:24,25

understanding
  4:16  6:15,
  20,22  8:1,
  7  12:10,17
  13:20
  30:14  36:9

understands
  36:15

underway
  28:2

unelected
  25:13

United    4:7
  17:13  18:5

unprecedented
  51:4

unwilling
  30:6

upcoming
  24:14

upwards    35:1

_____

_____

V

valid    14:15,
  22  15:3
  16:5

variety    6:6

vendors
  33:25
  34:21

verified
  12:11

versus    8:5,6
  13:9  32:15
  50:12  51:7

view    21:18
  28:15

violation
  17:6,9,25
  18:3,4,16
  21:12
  22:15
  44:13
  45:21

violations
  36:20

virtue    46:17

visit    34:15

void    27:21

31:22

voluntary
  36:12

vote    16:14
  32:7  43:22
  46:4,11
  50:25
  53:16

voted    46:6
  50:4

Voter    6:15

voters    27:13
  28:17
  38:14,18
  43:22
  50:24
  53:11

voters'
  53:15

voting    6:16
  17:6,20,25
  38:20,22
  40:6  41:10
  59:11,21
  60:10

_____

W

waiving    27:8

Wake    4:10,
  24  6:5
  7:13  14:5
  33:16
  38:14,18
  41:10

43:3,17,21
46:3,8,10
50:8,24
53:11
56:15
57:10  60:1

wanted    9:2
  10:1  18:25
  27:10
  48:21  57:7
  58:21  59:2
  60:2

weeks    35:1

weigh    12:25

wished    33:9

Woodcox    5:24

word    58:1,
  10

work    6:25
  34:4  56:20
  60:17

worse    44:25

Wright    14:3
  22:20

write-in
  7:15  9:20
  10:11  11:3
  12:11
  13:7,8
  30:17

wrong    48:24

www.huseby.com                    Huseby, Inc.  Regional Centers                    800-333-2082
Charlotte ~ Atlanta ~ Washington, DC ~ New York ~ Houston ~ San Francisco
Case 5:15-cv-00156-D  Document 101-7  Filed 08/08/16  Page 84 of 85

```
     _____
|                        |
|           Y            |
|  _____ |
```

**y'all**  5:6
   6:2 15:20
   18:14
   23:12
   28:25 29:3
   35:21 51:1
   52:13,15
   53:17,18
   58:10

**y'all's**
   53:20

**year**  25:21
   26:4 28:7
   37:11
   38:19
   43:13
   46:5,6
   48:17 49:2
   52:24

**yearly**  34:15

**years**  25:13
   26:1 28:9
   45:9 46:6,
   21 48:1
   49:23
   52:13 59:9

www.huseby.com            **Huseby, Inc.  Regional Centers**            800-333-2082
**Charlotte ~ Atlanta ~ Washington, DC ~ New York ~ Houston ~ San Francisco**
Case 5:15-cv-00156-D   Document 101-7   Filed 08/08/16   Page 85 of 85