IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Consolidated Civil Action

| | |
|---|---|
| RALEIGH WAKE CITIZENS ASSOCIATION, et al.<br><br>                     Plaintiffs,<br><br>v.<br><br>WAKE COUNTY BOARD OF ELECTIONS,<br><br>                     Defendant. | No. 5:15-cv-156 |
| CALLA WRIGHT, et al.,<br><br>                     Plaintiffs,<br><br>v.<br><br>THE STATE OF NORTH CAROLINA, et al.,<br><br>                     Defendants. | No. 5:13-cv-607 |

**PLAINTIFFS' RESPONSE TO COURT ORDER OF JULY 27, 2016 and
TO JULY 18, 2016 FILINGS**

      To clarify their position and preserve their claims herein, Plaintiffs submit this short

memorandum of authorities in response to this Court's Order issued July 27, 2016, (ECF No.

86[1]), and in response to the various filings by parties and non-parties to this action on July 18, 2016 (ECF Nos. 81, 83, 84). Plaintiffs continue to rely upon, and incorporate herein, the arguments and authorities in Plaintiffs' Submission on Appropriate Remedies, July 18, 2016 (ECF No. 82).

1. **<u>THIS COURT DOES NOT HAVE THE AUTHORITY TO ORDER THE USE OF REMEDIAL DISTRICT PLANS</u>**

This Court's Order of July 27, 2016, (ECF No. 86 at 2) states that Plaintiffs "want the Court to adopt as court-ordered remedial plans the plans that were in effect in 2011." While the practical outcome is virtually the same, Plaintiffs' position is that in the circumstances of this case, where there already exist fully constitutional and previously implemented districts for the Wake County School Board and Board of County Commissioners, the Court has no power or authority to order any remedial districts and to do so could be reversible error. *See Cleveland Cnty. Assoc. for Gov't by the People v. Cleveland Cnty. Bd. of Comm'rs,* 142 F.3d 468 (D.C. Cir. 1998) (vacating decree entered where existing method of election was not contrary to federal law). Plaintiffs urge the Court to issue an injunction barring the defendant Wake County Board of Elections, the only proper party in this case, *see Wright v. North Carolina,* 787 F.3d 256, 262-63 (4th Cir. 2015), from implementing the statutes held unconstitutional by the Court of Appeals. Indeed, that court's instruction is clear and unambiguous: "We remand with instructions to enter immediately judgment for Plaintiffs, granting both declaratory relief and a permanent injunction, as to the one person, one vote claims." *Raleigh Wake Citizens Ass'n v. Wake Cnty. Bd. of Elections,* No. 15-156, U. S. App. LEXIS 12136 at *45, July 1, 2016.

Once that injunction issues, the State Board of Elections has the legal authority to make administrative adjustments to election schedules to proceed with elections under the prior, legal

---

[1] Unless otherwise noted, all citations to documents filed in these consolidated cases are to the lead case, *Raleigh Wake Citizens Assn. et al., v. Wake Cty. Bd. of Elections, et al.,* No. 5:15-cv-156.

2

method of election. N.C. Gen. Stat. § 163-22.2. Thus, Plaintiffs' position is that until, pursuant to state law, either the North Carolina General Assembly acts to change the method of election for the Wake County School Board and Board of County Commissioners, or, pursuant to state law, the County Commission itself changes its structure and manner of election, *see* N. C. Gen. Stat. § 153A-58, or until the prior systems are found to be contrary to federal statutory or constitutional law, this Court has no authority to order remedial districts.

The U.S. Supreme Court has been clear that "[f]rom the beginning, we have recognized that reapportionment is primarily a matter for legislative consideration and determination, and that judicial relief becomes appropriate only when a legislature fails to reapportion according to federal constitutional requisites in a timely fashion after having had an adequate opportunity to do so." *White v. Weiser*, 412 U.S. 783, 794-795 (1973) (citations omitted). The Supreme Court's recent opinion in *Perry v. Perez,* 132 S. Ct. 934 (2012) reaffirms that a court does not have the authority to order remedial redistricting plans where the existing plans can be implemented. In that case, arising in the Section 5 context, the Court explained:

> Redistricting is 'primarily the duty and responsibility of the State.' *Chapman v. Meier*, 420 U.S. 1, 27, 95 S. Ct. 751, 42 L. Ed. 2d 766 (1975). The failure of a State's newly enacted plan to gain preclearance prior to an upcoming election does not, by itself, require a court to take up the state legislature's task. That is because, in most circumstances, the State's last enacted plan simply remains in effect until the new plan receives preclearance.

*Perry v. Perez,* 132 S. Ct. at 940. Similarly, in this case, the last enacted plan for the school board and county commission simply remains in effect until such time as a new system is properly adopted pursuant to state law.
3

Case 5:15-cv-00156-D Document 101-8 Filed 08/29/16 Page 3 of 6
Case 5:15-cv-00156-D Document 87-8 Filed 08/02/16 Page 3 of 6

## 2. **REVERTING TO THE PRIOR ELECTION METHOD FOR 2016 ELECTIONS IS POSSIBLE WITHOUT SIGNIFICANT DISRUPTION**

Plaintiffs contend that based on the representations of the Wake County Board of Elections, the current election deadlines, unless they are modified by the North Carolina State Board of Elections, require that candidate filings, including potential write-in candidates, be concluded by August 10, 2016. *See* Def's Resp. to July 8, 2016 Order at 3, 5, July 18, 2016, ECF No. 83. It is entirely possible to open a short filing period for the five school board district seats that were elected in 2011 in advance of the August 10th deadline, and to proceed with elections for those seats.

The legislators, filing a pleading in this case, argue that because different plaintiffs in an entirely different lawsuit regarding the potential for new (rather than existing) districts to be implemented for state legislative seats, made representations concerning the deadlines that might be applicable in those circumstances, similar deadlines should thus apply in this case. However, the circumstances here, dealing with a redistricting plan within a single county, and using districts that have been used in the past, are completely different.

Moreover, the legislators are asking this Court to blatantly disregard the direction of the Court of Appeals, which is not ambiguous, and to order elections in 2016 using the unconstitutional district system they enacted. This is contrary to law. This court is bound by the Court of Appeals decision in this case, and must act in a manner designed to ensure protection of the fundamental right to an equal vote. As the Supreme Court stated "[t]his Court has consistently held in a long series of cases, that in situations involving elections, the States are required to insure that each person's vote counts as much, insofar as it is practicable, as any other person's." *Hadley v. Junior College Dist.*, 397 U.S. 50, 54 (1970). Deprivation of a fundamental right, even for a short period of time, is irreparable harm. *Personhuballah v. Alcorn*, 2016 U.S.

4

Dist. LEXIS 2054 (E.D. Va. Jan. 7, 2016) ("Deprivation of a fundamental right, such as limiting the right to vote in a manner that violates the Equal Protection Clause, constitutes irreparable harm.") (citing *Elrod v. Burns*, 427 U.S. 347, 373-74, (1976); *Johnson v. Mortham*, 926 F. Supp. 1540, 1543 (N.D. Fla. 1996)). Indeed, the "[p]otential injury of an election in which citizens are deprived of their right to vote negates any damage that may be sustained by [the jurisdiction] in the potential delay of elections." *Dye v. McKeithen*, 856 F. Supp. 303, 306 (W.D. La. 1994).

In this case there is no need for interim maps or court-drawn maps. The 2011 districts previously enacted pursuant to state law and implemented for both bodies can be used for the 2016 elections with minimal disruption to existing election deadlines. There is no justification to disregard the clear direction of the Court of Appeals and implement the unconstitutional statutes enacted by the General Assembly for Wake County elections in 2016. In these circumstances, this court does not have the authority to draw its own districts or to require any other entity to do so. Plaintiffs' rights to an equal vote can be vindicated only by the declaratory and injunctive relief they seek barring the use of the unconstitutional systems enacted by the General Assembly in 2013 and 2015.

Respectfully submitted this 2nd day of August, 2016.

/s/ Anita S. Earls
Anita S. Earls
N.C. State Bar No. 15597
Allison J. Riggs
N.C. State Bar No. 40028
SOUTHERN COALITION
FOR SOCIAL JUSTICE
1415 West Highway 54, Suite 101
Durham, NC 27707
919-794-4198
anita@southerncoalition.org
Counsel for Plaintiffs

5

Case 5:15-cv-00156-D Document 101-8 Filed 08/26/16 Page 5 of 6
Case 5:15-cv-00156-D Document 87 Filed 08/02/16 Page 5 of 6

# CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the foregoing PLAINTIFFS' RESPONSE TO COURT ORDER OF JULY 27, 2016 and TO JULY 18, 2016 FILINGS with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel and parties of record.

This the 2nd day of August, 2016.

/s/ Anita S. Earls
Anita S. Earls
N.C. State Bar No. 15597
Southern Coalition for Social Justice
1415 W. Highway 54, Suite 101
Durham, NC 27707
Telephone: (919) 323-3380
Facsimile: (919) 323-3942
Email: Anita@southerncoalition.org
*Counsel for Plaintiffs*

6

Case 5:15-cv-00156-D Document 101-8 Filed 08/28/16 Page 6 of 6
Case 5:15-cv-00156-D Document 87 Filed 08/02/16 Page 6 of 6