IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Consolidated Civil Action

| | | |
|---|---|---|
| RALEIGH WAKE CITIZENS ASSOCIATION, et al., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 5:15-cv-156 |
| WAKE COUNTY BOARD OF ELECTIONS, | ) ) ) ) | |
| Defendant. | ) ) ) | |
| CALLA WRIGHT, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 5:13-cv-607 |
| THE STATE OF NORTH CAROLINA, et al., | ) ) ) ) | |
| Defendants. | ) ) | |

**PLAINTIFFS' RESPONSE TO COURT ORDER OF AUGUST 4, 2016**

All Plaintiffs in this consolidated action, by and through counsel, respectfully submit the following points and authorities regarding the appropriate remedy in these cases in response to this Court's Order of August 4, 2016. No. 5:15-cv-156, ECF No. 93.

**1. The Declaratory Relief in the Court's Order Is Not the Full Relief to which Plaintiffs Are Entitled.**

In remanding these cases on July 1, 2016, the United States Court of Appeals for the Fourth Circuit instructed this Court to "enter immediately judgment for Plaintiffs, granting both

declaratory relief and a permanent injunction, as to the one person, one vote claims" under the United States Constitution and North Carolina Constitution. *Raleigh Wake Citizens Ass'n v. Wake Cnty. Bd. of Elections*, No. 16-1270 (4th Cir. July 1, 2016) (slip op., at 44) (hereinafter "*RWCA*"). Plaintiffs' one person, one vote claims for relief sought a declaration that Session Law 2013-110 and Session Law 2015-4 were unconstitutional because they violated equal protection guarantees of the state and federal constitutions, and sought an injunction prohibiting enforcement of those session laws. No. 5:15-cv-156, ECF No. 22 at 17-18 (Am. Compl.); No. 5:13-cv-607, ECF No. 1 at 21-22 (Compl.). In accordance with Plaintiffs' claim that the session laws should be stricken in their entirety as a result of the one person, one vote violation, the Fourth Circuit concluded that the legislature's stated rationales for the challenged redistricting plans were no more than "pretextual" cover-ups for unconstitutional conduct, *RWCA,* No. 16-1270 (slip. op., at 34), a finding supported by the fact that an alternative plan in the record would have met "all of the stated rationales . . . while creating only miniscule deviations," *Id.* at 35-36.

However, rather than declaring the challenged session laws unconstitutional and enjoining their enforcement, this Court in its August 4 Order merely "declare[d] that the *population deviations* in the redistricting plans in Session Law 2013-110 for the Wake County School Board and Session Law 2015-4 for the Wake County Board of Commissioners violate the equal protection clauses of the Fourteenth Amendment to the United States Constitution and Article I, § 19 of the North Carolina Constitution." No. 5:15-cv-156, ECF No. 93 at 2 (Aug. 4 2016 Order) (emphasis added). This is contrary to the Court of Appeals' clear instructions. *RWCA,* No. 16-1270 (slip op., at 44). Enjoining merely the deviations in the unconstitutional plans is not the relief ordered by the Court of Appeals, and has not been the relief routinely afforded to prevailing plaintiffs in one person, one vote cases. *See, e.g., Larios v. Cox*, 300 F.

2

Case 5:15-cv-00156-D Document 101-9 Filed 08/08/16 Page 2 of 7
Case 5:15-cv-00156-D Document 96-9 Filed 08/05/16 Page 2 of 7

Supp. 2d 1320, 1356 (N.D. Ga.), *summarily aff'd*, 124 S. Ct. 2806 (2004) (enjoining further use of the challenged districts, not just their population deviations, in future elections).

Plaintiffs are entitled to complete relief on their one person, one vote claims, including relief from the clearly "pretextual" fruits of the unconstitutional tree. *RWCA,* No. 16-1270 (slip. op., at 34). As the Fourth Circuit has recently ruled: "courts are tasked with shaping '[a] remedial decree . . . to place persons' who have been harmed by an unconstitutional provision 'in the position they would have occupied in the absence of [discrimination].'" *N.C. State Conf.of the NAACP v. North Carolina,* No. 16-1468, 2016 U.S. App. LEXIS 13797, *73 (July 29, 2016) (quoting *United States v. Virginia*, 518 U.S. 515, 547 (1996)). Here, the discrimination by the General Assembly was on the basis of partisan affiliation, but the principle remains the same. Here, as in other civil rights actions involving claims of discrimination, "the proper remedy for a legal provision enacted with discriminatory intent is invalidation." *Id.* In this case it means Plaintiffs are entitled to a declaration that the two statutes challenged in this case are unconstitutional under the equal protection clauses of the North Carolina and United States Constitutions.

**2. The Statutory Provisions Are Not Severable.**

Relatedly, in affording Plaintiffs relief as to only the numerical deviations resulting from the unconstitutional redistricting plans, this Court is deciding the question of whether the challenged session laws are severable without addressing this point. Notably, neither Session Law 2013-110 nor Session Law 2015-4 contains a severability clause. *See* 2015 N.C. Sess. Laws 4; 2013 N.C. Sess. Laws 110. At the very least, this court must consider North Carolina law on severability, examine the statute at issue, and review whether the legislature would have enacted the statute without the unconstitutional districts. *See Flippin v. Jarrell*, 301 N.C. 108,

3

Case 5:15-cv-00156-D Document 101-9 Filed 09/08/16 Page 3 of 7
Case 5:15-cv-00156-D Document 96 Filed 08/05/16 Page 3 of 7

117-18, 270 S.E.2d 482, 488-89 (1980) (when a portion of a statute is declared unconstitutional, the remainder will be given effect only if severable); *Jackson v. Guilford Cnty. Bd. of Adjustment,* 275 N.C. 155, 168-69, 166 S.E.2d 78, 87 (1969) (when a portion of a statute is stricken, the whole must fall absent a clear legislative intent to the contrary); *see also N.C. State Conf. of the NAACP v. North Carolina*, No. 16-1468, 2016 U.S. App. LEXIS 13797, *72 (4th Cir. July 29, 2016) ("In North Carolina, severability turns on whether the legislature intended that the law be severable, and whether provisions are so interrelated and mutually dependent on others that they cannot be enforced without reference to another." (internal citations and quotation marks omitted)).

3. **The Court Cannot Reject the Use of the Prior Districts Without Finding Them Unconstitutional or Otherwise Contrary to Federal Law.**

Finally, Plaintiffs reiterate their objections to entry of a court-imposed map at this stage. *See* No. 5:15-cv-156, ECF No. 90 (Pls.' Post-Hearing Mem.); ECF No. 87 (Pls.' Response to Court Order); ECF No. 82 (Pls.' Submission on Appropriate Remedies). The Supreme Court's guidance on this point is clear: "judicial relief becomes appropriate *only* where a legislature fails to reapportion according to federal constitutional requisites in a timely fashion after having had an adequate opportunity to do so."[1] *White v. Weiser*, 412 U.S. 783, 794-95 (1973) (emphasis added). Particularly where a prior constitutional plan exists and can be readily implemented, this Court lacks the authority to order a new plan. *See Perry v. Perez*, 132 S. Ct. 934, 940 (2012) (reaffirming that a court does not have authority to order new plans where existing constitutional

---

[1] Requiring deliberation and enactment by a full legislative body promotes an open legislative process, whereas eschewing the legislative process may result in non-transparent attempts at legislation-by-judge as seen in this action. *See, e.g.*, No. 5:15-cv-156, ECF No. 91 (Legislative Leaders' Notice of Filing) (accompanied by external storage drive containing files inaccessible even to GIS professionals using the recommended Maptitude redistricting software); ECF No. 95-1 (Declaration of Frederick G. McBride).

4

plans can be implemented). For a recent example of a court ordering such a reversion to prior constitutional plans in the one person, one vote context, the Court need look no farther than the Middle District of North Carolina, where plaintiffs challenging a local redistricting plan enacted by the same legislature obtained a preliminary injunction prohibiting the challenged session law's implementation and ordering that the prior plans be used for upcoming elections. *See City of Greensboro v. Guilford Cnty. Bd. of Elections*, 120 F. Supp. 3d 479 (M.D. N.C. 2015).

It is clear that "a district court has power to void and order new elections for violations of the Voting Rights Act of 1965, 42 U.S.C.S. § 1973, and the Constitution." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 357 F.3d 260 (2nd Cir. 2004); *see also Hadnott v. Amos,* 394 U.S. 358 (1969) (federal courts have the power to invalidate elections held under constitutionally infirm conditions); *Pope v. County of Albany*, 687 F.3d 565, 569-70 (2nd Cir. 2012) (citing *Bell v. Southwell*, 376 F.2d 659, 665 (5th Cir. 1967) (holding that district court has power to void and order new elections for violations of VRA and Constitution)); *Stewart v. Taylor*, 104 F.3d 965, 970 (7th Cir. 1997) (stating that, despite holding of challenged election, court could order new election if plaintiff's motion for preliminary injunction has merit); *Hamer v. Campbell*, 358 F.2d 215, 222 (5th Cir. 1966) ("[H]aving concluded that the . . . election should have been enjoined, we now must set it aside in order to grant appellants full relief in the same manner as if the said election had been enjoined." (internal quotation marks omitted)). However, the court's power to impose its own choice of districts is limited to the circumstance where there exists no legally enforceable set of districts drawn by the governmental entity with authority to do so under state law.

In conclusion, Plaintiffs in this consolidated action respectfully request that the Court enjoin Session Law 2013-110 and Session Law 2015-4 in their entirety and order that the

5

Case 5:15-cv-00156-D Document 101-9 Filed 08/05/16 Page 5 of 7
Case 5:15-cv-00156-D Document 96-9 Filed 08/03/16 Page 5 of 7

constitutional election systems in effect for the Wake County Board of Commissioners and Board of Education before the unconstitutional laws were enacted be immediately re-implemented for use in the 2016 general election.

Respectfully submitted this 5th day of August, 2016.

/s/ Anita S. Earls
Anita S. Earls
N.C. State Bar No. 15597
Allison J. Riggs
N.C. State Bar No. 40028
SOUTHERN COALITION
FOR SOCIAL JUSTICE
1415 W. Highway 54, Suite 101
Durham, NC 27707
Telephone: (919) 323-3380
Facsimile: (919) 323-3942
Email: anita@southerncoalition.org
*Counsel for Plaintiffs*

6

Case 5:15-cv-00156-D Document 101-9 Filed 09/08/16 Page 6 of 7
Case 5:15-cv-00156-D Document 96-9 Filed 08/05/16 Page 6 of 7

# CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the foregoing **Plaintiffs' Response to Court Order of August 4, 2016** with the Clerk of Court using the CM/ECF system, which will send electronic notification of such filing to all counsel and parties of record.

This the 5th day of August, 2016.

                                                /s/ Anita S. Earls
                                                Anita S. Earls
                                                N.C. State Bar No. 15597
                                                Southern Coalition for Social Justice
                                                1415 W. Highway 54, Suite 101
                                                Durham, NC 27707
                                                Telephone: (919) 323-3380
                                                Facsimile: (919) 323-3942
                                                Email: anita@southerncoalition.org
                                                *Counsel for Plaintiffs*

7

Case 5:15-cv-00156-D Document 101-9 Filed 08/08/16 Page 7 of 7
Case 5:15-cv-00156-D Document 96 Filed 08/05/16 Page 7 of 7