IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| RALEIGH WAKE CITIZENS ASSOCIATION, et al. | ) ) ) | |
| *Plaintiffs,* | ) ) | No. 5:15-cv-156 |
| *v.* | ) ) | |
| WAKE COUNTY BOARD OF ELECTIONS, | ) ) | |
| *Defendant.* | ) | |
| | | |
| CALLA WRIGHT, et al. | ) ) | |
| *Plaintiffs,* | ) ) | |
| *v.* | ) ) | No. 5:13-cv-607 |
| STATE OF NORTH CAROLINA, et al. | ) ) | |
| *Defendant.* | ) ) | |

**DEFENDANT'S RESPONSE TO AUGUST 7, 2016 ORDER**

Defendant Wake County Board of Elections ("WBOE") respectfully submits the following response to this Court's Order entered on August 7, 2016 (D.E.[1] 97).

Defendant is planning to proceed with at-large elections for Districts 4, 5 and 6 of the Wake County Board of County Commissioners under the residency districts used in the 2014 BOCC election. The use of those districts for 2016 was authorized by Session Law 2015-4 and a primary election has been held. Accordingly, Defendant's response addresses the feasibility of holding elections for the Wake County Board of Education in November 2016 and for a 2-district plan for the Wake County Board of County Commissioners.

---

[1] Cites to "D.E." refer to docket entries in 5:15-cv-156.

**I.    Coding of Districts**

The time required to code specific electoral districts—i.e., to assign voters to particular districts—is determined largely by how many precincts are divided along district lines because the process of assigning residences to a district within a divided precinct takes additional time.

The estimated time to code the districts in the four plans cited in the Court's order are as follows:

1.    <u>Districts that were declared unconstitutional ("2013 Districts")</u>.  These districts have already been coded for the Board of Education and for Board of County Commissioners Districts A and B.  These districts are currently in effect pending an order of this court regarding the remedy.

2.    <u>Districts in previous Board of Education plan and previous County Commissioners plans ("2011 Districts")</u>.  These districts were previously coded and last used in the 2013 Board of Education elections and the 2014 Board of County Commissioners elections, respectively.  Because Defendant was able to save its files relating to these previously enacted districts, Defendant could re-code these districts within one business day (and likely within a matter of hours).

3.    <u>Districts in the plan offered by Representative Rosa Gill ("Gill Districts")</u>.  The districts in the 7-member and 2-member plans offered by Representative Rosa Gill (Tr. Ex. 73, 74) appear from the printed maps not to divide precincts.  Assuming that is correct, Defendant estimates that it could receive the map[2] and code these districts within one business day.

---

[2] Receipt of a map refers to a "shape file" of the map contains the shape of the district boundaries as an overlay to the map of the county.  *See* Sims Decl. § 23.

4. <u>Districts in the Legislative Leaders Illustrative Plan ("Legislative Leaders Districts")</u>. The districts in the 7-member and 2-member plans submitted by the legislative leaders include certain divided precincts. Defendant estimates that it could receive the map and code these districts within approximately 3 business days.

## II. Feasibility of Plans

The feasibility of holding orderly elections in November 8, 2016 under any districts other than the 2013 Districts is dependent upon the impact of a new filing period required for 2011 Districts, the Gill Districts, or the Legislative Leaders Districts. A new filing period will necessarily encroach on the period of time between August 10 and September 9 that Defendant traditionally has used to prepare and test ballots in preparation for mailing military overseas and absentee ballots. The impact of such encroachment—i.e., the amount of staffing and other resources required to be diverted from other tasks in order to meet current deadlines—would depend upon the length of the new filing period and/or any extensions of deadlines by the State Board of Elections (SBOE) or this Court.[3]

For the reasons set forth in D.E. # 83, it is not feasible for Defendant to hold new <u>primary</u> elections for the Board of County Commissioners for Gill Districts A and B, for Legislative Leaders Districts A and B, or for any other primary election that may be required to comply with Section 1.(a) of Session Law 2015-4.

In light of these administrative factors, Defendant ranks the plans in the following order of feasibility (with #1 being the most feasible) for orderly elections on November 8, 2016.

1. <u>2013 Districts</u>. These districts require no coding, no new filing period, and a primary election has been held for Districts A and B for the Board of County Commissioners.

---

[3] The filing period traditionally opens after maps are received and coded.

2. <u>2011 Districts</u>. These districts would require less than 1 day for coding, and they would require a new filing period.[4] The 2011 Districts do not include a separate 2-member plan for Districts A and B.

3. <u>Gill Districts</u>. These districts would require 1 day for coding, and they would require a new filing period. It is not feasible to add a new primary election for Districts A and B under the Gill Districts for election to the Board of County Commissioners.

4. <u>Legislative Leaders Districts</u>. These districts would require approximately 3 days for coding, and they would require a new filing period. It is not feasible to add a new primary election for Districts A and B under the Legislative Leaders Districts for election to the Board of County Commissioners.

Defendant's rankings are solely related to feasibility from an election administration perspective. It does not address or express any opinion on the propriety of any particular remedy or any potential impact on orderly elections after November 8, 2016.

---

[4] A new filing period would be required regardless of whether all nine Board of Education seats are up for election as specified in Session Law 2013-110, or whether only some seats would be up for election (*see* D.E. 81 at 8-9) (proposal of Plaintiffs regarding Board of Education arguing that 5 seats would be up for election).

Respectfully submitted the 8th day of August, 2016.

/s/ Charles F. Marshall
Charles F. Marshall
Matthew B. Tynan
Jessica Thaller-Moran
BROOKS, PIERCE, McLENDON,
  HUMPHREY & LEONARD, L.L.P.
1700 Wells Fargo Capitol Center
150 Fayetteville Street
Raleigh, NC 27601
(919) 839-0300
cmarshall@brookspierce.com
mtynan@brookspierce.com
jthaller-moran@brookspierce.com
*Counsel for Wake County Board of Elections*

# CERTIFICATE OF SERVICE

I hereby certify that on August 8, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and have verified that such filing was sent electronically using the CM/ECF system to the following:

>   Anita S. Earls
>   Allison Jean Riggs
>   Southern Coalition for Social Justice
>   1415 West Highway 54, Suite 101
>   Durham, NC 27707
>   919-323-3380 x115
>   Fax: 919-323-3942
>   anita@southerncoalition.org
>   allison@southerncoalition.org
>   *Counsel for Plaintiffs-Appellants*

>   Respectfully Submitted,
>
>   /s/ Charles F. Marshall
>   Charles F. Marshall