IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Consolidated Civil Action

| | | |
|---|---|---|
| **RALEIGH WAKE CITIZENS, ASSOCIATION, et al.,** | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | No. 5:15-CV-156-D |
| **WAKE COUNTY BOARD OF ELECTIONS** | ) ) ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| **CALLA WRIGHT, et al.,** | ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | No. 5:13-CV-607-D |
| **STATE OF NORTH CAROLINA,** | ) ) | |
| Defendant. | ) | |

## EXPEDITED MOTION TO INTERVENE BY CAROLINE SULLIVAN

Pursuant to Rule 24 of the Federal Rules of Civil Procedure, movant Caroline Sullivan seeks emergency and expedited intervention in the above-captioned action for the limited purpose of seeking relief as to the implementation and enforcement of this Court's 9 August 2016 Order, and specifically pursuant to the Court's express retention of jurisdiction to "implement, enforce, and amend th[e] judgment in order to ensure timely and orderly elections and to provide other appropriate

relief as needed." If allowed to intervene for the limited purpose of seeking emergency relief in connection with the implementation of the Court-ordered remedial election plan, as stated in the separate motion filed contemporaneously herewith, Sullivan further moves the Court to: (1) expeditiously amend its 9 August 2016 Order to allow Sullivan the opportunity to continue her candidacy for election to the Wake County Board of Commissioners, for which office she timely filed and is qualified in all respects; (2) order expedited briefing or other expedited response from the parties such that the relief sought may be granted and the election for Wake County Board of Commissioners may proceed.

    1.    Sullivan should be permitted to intervene as a matter of right pursuant to Rule 24(a)(2) of the Federal Rules of Civil Procedure and in the Court's discretion because she has an interest relating to the Court-ordered 2016 election plan for the Wake County Board of Commissioners, and she is so situated that disposition of this action impairs her ability to protect her interest, and the existing parties to the lawsuit do not represent her interest. Alternatively, the Court should allow Sullivan to intervene pursuant to Rule 24(b)(1), as she has a "claim or defense that shares with the main action a common question of law or fact": the appropriate implementation of the Court-ordered election plan for the 2016 Wake County Board of Commissioners election.

    2.    Sullivan currently serves as a member of the Wake County Board of Commissioners. In 2012, pursuant to the election plan adopted in 2011, she was elected to the District 4 seat to serve a four-year term. Thus, if she wanted to

continue to serve on the Board of Commissioners, she would be required to run for election during the 2016 election cycle. Sullivan timely filed to stand for re-election to the Wake County Board of Commissioners during the 2016 election cycle. She was in all respects a qualified candidate for the Wake County Board of Commissioners until approximately 10 August 2016, when the Wake County Board of Elections and State Board of Elections met after this Court issued its 9 August 2016 Order regarding the 2016 election plan for the Wake County Board of Education and the Wake County Board of Commissioners.

3. During 2015, before the candidate filing period opened for the 2016 Wake County Board of Commissioners election, the General Assembly passed N.C. Session Law 2015-4, which devised a new election plan for the Wake County Board of Commissioners. Among other changes, Session Law 2015-4 re-drew the districts and created two new super districts, lettered districts A and B.

4. Under N.C. Session Law 2015-4, Sullivan was eligible to file as a candidate to run in two districts.

    a. Section 1(b) of Session Law 2015-4 specified that: "In the 2016 election, one member each shall be elected from Districts 4, 5, and 6 of the districts used by the Wake County Board of Commissioners in the 2014 election, to serve a two-year term. The members shall reside in those 2014 districts and run at-large in the County." After the 2016 election, however, pursuant to the 2015 election plan, these districts would no longer exist.

b. Section 1(c) of Session Law 2015-4 specified that: "In the 2016 election, and quadrennially thereafter, two members shall reside and run in the lettered districts established under Section 5 of S.L. 2013-110 and used by the Wake County Board of Education for electoral districts, to serve four-year terms."

5. At the time of candidate filing in December 2015, to have the opportunity to continue to serve on the county commission, Sullivan was forced to choose a district in which to pursue her candidacy under the 2015 plan: (a) the "old" District 4, which would be a term of only two years and which district would no longer exist after those two years; or (b) newly-created super district "A," which would result in a four-year term.

6. Pursuant to the election plan in place under Session Law 2015-4, in December 2015, Sullivan timely filed with the Wake County Board of Elections to run in 2016 for the Wake County Board of Commissioners in super district A. Her application was accepted and she became a candidate for the 2016 Wake County Board of Commissioners election.

7. Sullivan was serving as a county commissioner when this lawsuit was filed and during its pendency. Defendant Wake County Board of Elections is a division under the Wake County Board of Commissioners. Because the Wake County Board of Commissioners has responsibilities in connection with the Wake County Board of Elections, Sullivan did not believe it to be appropriate to be

involved in this lawsuit. In fact, separate counsel was hired for the Wake County Board of Election for this case to avoid any conflict, actual or perceived.

8. This Court's 9 August 2016 Order did not directly prescribe whether there would be a new candidate filing period for either the Wake County Board of Education or the Wake County Board of Commissioners, or what disposition would be made regarding the qualified candidates who filed pursuant to the 2015 election plan. The day after the Order issued, the local and state Boards of Elections held emergency meetings concerning the Wake County races. The Boards of Elections instituted a candidate filing period for the Wake County Board of Education race pursuant to the election plan adopted by the Court in its 9 August 2016 Order. The Boards of Elections, however, did not address the Board of Commissioners race at all in their actions and, on information and belief, made no statements about candidate filing for the 2016 Wake County Board of Commissioners election.

9. Thereafter, Sullivan went to the Wake County Board of Elections and attempted to file to run in residency District 4 pursuant to the Court-ordered election plan for 2016. She was turned away. Her requests to the local and state Boards of Election to be allowed to continue to stand as a candidate in the 2016 election to the county commission, specifically seeking a candidate filing period that corresponds to the election plan that will go forward, were denied. Further, the local and state Boards of Elections' authority to fashion any relief for Sullivan is generally limited to their statutory authority, which would allow for modification of timelines for required processes such as candidate filing and other election dates.

5

Case 5:15-cv-00156-D   Document 108   Filed 08/22/16   Page 5 of 9

In contrast, this Court's powers to fashion an equitable remedy after the invalidation of an election plan are broader.

10. No party in this action adequately represents Sullivan's interest in the remedy in this case. While at least one plaintiff is a candidate for election to the county commission, that plaintiff filed to run in residency District 4. Plaintiffs in this action do not share the interest of a county commission candidate who filed to run for election in a district that will be removed from the ballot pursuant to the Court-ordered remedy. In fact, from the written submissions to the Court, it appears that Plaintiffs advocated no relief for county commissioner candidates who filed in the lettered districts. Rather, Plaintiffs took the position that the Court need not open candidate filing or take any other remedial action with respect to the candidates who did not file in Districts 4, 5, and 6.

11. Similarly, defendant Wake County Board of Elections does not represent Ms. Sullivan's interest as a qualified candidate for election who has in all respects otherwise complied with filing deadlines and candidate requirements. Indeed, the Wake County Board of Elections is charged with remaining a neutral agency that should not advocate on behalf of any candidate.

12. Finally, Sullivan's motion to intervene at this point is timely under the circumstances. First, multiple courts, including the United States Supreme Court, have recognized that post-judgment intervention can be timely under certain circumstances. Here, Sullivan had no reason to intervene before it became clear that the chosen remedy in this case would result in the cancellation of her

candidacy and that she would not be given the opportunity to file to run for re-election, despite the change in the 2016 election plan. She is filing this motion within one business day of the local Board of Elections' denial of her request to continue her candidacy. Second, as a sitting county commissioner, Sullivan had a reason to not be involved in a lawsuit in which the sole defendant was an agency over which the County Commission has oversight responsibilities. Moreover, Sullivan normally would be entitled to pursue relief in North Carolina state courts from actions by the North Carolina Board of Elections, such as the decisions not to open candidate filing and effectively cancelling Ms. Sullivan's candidacy. In this case, however, this Court expressly retained jurisdiction to "implement, enforce, and amend th[e] judgment in order to ensure timely and orderly elections and to provide other appropriate relief as needed." As a result, Sullivan cannot seek relief from state court and intervention in this action is her only opportunity to seek review of the decisions of the Boards of Elections.

In further support of this Motion, Sullivan relies on the facts, arguments, and authorities set forth in the contemporaneously-filed Affidavit of Caroline Sullivan and Brief in Support of Motion to Intervene and for Expedited Relief Under the Court's 9 August 2016 Order.

WHEREFORE, Sullivan respectfully requests that this Court:

1. Shorten the time and method for all parties to respond to this Motion by (a) requiring the parties to: indicate their consent or opposition to this Motion within one (1) business day of the filing of this Motion; (b) requiring any party who

opposes intervention to submit a brief in opposition within two (2) business days of this Motion; and (c) dispensing with any further briefing from any party who consents to the intervention; and

(2) Expeditiously grant this Motion to Intervene and allow Sullivan to appear in this action to seek emergency relief in connection with the implementation of the Court-ordered remedial election plan for the 2016 Wake County Board of Commissioners Election.

This the 22nd day of August, 2016.

/s/ Shannon R. Joseph
Shannon R. Joseph
N.C. State Bar No. 22144
Jeffrey L. Roether
N.C. State Bar No. 48229
MORNINGSTAR LAW GROUP
1330 St. Mary's Street, Suite 460
Raleigh, NC 27605
Telephone: (919) 829-7394
Facsimile: (919) 829-7396
SJoseph@morningstarlawgroup.com

4838-4987-8839, v. 1

# CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the foregoing **EXPEDITED MOTION TO INTERVENE BY CAROLINE SULLIVAN** with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel and parties of record herein.

This the 22nd day of August, 2016.

/s/ Shannon R. Joseph
**MORNINGSTAR LAW GROUP**
1330 St. Mary's Street, Suite 460
Raleigh, NC 27605
Telephone: (919) 829-7394
Facsimile: (919) 829-7396