IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Consolidated Civil Action

| | | |
|---|---|---|
| RALEIGH WAKE CITIZENS, ASSOCIATION, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | No. 5:15-CV-156-D |
| WAKE COUNTY BOARD OF ELECTIONS | ) ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| CALLA WRIGHT, et al., | ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | No. 5:13-CV-607-D |
| STATE OF NORTH CAROLINA, | ) ) | |
| Defendant. | ) | |

## MOTION BY CAROLINE SULLIVAN
## FOR EXPEDITED RELIEF UNDER THE COURT'S 9 AUGUST 2016
## ORDER

In its 9 August 2016 Order declaring a remedial election plan for the 2016

Wake County Board of Commissioners election, this Court set forth an election plan

and expressly retained jurisdiction to "implement, enforce, and amend th[e]

judgment in order to ensure timely and orderly elections and to provide other

appropriate relief as needed."  Pursuant to the Court's Order, proposed Intervenor-

Movant, Caroline Sullivan ("Sullivan"), hereby moves the Court to: (1) expeditiously amend or clarify its 9 August 2016 Order as set forth below to allow Sullivan the opportunity to continue her candidacy for election to the Wake County Board of Commissioners, for which office she timely filed to run and is qualified in all respects; (2) order expedited briefing or other expedited response from the parties such that the relief sought may be granted and the election for Wake County Board of Commissioners may proceed.

1.      Until 9 August 2016, the combination of Section 1(b) and Section 1(c) of N.C. Session Law 2015-4 provided the election plan for the 2016 Wake County Board of Commissioners election.[1]  Section 1(b) provided for the election for three (3) seats:  one each from residency Districts 4, 5, and 6, as defined by the previous law.  Section 1(c) provided for the election of an additional two (2) seats:  one each from super districts A and B, as defined by N.C. Session Law 2013-110.  Thus, according to N.C. Session Law 2015-4, a total of five (5) Wake County Commissioner seats would be up for election in 2016.

2.      In or about December 2015, the candidate filing period for the 2016 Wake County Board of Commissioners election occurred.  A qualified individual seeking election in 2016 to the Wake County Board of Commissioners could file for any of the five (5) seats in which she was a resident.  By law, no candidate is permitted file in more than one district.

---

[1] The facts set forth herein, to the extent not based on documents generated by or filed in this Court, is based largely on the verified statements contained in the Affidavit of Caroline Sullivan, filed contemporaneously herewith.

3.     Pursuant to the 2016 election plan for the County Commission set forth in Session Law 2015-4, Sullivan was eligible to file to run for either the District 4 seat or the super district A seat.  Sullivan had been elected in 2012 to the District 4 County Commissioner seat and was seeking to continue her service on the Board.  Because of the structure of N.C. Session Law 2015-4, which provided only a two-year term for the District 4 seat and eradicated it thereafter, she chose to file for as a candidate in super-district A, which would carry a four-year term in a district that would survive in subsequent elections.  The Wake County Board of Elections accepted her application to be a 2016 candidate for election to the county commission, and she has in all respects complied with all requirements to be a candidate.

4.     On 9 August 2016, following the mandate of the Fourth Circuit ruling in this case, this Court "enjoined the use of the unconstitutional redistricting plan in . . . Session Law 2015-4 in any elections, including the November 2016 elections." 8/9/16 Order [D.E. 119] at 17.  The Court further ordered the Wake County Board of Elections to "use the 2011 redistricting plan that was used in the 2014 Wake County Board of Commissioners elections." *Id.* at 36.  The court specified that the "Commissioner candidates will run in residency Districts 4, 5, and 6 and be elected countywide." *Id.*

5.     All candidate filing for the 2016 election to the Wake County Board of Commissioners was conducted in December 2015 pursuant to the 2016 election plan set forth in Session Law 2015-4.  If the 2011 redistricting plan for the 2016 County

Commissioners race been the election plan in place at the time of candidate filing, Sullivan would filed to run for re-election to the seat that she won in 2012.

6.      To implement the Court-ordered election plan, the Board of Elections, with the approval of the State Board of Elections, opened candidate filing for the School Board election for five (5) business days, closing on 17 August 2016. It did not open filing for the County Commissioner race. The sample ballot generated by the Wake County Board of Elections does not include Sullivan as a candidate for election to the Wake County Board of Commissioners. The local and state Boards of Elections have rejected her requests to be allowed to run for County Commissioner under the Court's remedial plan for the 2016 Board of Commissioners election. Thus, Sullivan's otherwise valid candidacy effectively has been cancelled and no opportunity has been provided for her to stand for election.

7.      The Fourth Circuit's mandate and this Court's resulting injunction prohibiting use of the 2015 election plan for the 2016 County Commissioners race, and the substitution of a court-ordered remedial election plan, renders all steps in the process that occurred pursuant to the 2015 void or fatally infirm. In short, a hybrid remedial election plan that incorporates steps taken under the unconstitutional plan is not permissible. As discussed further in the brief submitted in support of this Motion, steps of the election process do not occur in isolation. Thus, the implementation of the Court's 9 August 2016 must provide for a valid method of candidate selection pursuant to the election plan put forward in the Court's Order.

8.     Additionally, in North Carolina, "[e]very qualified voter in North Carolina who is 21 years of age, except as in this Constitution disqualified, shall be eligible for election by the people to office." N.C. Const. art VI, § 6.  The State Constitution contains only three categories of persons disqualified from office (*i.e.*, persons who deny the being of God, who are ineligible to vote, or who have been convicted of certain crimes), none of which applies here.  *See* N.C. Const. art VI, § 8.  Sullivan's constitutional right to stand for election under Article VI of the State Constitution, as well as her rights under Article I, §§ 1, 10, 12, 14 and 19 of the State Constitution and the First and Fourteenth Amendment of the United States Constitution, has been violated by the cancellation of her candidacy and denial of the right to file.  Any implementation of the Court's Order that does not provide for a period of candidate selection conducted pursuant to that plan, and with the opportunity for qualified candidates to run, will result in an unconstitutional restriction on ballot access.  Indeed, absent a method for candidate selection under the election plan that will be put forward on a ballot to voters, it is as if the Court or the Board of Elections has chosen the candidates that will stand for election.

9.     Opening a short candidate filing period for the 2016 Board of Commissioners election under the 2011 election plan ordered by the Court would cure this constitutional infirmity.  The local and state Boards of Elections maintain that there can be no new candidate filing period for the County Commissioners race because a new filing period and further election steps would necessarily delay the election of county commissioners past the November 8 general election.  However, if

the election goes forward premised on an infirm process, the entire election is voidable.

10.     Alternatively to requiring a new filing period under the prevailing election plan, given the infirmity of the December 2015 filing period, the Court could declare the candidates "disqualified" and invoke N.C. Gen. Stat. § 163-112(d)(4). Pursuant to N.C. Gen. Stat. § 163-112(d)(4): "If death *or disqualification of candidates* results in the number of candidates being less than the number of positions to be filled for that office, then the appropriate party executive committee shall, in accordance with G.S. 163-114, make nominations of persons equal to the number of positions to be filled and no primary shall be held and those name shall be printed on the general election ballot." *Id.* (emphasis added).

11.     As a third alternative to cure the constitutional infirmities of the current implementation of the Court-ordered remedial election plan, the Court could invoke its broad discretionary powers and, under the circumstances, order that all qualified candidates who timely and previously filed for election to the Board of Commissioners be allowed to stand for election in any surviving district in which (s)he is qualified to run, with such election to be conducted by plurality vote, if necessary.

In further support of this Motion, Sullivan relies on the facts, arguments, and authorities set forth in the Affidavit of Caroline Sullivan and the Brief In Support of Expedited Motions By Caroline Sullivan To Intervene and For Relief Under The Court's August 2016 Order.

WHEREFORE, movant Caroline Sullivan respectfully requests that this Court find that the current implementation of the Court-ordered remedial election plan for the 2016 Board of Commissioners requires candidate selection pursuant to that election plan and order that the Wake County Board of Elections allow Sullivan the opportunity to continue her candidacy for election to the Wake County Board of Commissioners by either:

(a) ordering that the Board of Elections open candidate filing for the 2016 Board of Commissioners race pursuant to the court-ordered, remedial election plan and implement such deadlines for doing so to allow the least disruption to the election process, including seeking alteration of the deadlines leading up to the general election date;

(b) declaring that all Board of Commissioners candidates who filed to run pursuant to the enjoined plan for election in December 2015 are "disqualified" within the meaning of N.C. Gen. Stat. § 163-112, and require expedient nomination of candidates without the need for a primary; or

(c) invoke its equitable powers in fashioning a remedy to order that all qualified candidates who timely and previously filed for election to the Board of Commissioners be allowed to stand for election in any surviving district in which (s)he is qualified to run, with such election to be conducted by plurality vote, if necessary.

This the 22nd day of August, 2016.

/s/ Shannon R. Joseph
Shannon R. Joseph
N.C. State Bar No. 22144
Jeffrey L. Roether
N.C. State Bar No. 48229
MORNINGSTAR LAW GROUP
1330 St. Mary's Street, Suite 460
Raleigh, NC 27605
Telephone:  (919) 829-7394
Facsimile:   (919) 829-7396
SJoseph@morningstarlawgroup.com

# CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the foregoing

**MOTION BY CAROLINE SULLIVAN FOR EXPEDITED RELIEF UNDER**

**THE COURT'S 9 AUGUST 2016 ORDER** with the Clerk of Court using the

CM/ECF system which will send notification of such filing to all counsel and parties

of record herein.

      This the 22nd day of August, 2016.

/s/ Shannon R. Joseph
**MORNINGSTAR LAW GROUP**
1330 St. Mary's Street, Suite 460
Raleigh, NC 27605
Telephone: (919) 829-7394
Facsimile: (919) 829-7396
