

WELLS FARGO CAPITOL CENTER
150 FAYETTEVILLE STREET, SUITE 1700
RALEIGH, NC 27601

T 919.839.0300
F 919.839.0304
WWW.BROOKSPIERCE.COM

August 22, 2016

**By Electronic Mail**

Shannon R. Joseph, Esq.
1330 St. Mary's Street
Suite 460
Raleigh, North Carolina, 27605
E-mail: sjoseph@morningstarlawgroup.com

Re: 2016 Wake County Board of Commissioners Election

Dear Ms. Joseph:

Thank you for your letter dated August 18, 2016, regarding your client's contention that a new filing period was required for election to Residency Districts 4, 5, and 6 for the Wake County Board of Commissioners under the 2011 redistricting plan used in the 2014 elections ("Residency Districts").

The Wake County Board of Elections ("WBOE") recognizes that the Fourth Circuit's decision on July 1, 2016 created difficulties and uncertainty for voters, candidates, and state and local elections officials. In light of the pressing election deadlines, the District Court promptly and proactively moved to fashion a remedy that was consistent with the Fourth Circuit's mandate and assured the most feasible plan to accomplish a timely and orderly election on November 8, 2016. Although the WBOE understands your client's frustration that she is not able to stand for election in superdistrict A, the WBOE does not read the District Court's August 9, 2016 order to require a new filing period to be opened for election to Residency Districts 4, 5, and 6.

The plaintiffs in *Raleigh Wake Citizens Ass'n v. Wake County Board of Elections* challenged nine new electoral districts enacted by the General Assembly in Session Law 2015-4 on the ground that population deviations in those districts violated the one-person, one-vote rule. The districts at issue consisted of seven new numbered electoral districts and two new lettered electoral "superdistricts" (collectively, the "2015 Districts"). Although the General Assembly required the use of the two superdistricts in the 2016 election, the General Assembly specifically grandfathered the use of then-existing Residency Districts 4, 5, and 6 under the 2011 plan through 2018, including authorizing their continued use in the 2016 election. *See* S.L. 2015-4, § 1.(b), (d).

The plaintiffs never challenged the population deviations in Residency Districts 4, 5, and 6 under the 2011 plan. Rather, they challenged the population deviations in the 2015 Districts that would eventually replace Residency Districts 4, 5, and 6 in 2018. The Fourth Circuit's decision,

therefore did not—and could not—invalidate or otherwise prevent the use of Residency Districts 4, 5, and 6 under the 2011 plan.[1]

The commencement of the election for Residency Districts 4, 5, 6 in December 2015 was authorized under the previous 2011 plan grandfathered for use in 2016 by Session Law 2015-4. The District Court stated that it "does not construe the Fourth Circuit's opinion to hold that all of … Session Law 2015-4 violate[s] the equal protection clauses of the United States and North Carolina Constitutions" (DE # 104 at 26), and it rejected plaintiffs' arguments to the contrary (DE # 104 at 18-26). Because Residency Districts 4, 5, and 6 were never challenged or invalidated and a lawful election was proceeding in those districts, the WBOE does not read the District Court's injunctive terms regarding the 2015 Districts to invalidate the election for Residency Districts 4, 5, and 6.

In any event, the District Court's order adopts "the 2011 redistricting plan that was used in the 2014 Wake County Board of Commissioners" election. DE # 104 at 36. That 2011 plan excludes the election for superdistricts A and B, but it includes the election for Residency Districts 4, 5, and 6 that was lawfully proceeding under the 2011 plan. Because the legality of that election was never at issue, both plaintiffs and the WBOE agreed in their initial post-remand submissions to the District Court that no modifications were required to continue with the election process that had commenced in December 2015. *See* DE # 82 at 8; DE # 83 at 4. Accordingly, the WBOE does not read the District Court's remedial plan to require the WBOE to reopen a filing period for election to Residency Districts 4, 5, and 6 under the 2011 plan when those districts were not challenged, invalidated, or enjoined, and when a lawful election was in progress under the 2011 plan.

Most importantly, the WBOE's overarching goal throughout the remand proceedings has been to minimize any additional burden on the timely and orderly administration of elections on November 8, 2016. Consistent with that goal, the WBOE informed the District Court that any remedial plan requiring any primary election would be "not feasible" to administer in light of the current election deadlines and the burden imposed upon the WBOE staff and resources. (DE # 83 at 5, DE # 103 at 3).[2] This concern was not disputed by the plaintiffs, the State Board of Elections,

---

[1] The District Court declared that the Fourth Circuit's mandate invalidated the population deviations within the 2015 Districts. *See, e.g.*, DE # 93 ("[T]he court declares that the population deviations in the redistricting plans in Session Law 2013-110 for the Wake County School Board and Session Law 2015-4 for the Wake County Board of Commissioners violate the equal protection clauses of the Fourteenth Amendment to the United States Constitution and Article I, § 19 of the North Carolina Constitution."); *see also* DE # 104 at 2, 16, 20.

[2] These filings include specific references to primary elections for superdistricts A and B because those were the only districts that had been invalidated and, therefore, would be subject to remedial modifications. But the same rationale applies for any primary election in any partisan race, including for Residency Districts 4, 5, and 6.

Shannon R. Joseph, Esq.
August 22, 2016
Page 3

or the District Court.[3]  That concern has only grown—with a primary now being effectively impossible—as the WBOE approaches the September 9, 2016 statutory deadline to mail absentee ballots.

      The District Court's August 9, 2016 order expressly states that it retains jurisdiction to "implement, enforce, and amend its judgment in order to ensure timely and orderly elections and to provide other appropriate relief as needed." Although we sincerely hope that no further proceedings are necessary, please let us know immediately if you intend to file proceedings in the District Court so that we may make appropriate arrangements to respond.

                                  Sincerely,

                                  Charles F. Marshall

cc:    Josh Lawson, Esq., North Carolina State Board of Elections (by e-mail)
        Allison Riggs, Esq. (by e-mail)
        Gary Sims (by e-mail)

---

[3] At a hearing on August 2, 2016, the District Court remarked that "it didn't seem possible" to hold a primary in light of the election schedule presented to the District Court for review. Transcript of Proceedings, August 2, 2016, at 58.

EXHIBIT C