IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Consolidated Civil Action

RALEIGH WAKE CITIZENS )
ASSOCIATION, et al., )
 )
               Plaintiffs, )
 )
    v. )    No. 5:15-CV-156-D
 )
WAKE COUNTY BOARD OF ELECTIONS, )
 )
               Defendant. )


CALLA WRIGHT, et al., )
 )
               Plaintiffs, )
 )
    v. )    No. 5:13-CV-607-D
 )
STATE OF NORTH CAROLINA, )
 )
               Defendant. )

**ORDER**

On August 22, 2016, Caroline Sullivan ("Sullivan") filed an expedited motion to intervene [D.E. 108] and a motion to expedite relief under this court's order of August 9, 2016 [D.E. 109].[1] If allowed to intervene, Sullivan wants this court to amend its order of August 9, 2016, to reopen the filing periods in Districts 4, 5, and 6 for the 2016 Wake County Board of Commissioners elections so that qualified candidates (including Sullivan) can file to run in Districts 4, 5, or 6, and to have the resulting 2016 election in Districts 4, 5, and 6 determined by plurality vote. See [D.E. 108] 1–2; [D.E. 109] 5–6. Alternatively, Sullivan proposes that the court declare that the candidates who filed

---

[1] This order references docket entries as they appear in Civil Action No. 5:15-CV-156-D.

in 2015 to run in 2016 in Districts 4, 5, and 6 are disqualified under North Carolina law, direct the appropriate Democratic and Republican party executive committee to nominate a person to run in 2016 in Districts 4, 5, and 6, and have those nominees stand for election in 2016. See [D.E. 109] 6. Alternatively, Sullivan proposes that the court declare that any candidate who filed in 2015 to run in 2016 in one of the now unconstitutional Super Districts be allowed to stand for election in 2016 in Districts 4, 5, or 6 (if otherwise qualified) and to have the resulting 2016 election determined by plurality vote. See id.

On August 23, 2016, the Wake County Board of Elections took no position on Sullivan's expedited motion to intervene [D.E. 112]. On August 24, 2016, the Wake County Board of Elections responded in opposition to Sullivan's motion to expedite relief under this court's order of August 9, 2016 [D.E. 113]. As explained below, the court denies Sullivan's expedited motion to intervene as untimely and denies Sullivan's motion to expedite relief under this court's order of August 9, 2016.

I.

This court's order of August 9, 2016, exhaustively recounts the proceedings in this consolidated case and the rationale for the court-ordered remedial plan that this court adopted for the 2016 Wake County School Board elections and the 2016 Wake County Board of Commissioners elections. See [D.E. 104] 5–37. In the order of August 9, 2016, the court retained "jurisdiction to implement, enforce, and amend this judgment in order to ensure timely and orderly elections and to provide other appropriate relief as needed." Id. 37.

On August 22, 2016, Sullivan filed an expedited motion to intervene in order to seek extraordinary emergency relief so that she can run in District 4 for the Wake County Board of Commissioners. See [D.E. 108]; see also [D.E. 109, 110, 111]. Sullivan is currently serving as the

2

County Commissioner elected in 2012 from District 4. See [D.E. 110] ¶ 2. Sullivan, however, filed on December 4, 2015, to run in Super District A under Session Law 2015-4. See id. ¶ 7. On July 1, 2016, the United States Court of Appeals for the Fourth Circuit held, inter alia, that the population deviations in the Super Districts in Session Law 2015-4 violated one person one vote principles under the equal protection clauses of the United States Constitution and the North Carolina Constitution. See Raleigh Wake Citizens Ass'n v. Wake Cty. Bd. of Elections, No. 16-1270, No. 16-1271, 2016 WL 3568147, at *12–13, 15 & n.13 (4th Cir. July 1, 2016).

On August 3, 2016, the Fourth Circuit's mandate issued, and this court obtained jurisdiction to address the remedy. See [D.E. 89]. This court then conducted expedited remedial proceedings and, on August 9, 2016, enjoined the Wake County Board of Elections from, inter alia, conducting elections in November 2016 using the Super Districts in Session Law 2015-4. See [D.E. 104] 33–36. Thus, Sullivan and the other candidates for the Wake County Board of Commissioners who filed in 2015 to run in 2016 in the Super Districts are unable to run in 2016 in the Super Districts. Furthermore, the Wake County Board of Elections and the North Carolina State Board of Elections construed this court's order of August 9, 2016, to not require a new filing period for those candidates seeking election in 2016 to the Wake County Board of Commissioners in Districts 4, 5, and 6. See [D.E. 110-2] 1, 5; [D.E. 110-3]. Accordingly, unless this court permits Sullivan to intervene and grants one form of the extraordinary emergency relief that Sullivan seeks concerning Districts 4, 5, and 6, Sullivan will not be able to run in 2016 for the Wake County Board of Commissioners.

In considering Sullivan's motion to intervene, the court initially must address whether the motion is "timely." See Fed. R. Civ. P. 24(a), (b). "The determination of timeliness is committed to the sound discretion of the trial court," and a trial court's "discretion in this regard is wide." Alt v. EPA, 758 F.3d 588, 591 (4th Cir. 2014) (quotation omitted). In assessing timeliness, a court must

3

consider "three factors: first, how far the underlying suit has progressed; second, the prejudice any resulting delay might cause the other parties; and third, why the movant was tardy in filing its motion." Id.

On the first factor, the Fourth Circuit issued its decision on July 1, 2016, and the Fourth Circuit's mandate issued on August 3, 2016. During July 2016, this court received information from the parties, the legislative leaders of the General Assembly, and the North Carolina State Board of Elections in order to be able to conduct prompt remedial proceedings that were faithful to the Fourth Circuit's mandate and that ensured timely and orderly elections in 2016 for the Wake County School Board and the Wake County Board of Commissioners. See [D.E. 104] 1–4, 9–16. Sullivan was aware of these events, but did not seek to intervene. See [D.E. 110] ¶ 13. Moreover, between August 3, 2016, and August 9, 2016, this court conducted expedited remedial proceedings. See [D.E. 104] 1–4, 15–16. Again, Sullivan was aware of these proceedings, but did not seek to intervene. See [D.E. 110] ¶¶ 13–14. Those proceedings culminated in this court's order of August 9, 2016, adopting a court-ordered remedial plan for the 2016 elections. See [D.E. 104] 5–37. When the court entered its order on August 9, 2016, it was aware of the "numerous sequential deadlines that must be met" in order to have timely and orderly elections in 2016 for the Wake County School Board and the Wake County Board of Commissioners. See id. 34–35 (citing [D.E. 83, 83-1, 83-2, 103]).

Following this court's order of August 9, 2016, both the Wake County Board of Elections and the North Carolina State Board of Elections properly construed this court's order of August 9, 2016, and moved expeditiously to ensure timely and orderly elections in 2016 for the Wake County School Board and the Wake County Board of Commissioners. See [D.E. 110-2] 1, 5; [D.E. 110-3]; [D.E. 113] 4–10. Sullivan, however, waited until August 22, 2016, to seek to intervene in order to

4

seek extraordinary emergency relief. Given how far the underlying lawsuit has progressed, the nature of the expedited remedial proceedings, and the ongoing electoral process and its incessant sequential deadlines, the first factor weighs heavily against finding Sullivan's motion to intervene to be timely. See Alt, 758 F.3d at 591; see also Floyd v. City of N.Y., 770 F.3d 1051, 1054, 1057–59 (2d Cir. 2014) (per curiam); Chamness v. Bowen, 722 F.3d 1110, 1121–22 (9th Cir. 2013); Blount-Hill v. Zelman, 636 F.3d 278, 284–86 (6th Cir. 2011); Lucas v. McKeithen, 102 F.3d 171, 173 (5th Cir. 1996); Garza v. Cty. of Los Angeles, 918 F.2d 763, 777 (9th Cir. 1990).

On the second factor, the Wake County Board of Elections and the voters would be severely prejudiced if this court permits intervention, grants any form of the extraordinary emergency relief that Sullivan seeks concerning Districts 4, 5, and 6, and changes the electoral scheme for those running in 2016 in Districts 4, 5, and 6. As mentioned, this court is very familiar with the incessant sequential deadlines that the Wake County Board of Elections must meet in order to ensure timely and orderly elections in November 2016. See [D.E. 83, 83-1, 83-2, 103]. When this court issued its order on August 9, 2016, the court was extremely concerned about the ability of the Wake County Board of Elections to meet all of the necessary deadlines for timely and orderly elections in Wake County in November 2016. Today, this court is convinced that to permit Sullivan to intervene and to grant any form of the extraordinary emergency relief that Sullivan seeks concerning Districts 4, 5, and 6 would ensure that timely and orderly elections for the Wake County Board of Commissioners would not take place in Wake County in November 2016. See, e.g., [D.E. 113] 10–11. This court will not use its broad equitable authority to disrupt the ongoing electoral process and thereby create massive confusion, inconvenience, and uncertainty among Wake County's voters, election officials, and candidates. Cf. Purcell v. Gonzalez, 549 U.S. 1, 4–5 (2006) (per curiam); Upham v. Seamon, 456 U.S. 37, 44 (1982) (per curiam); Ely v. Klahr, 403 U.S. 108, 114–15 (1971);

Swann v. Charlotte-Mecklenburg Bd. of Educ., 402 U.S. 1, 15 (1971); Reynolds v. Sims, 377 U.S. 533, 585–86 (1964). Thus, the second factor weighs heavily against finding Sullivan's motion to intervene to be timely. See Alt, 758 F.3d at 591; see also Floyd, 770 F.3d at 1059–60; Chamness, 722 F.3d at 1121–22; Blount-Hill, 636 F.3d at 286–87; Lucas, 102 F.3d at 173; Garza, 918 F.2d at 777.

On the third factor, the court finds that Sullivan's reasons for her tardy intervention motion do not warrant permitting Sullivan to intervene. Sullivan candidly acknowledges that she closely followed the litigation concerning Session Law 2015-4. See [D.E. 110] ¶¶ 2–18. Notwithstanding the pending litigation challenging, inter alia, the population deviations in the Super Districts in Session Law 2015-4, Sullivan filed to run in Super District A on December 4, 2015. See id. ¶¶ 4–11. Sullivan, however, could have filed to run in District 4 in December 2015. See id. ¶¶ 5–7. If Sullivan had filed to run in District 4 in December 2015 and another Democratic candidate had as well, then Sullivan would have run in a primary for District 4 in March 2016. Sullivan did not file to run in District 4, and a Democratic and Republican candidate did. Moreover, Sullivan and every other candidate who considered filing to run in Districts 4, 5, and 6 in December 2015 under Session Law 2015-4 knew that the plaintiffs in this case were not challenging the population deviations in Districts 4, 5, and 6 for the 2016 election and knew that the elections in 2016 in Districts 4, 5, and 6 were scheduled to take place using the same residency districts used in 2012 and 2014. See Am. Compl. [D.E. 22] ¶¶ 63–64, 68; Tr. Ex. 439 (S.L. 2015-4, § 1.(b)). On these facts, Sullivan "gambled and lost" in filing to run in Super District A and in failing to seek to intervene earlier. See Alt, 758 F.3d at 591. Furthermore, although Sullivan was fully aware of this court's remedial proceedings, which culminated in this court's order of August 9, 2016, she waited until August 22, 2016, to seek to intervene. Sullivan's "deliberate forbearance" to seek to intervene until August 22,

6

2016, was unreasonable. Id. While the court recognizes Sullivan's obvious and understandable frustration with the litigation's course, Sullivan's reasons for her tardy motion to intervene are unpersuasive. Thus, the third factor weighs heavily against finding Sullivan's motion to intervene to be timely. See id.; see also Floyd, 770 F.3d at 1058–59; Blount-Hill, 636 F.3d at 285–87; Lucas, 102 F.3d at 173; Garza, 918 F.2d at 777.

II.

In sum, Sullivan's expedited motion to intervene [D.E. 108] is DENIED as untimely, and Sullivan's motion to expedite relief under the court's order of August 9, 2016 [D.E. 109] is DENIED.

SO ORDERED. This **25** day of August 2016.

                                              JAMES C. DEVER III
                                              Chief United States District Judge