IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Consolidated Civil Action

RALEIGH WAKE CITIZENS
ASSOCIATION, et al.

                Plaintiffs,

v.                                                      No. 5:15-cv-156

WAKE COUNTY BOARD
OF ELECTIONS,

                Defendant.

CALLA WRIGHT, et al.,

                Plaintiffs,

v.                                                      No. 5:13-cv-607

THE STATE OF NORTH CAROLINA,
et al.,

                Defendants.

MEMORANDUM IN SUPPORT OF PLAINTIFFS' BILL OF TAXABLE COSTS

Pursuant to Local Rule 54.1, Plaintiffs, by and through counsel, respectfully submit this memorandum in support of their Bill of Taxable Costs. With respect to each of the expense/cost entries described in the Declaration of Allison J. Riggs in Support of Plaintiffs' Bill of Taxable Costs, Plaintiffs further explain:

a. Entry 1 is the filing fee incurred for filing the complaint in *Wright et al., v. State of North Carolina, et al.*, Case No. 5:13-cv-607 (E.D.N.C.) on August 22, 2013.

    i. The grounds and authorities for this cost are as follows: the cost is allowed under 28 U.S.C. § 1920(1) and was necessary to initiate litigation challenging the constitutionality of Senate Bill 325.

b. Entry 2 is the appeal fee, minus the amount award via the bill for appellate taxable costs, incurred for the filing of the notice of appeal from the District Court's 12(b)(6) dismissal of *Wright et al., v. State of North Carolina, et al.*, Case No. 5:13-cv-607.

    i. The grounds and authorities for this cost are as follows: the cost is allowed under 28 U.S.C. § 1920(1) and was necessary to initiate the appeal to the Fourth Circuit to successfully reverse the entry of a motion to dismiss.

c. Entry 3 is the filing fee incurred for filing the complaint in *Raleigh Wake Citizens Ass'n et al., v. Wake County Bd. of Elections, et al.*, ("*RWCA*") Case No. 5:15-cv-607 (E.D.N.C.) on April 7, 2015.

    i. The grounds and authorities for this cost are as follows: the cost is allowed under 28 U.S.C. § 1920(1) and was necessary to initiate litigation challenging the constitutionality of Senate Bill 181.

d. Entries 4 and 5 are the fees incurred from having publicly available audio files transcribed and a single copy of each of those transcripts obtained for each of the committee and floor hearings on the two bills challenged in this litigation. These were necessary for the development of the case, preparation of witnesses, and were used as trial exhibits.

i. The grounds and authorities for this cost are as follows: the cost is allowed under 28 U.S.C. § 1920(4) and/or § 1920(2). During the discovery phase of the trial, the General Assembly had only audio recordings of the debates on Senate Bills 181 and 325 in committee meetings and on the House and Senate Floors. Transcripts were necessary to develop the theory of the case; to use to develop proposed findings of fact; to use to prepare witnesses; and to use as trial exhibits. A few days before the beginning of trial, the General Assembly produced transcriptions of most of the relevant hearings and meetings, but it would have been too late for use in prosecuting the case. As such, transcription of the audio files and a copy of the transcripts were necessary for use in the case.

e. Entry 6 is the fee incurred for obtaining transcripts of the three-day trial held in the above-captioned consolidated matters. The transcript was obtained from David J. Collier, court reporter for the U.S. District Court for the Eastern District of North Carolina. Only an electronic version of the transcript was ordered, and the order was not expedited. The procurement of the transcript was necessary for the appeal.

i. The grounds and authorities for this cost are as follows: the cost is allowed under 28 U.S.C. § 1920(2) and obtaining the transcript was necessary for the appeal.

f. Entry 7 is the appeal fee, minus the amount award via the bill for appellate taxable costs, incurred for the filing of the notice of appeal from the District Court's entry

3

of judgment against plaintiffs in *RWCA et al., v. Wake County Bd. of Elections*, Case No. 5:15-cv-156.

   i. The grounds and authorities for this cost are as follows: the cost is allowed under 28 U.S.C. § 1920(1) and was necessary to initiate the appeal to the Fourth Circuit to successfully reverse the entry of judgment against Plaintiffs.

g. Entry 8 is the appeal fee, minus the amount award via the bill for appellate taxable costs, incurred for the filing of the notice of appeal from the District Court's entry of judgment against plaintiffs in *Wright et al., v. State of North Carolina, et al.*, Case No. 5:13-cv-607.

   i. The grounds and authorities for this cost are as follows: the cost is allowed under 28 U.S.C. § 1920(1) and was necessary to initiate the appeal to the Fourth Circuit to successfully reverse the entry of judgment against Plaintiffs.

h. Entry 9 is the fee incurred for obtaining transcripts of the remedy hearing held in the above-captioned consolidated matters. The transcript was obtained from Huseby, whose court reporter was serving as court reporter for the U.S. District Court for the Eastern District of North Carolina that day. Only an electronic version of the transcript was ordered, and the order was not expedited.

   i. The grounds and authorities for this cost are as follows: the cost is allowed under 28 U.S.C. § 1920(2) and obtaining the transcript was necessary for for analysis of and briefing on remedy. Alternatively, because the Huseby reporter was not the official court reporter of the U.S. District Court for

4

the Eastern District of North Carolina, this cost may be otherwise authorized under 28 U.S.C. § 1920(4).

i. Entry 10 is order granting appellate taxable costs and add those costs to the mandate in *RWCA, et al., v. Wake County Bd. of Elections*, Case No. 16-1270 (L) (4th Cir.).

Respectfully submitted this 23rd day of November, 2016.

/s/ Allison J. Riggs
Anita S. Earls
N.C. State Bar No. 15597
Allison J. Riggs
N.C. State Bar No. 40028
SOUTHERN COALITION
FOR SOCIAL JUSTICE
1415 W. Highway 54, Suite 101
Durham, NC 27707
Telephone: (919) 323-3380
Facsimile: (919) 323-3942
Email: allison@southerncoalition.org
*Counsel for Plaintiffs*

# CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the foregoing PLAINTIFFS' MEMORANDUM IN SUPPORT OF PLAINTIFFS' BILL OF TAXABLE COSTS with the Clerk of Court using the CM/ECF system, which will send electronic notification of such filing to all counsel and parties of record.

This the 23rd day of November, 2016.

    /s/ Allison J. Riggs_____
Allison J. Riggs
N.C. State Bar No. 40028
Southern Coalition for Social Justice
1415 W. Highway 54, Suite 101
Durham, NC 27707
Telephone: (919) 323-3380
Facsimile: (919) 323-3942
Email: allison@southerncoalition.org
*Counsel for Plaintiffs*