IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Consolidated Civil Action

| | |
|---|---|
| RALEIGH WAKE CITIZENS ASSOCIATION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>WAKE COUNTY BOARD OF ELECTIONS,<br><br>Defendant. | No. 5:15-cv-156 |
| CALLA WRIGHT, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>THE STATE OF NORTH CAROLINA, et al.,<br><br>Defendants. | No. 5:13-cv-607 |

## DECLARATION OF MICHAEL CROWELL

I, Michael Crowell, upon my oath, declare and say as follows:

1. I am over the age of eighteen (18) and competent to testify as to the matters in this declaration.

2. I am a licensed attorney in the state of North Carolina. Currently I am partly retired but continue to handle election law matters. Previously I was a partner at Tharrington

Smith, LLP, in Raleigh and a professor of public law and government at the School of Government, University of North Carolina at Chapel Hill. In both those jobs I had considerable experience in election law, voting rights, and constitutional law, both litigating as a private practitioner and instructing and advising judges and election officials as a faculty member. While at Tharrington Smith I handled a number of election cases in both state and federal court for over 20 years. Among the federal voting rights cases I litigated are *Lewis v. Alamance County*, 99 F.3d 600 (4th Cir.1996), *cert. denied*, 520 U.S. 1229 (1997); *Hines v. Mayor and Town Council of Ahoskie*, 998 F.2d 1266 (4th Cir. 1993); and *McGhee v. Granville County, N.C.*, 860 F.2d 110 (4th Cir. 1987). Significant state election cases include *Faires v. State Board of Elections*, 368 N.C. 825 (2016); *James v. Bartlett*, 359 N.C. 260 (2005); *Brannon v. North Carolina State Bd. of Elections*, 331 N.C. 335 (1992); and *Moore v. Knightdale Bd. of Elections*, 331 N.C. 1 (1992).

3. As a North Carolina lawyer active in litigation, I regularly practiced in federal courts including those in the Eastern District of North Carolina. I am familiar with the range of hourly rates charged by skilled attorneys in North Carolina and in the Eastern District.

4. As one of the few lawyers in the state who has specialized in election and voting rights law, I am also familiar with the appropriate rates charged by such attorneys, and the skill and expertise required to successfully litigate complicated voting rights cases. Because the United States Supreme Court often hears voting rights cases, the state of the law can change quickly, and attorneys practicing in this area must be well-versed in the applicable federal law. There are relatively few of those lawyers in the state, which means that the prevailing market rate for attorneys with this expertise is higher than the average civil litigation attorney.

5. I have known Ms. Earls since she began practicing voting rights law in North Carolina, about 25 years, and am familiar with her experience and reputation as a voting rights

attorney. She has devoted a large percentage of her practice to this area of the law. I have known Ms. Riggs for at least 7 years and am also familiar with her experience and reputation as a voting rights attorney. Her practice is almost entirely devoted to election and voting rights litigation. Ms. Earls and Ms. Riggs are generally recognized, rightly so, as the most capable voting rights lawyers in the state. I am familiar, too, with the facts and law in this particular case, and doubt that any other lawyers in the state could have been as successful as Ms. Earls and Ms. Riggs.

6. I have reviewed the fees request, including hourly rates and time records for plaintiffs' attorneys, being submitted with my declaration. Plaintiffs' counsel rates in this case are reasonable for lawyers performing this type of complex constitutional work in North Carolina and they are commensurate with market rates in the Eastern District of North Carolina.

7. Specifically, the prevailing market rate for an attorney of Ms. Earls' skill, experience, and reputation is equal to or in excess of the $550/hour requested. The prevailing market rate for an attorney of Ms. Riggs' skill, experience, and reputation is equal to or in excess of the $400/hour requested. The prevailing market rate for an attorney of Mr. Eppsteiner's skill, experience, and reputation is equal to or in excess of the $300/hour requested. Finally, the prevailing market rate for an attorney of Ms. Seawell's skill, experience, and reputation is equal to or in excess of the $250/hour requested for her time after passing the bar exam and $200/hour requested for her time as an unlicensed legal fellow.

This concludes my declaration.

I declare under penalty of perjury that this declaration is true and correct.

Executed at Chapel Hill, North Carolina, this the 21st day of November 2016.

*Michael Crowell*
Michael Crowell

N.C. State Bar # 1029
1011 Brace Lane
Chapel Hill, N.C. 27516
lawyercrowell@gmail.com
919-812-1073