IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Consolidated Civil Action

| | |
|---|---|
| RALEIGH WAKE CITIZENS ASSOCIATION, et al._____Plaintiffs,<br><br>v.<br><br>WAKE COUNTY BOARD OF ELECTIONS,_____Defendant. | No. 5:15-cv-156 |
| CALLA WRIGHT, et al.,_____Plaintiffs,<br><br>v.<br><br>THE STATE OF NORTH CAROLINA, et al.,_____Defendants. | No. 5:13-cv-607 |

Pursuant to 42 U.S.C. § 1988, 52 U.S.C. § 10310(e), Fed. R. Civ. P. 54, and Local Rule 7.1(g)(1), all Plaintiffs in this consolidated action respectfully submit this reply to Defendant Wake County Board of Elections' ("WCBE") Opposition to Plaintiffs' Motion for Fees and Costs.

**ARGUMENT**

I. **WCBE Being the Sole Named Defendant in This Case is Not a Special Circumstance That Would Justify Denying Fee Awards.**

Plaintiffs actively sought to avoid the situation in which the WCBE would be the only defendant in this case. Plaintiffs filed suit against the State of North Carolina in the original school board case and named relevant legislators in their official capacities as defendants in the County Commission case. *See* Complaint, Dkt. No. 1; *see also Wright v. N.C.*, 787 F.3d 256 (4th Cir. 2015). The state filed a motion to dismiss, the trial court denied plaintiffs motion to amend, and the Fourth Circuit ruled that the WCBE is the only party the Plaintiffs can sue. *Wright,* 787 F.3d at 262. Under these circumstances, it would be highly unjust to rule now that because the WCBE is the only named defendant in this case, special circumstances exist to warrant denial of attorneys' fees. Indeed, it would negate the federal attorneys' fees provision in its entirety, since no civil rights plaintiff would ever be entitled to attorneys' fees because sovereign immunity limits them to suing the officials who carry out the statutes at issue. *See McBurney v. Cuccinelli*, 616 F.3d 393, 400-02 (4th Cir. 2010); *see also Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 331 (4th Cir. 2001). Plaintiffs are entitled to attorneys' fees because they succeeded on their one person, one vote claim and achieved the direct benefit of declaratory and injunctive relief that enjoined the WCBE from administering the unconstitutional redistricting plan in Session Law 2013-110 and Session Law 2015-4. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (explaining that plaintiffs are entitled to award fees when they have "succeed[ed] on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit").

The Fourth Circuit has plainly held, and WCBE has acknowledged, "that the special circumstances exception that warrants a denial of attorneys' fees is very narrowly limited" and "only on rare occasions does a case present such circumstances. *Lefemine v. Wideman*, 758 F.3d 551, 555 (4th Cir. 2014). Accordingly, courts have typically held that the special circumstance

exception does not apply. *See Lefemine*, 758 F.3d at 557 (Holding that defendants having qualified immunity and that the absence of a custom or policy of discrimination are not special circumstances); *see also Bills v. Hodges*, 628 F.2d 844, 847(4th Cir. 1980) (rejecting the fact that the plaintiffs could hire their own lawyers and defendants acting in good faith as special circumstances").

This case is no different. The Fourth Circuit has already considered the question of whether the WCBE can be liable to pay Plaintiffs attorneys' fees in this case. *Wright v. N.C.*, 787 F.3d 256, 262 n. 3 (4th Cir. 2015). In *Wright*, the Fourth Circuit "summarily reject[ed]" Plaintiffs' arguments that state officials who enacted the challenged laws were necessary parties to the case for many reasons, including recovery of fees. *Id*. Instead, the Court held that "the County Board of Elections, in conjunction with the State Board of Elections, has the specific duty to enforce the challenged redistricting plan." *Id*. Therefore, the WCBE is the only necessary defendant in this case and is the entity responsible for payment of fees and costs incurred by Plaintiffs as prevailing parties. To rule that this case falls within the special circumstances exception because the WCBE did not enact the challenged laws, but is responsible for administering the laws, would nullify fee awards in nearly every civil rights case against the government, especially in the voting rights context where it is nearly always necessary for the plaintiffs to seek an injunction to enjoin the entity administering/enforcing laws from implementing an allegedly unconstitutional law. Also, such a ruling would directly contradict the purpose and spirit of the Civil Rights Attorney's Fees Awards Act, which was enacted to "ensure effective access to the judicial process for persons with civil rights grievances," which Plaintiffs' attorneys have provided in this case. *Lefemine*, 758 F.3d at 555 (citing *Hensley*, 461 U.S. at 429).

3

The WCBE seeks to have this Court completely ignore the Fourth Circuit precedent that requires a finding of special circumstances "on rare occasions," *Lefemine*, 758 F.3d at 555, and to adopt a Ninth Circuit ruling affirming the use of multiple factors, Defendant's Opp., at 9-10, (December 21, 2016), the majority of which are either inapplicable to this case or have been expressly rejected as a special circumstance by the Fourth Circuit. *See Thorsted v. Munro*, 75 F.3d 454 (9th Cir. 1996). Importantly, the WCBE acknowledges that the Ninth Circuit made it clear that the factors used in *Thorsted* were limited to the unique facts of that case and were, in part, inadequate grounds for denying attorney's fees. *Democratic Party of Wash. State v. Reed*, 388 F.3d 1281, 1285 (9th Cir. 2004) (the factors in *Thorsted* "are largely unique to that case and inapplicable to this one, as well as being, in part, inadequate grounds for the denial of fees"); *see also ABC v. Miller*, 550 F.3d 786, 788 (9th Cir. 2008) ("the district court erred in its reliance on *Thorsted*, a decision we already confined as based on factors 'largely unique to that case'"). The Ninth Circuit has held that "rather than apply the *Thorsted* factors," a two-pronged test should be employed "to determine whether special circumstances exist to justify denying attorneys' fees, namely whether: (1) awarding the attorneys' fees would further the purposes of § 1988; and (2) the balance of equities favors or disfavors the denial of fees." *ABC*, 550 F.3d at 788 (citations omitted). The Ninth Circuit has further held that "when employing this test, we have stressed that attorneys' fees should be denied 'only in unusual cases . . . such as when there is 'both a strong likelihood of success on the merits and a strong likelihood of a substantial judgment at the outset of litigation.'" *Id*. (citations omitted).

Even if this Court were to adopt the Ninth Circuit's subsequent two-prong standard, which is not the law in this Circuit, those factors do not justify denying a fee award in this case. First, awarding attorneys' fees here furthers the purpose of § 1988, which is to ensure that voters

are able to vindicate their constitutional rights in court. *Lefemine v. Wideman*, 758 F.3d at 555 ("Congress enacted section 1988 specifically because it found that the private market for legal services failed to provide many victims of civil rights violations with effective access to the judicial process"). Accordingly, this case falls squarely within the purpose of § 1988.

Second, the balance of equities disfavors denying Plaintiffs' attorneys' fees because the Fourth Circuit has held that the challenged laws violated Plaintiffs' constitutional rights and their rights were vindicated by the judgment in their favor. *See Raleigh Wake Citizens Ass'n*, 827 F.3d at 345; ECF No. 104 at 4. This is not a case, such as *Thorsted,* where there was a likelihood of a substantial judgement at the outset of this litigation as the Plaintiffs only sought further equitable relief to protect their constitutional rights. The inequities the WCBE assert are the consequence of the State of North Carolina asserting sovereign immunity, not anything unique to this case that would justify denying Plaintiffs' the attorneys' fees they are entitled to under federal law.

## II. **Plaintiffs' Attorneys' Fee Request is Reasonable**

### a. *Plaintiffs' Hourly Rate and Number of Hours Billed Are Reasonable.*

i. *Hourly Rate.* The WCBE contends that Plaintiffs' attorneys' hourly rates should be reduced because this case dealt with local redistricting plans to be implemented by a local elections board. Defendant's Opp., at 16. However, there is no case law or legal support for reducing attorneys' fees in a voting rights case simply because the constitutional violation is one that affects the plaintiffs at the local level as opposed to at the state level. For example, this court recently awarded attorneys' fees in a case involving a first amendment violation occurring only in the City of Fayetteville. *See Price v. City of Fayetteville*, No. 5:13-cv-150, 2015 U.S. Dist. LEXIS 32577 (E.D.N.C. Mar. 17, 2015).

The WCBE further contends that the declarations of other experienced attorneys who practice election and voting rights law are insufficient for purposes of establishing the prevailing market rate. Defendant's Opp., at 16. However, the Fourth Circuit has held that where, as in this case, the fee applicants produce affidavits of their own and other attorneys who are familiar with the skill of the applicants and civil and voting rights litigation, that is sufficient evidence of a prevailing market rate to support the rate requested. *See McAfee v. Boczar*, 738 F.3d 81, 91 (4th Cir. 2013) (citing *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 245 (4th Cir. 2009) ("the evidence we have deemed competent to show prevailing market rates includes 'affidavits of other local lawyers who are familiar both with the skills of the fee applicants and more generally with the type of work in the relevant community'"); *see also Plyler v. Evatt*, 902 F.2d 273, 278 (4th Cir. 1990) ("finding "there was sufficient evidence of the prevailing market rates to support the hourly rates" where "the fee applicants . . . produced affidavits testifying to their own rates, experience, and skills as well as affidavits of [other] lawyers who were familiar both with the skills of some of the applicants and more generally with civil rights litigation in [the state]"); *Grissom v. Mills Corp.*, 549 F.3d 313, 322 (4th Cir. 2008) (noting that it was a failure on behalf of the plaintiff to not "file any affidavits of attorneys outside the [plaintiff's attorney's office] regarding the prevailing market rates of attorneys . . . for similar work).

In *McAfee*, the Fourth Circuit upheld the district court's finding that the affidavits of two attorneys were sufficient to substantiate the hourly rates of McAfee's lawyers and that the plaintiff had "more than met her burden of establishing the reasonable hourly rate for her counsel." Here, Plaintiffs submitted three affidavits from three different attorneys who have each practiced in the voting rights area for twenty-five years or more. The WCBE complains that the affidavits Plaintiffs submitted were not "satisfactory specific evidence" of local market rates.

However, they seek to hold Plaintiffs to an impossible standard. No additional sources exist to provide any greater specificity and the WCBE provides no evidence in their brief to rebut Plaintiffs' evidence with anything more specific than their own counsel's fees. And that evidence is does not help them because, unlike Plaintiffs' counsel, there is no evidence in the record or in reported opinions that their counsel has prior experience in any voting rights litigation whatsoever, and their lead counsel has eight fewer years' experience as an attorney.

       ii.  *Hours Billed.* To demonstrate a reasonable number of hours billed a fee applicant must, "tender reliable billing records, and it must exercise billing judgment." *Hensley*, 461 U.S. at 433-34. Plaintiffs' fee petition includes a detailed account of the attorneys' billing records, which includes dates, the amount time spent on tasks, and a description of each task. *See* Earls Decl., Ex. F to Mot. for Att'y Fees, Expert Fees & Litigation Expenses at Ex. F (hereinafter "Earls Decl."). Plaintiffs' billing judgment is demonstrated by the ten percent reduction it included for the unsuccessful racial gerrymandering claim, as well as the petition for writ of mandamus. *See* Earls Decl., 6, 13. Courts have rejected arguments like the WCBE's where there is a claim that a fee applicant's hours billed are too high without offering any support or evidence regarding an appropriate number of hours, especially when complex litigation with many tasks are involved. *Randle*, 513 Fed. Appx. at 284 ("finally, we reject as wholly without merit [the] argument that the district court abused its discretion in failing to 'significantly reduce'- by an unspecified figure- the attorney fee awarded" . . . based on failure to prevail on all claims and excessive billing); *see also Vienna Metro LLC v. Pulte Home Corp.*, No. 1:10-cv-502, 2011 U.S. Dist. LEXIS 158648, at *13-14 (E.D.V.A. Aug. 24, 2011) (rejecting defendant's objections to plaintiff's number of hours billed where the necessary preparation for litigation supported attorneys' fee award). Because Plaintiff submitted sufficient evidence to

7

demonstrate the market rate and there is a "strong presumption" that the lodestar number represents a reasonable attorney's fee, *Perdue v. Kenny A. ex rel. Winn*, 130 S. Ct. 1662, 1673 (2010), the WCBE has failed to demonstrate that Plaintiff's requested fees are unreasonable.

        b. *Degree of Success Obtained By Plaintiffs*

The Supreme Court has made it clear that "the most critical factor in determining the reasonableness of a fee award is the degree of success obtained." *Farrar v. Hobby*, 506 U.S. 103, 114 (1992). The declaratory and injunctive relief Plaintiffs obtained constitutes a large degree of success where the Fourth Circuit has ruled that "Plaintiffs have successfully made their case," declared the challenged laws unconstitutional, and permanently enjoined the Defendant from administering the unconstitutional redistricting plans in any election, including the November 2016 election. *See Raleigh Wake Citizens Ass'n*, 827 F.3d at 345; ECF No. 104 at 4. In *Lefemine*, the Fourth Circuit explained that even when a plaintiff does not obtain all relief requested, when an injunction is granted that would bar the defendant from continuing to violate the plaintiff's constitutional rights, "the injunction's impact is hardly de minimis." *Lefemine* 758 F.3d at 558. Like in *Lefemine*, Plaintiffs in this case obtained a preliminary injunction that completely bars the WCBE from violating Plaintiffs' constitutional rights. Plaintiffs filed lawsuits seeking to enjoin the WCBE from administering an unconstitutional redistricting plan because it would dilute their votes in violation of their constitutional rights, and that is precisely what Plaintiffs obtained. As in *Lefemine*, Plaintiffs "obtained nearly all of the relief [] sought- namely, declaratory and injunctive relief protecting [their] [constitutional] rights." *Id*. at 559. The unlimited nature of the injunctive relief in this case is further supported by the fact that the relief not only protects the rights of Plaintiffs, but it also protects the rights of voters who are similarly situated. *Hensley*, 461 U.S. at 451 (citations omitted) (affirming district court's reasoning that the

plaintiffs "are parties who have obtained relief of significant import [because the] plaintiffs' relief affects not only them, but also numerous other[s] . . . similarly situated").

Moreover, the U.S. Supreme Court has held that when a plaintiff obtains favorable results a "fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit" and "[l]itigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee. The result is what matters." *Hensley* 461 U.S. at 435. Here, as in many other civil and voting rights cases, Plaintiffs raised multiple claims to achieve the desired outcome of preventing the WCBE from administering the unconstitutional redistricting plan. As explained in *Hensley*, the WCBE's attempt to "nitpick" through every detail of the overall relief Plaintiffs sought throughout the course of this litigation, Defendant's Opp., at 23, "is not a sufficient reason for reducing a fee." *Id*. Moreover, as noted in *Randle v. H & P Capital, Inc.*, 513 Fed. Appx. 282, 284 (4th Cir. 2013), even if Plaintiffs requested more than the relief they ultimately obtained, courts "evaluating the degree of success on the merits between successful and unsuccessful claims should not attempt to determine what the plaintiff would have thought the more important form of relief. *Id*. (citing *Mercer*, 401 F.3d at 205). In sum, Plaintiffs obtained their desired outcome of declaratory and injunctive relief and that "result is what matters." *Hensley* 461 U.S. at 435.

   c. *Subtracting for Unsuccessful and Unrelated Claims*

"The mere fact that plaintiffs do not prevail on every claim does not preclude an award of fees for all work reasonably performed." *Hensley*, 461 U.S. at 452. The U.S. Supreme Court has acknowledged that "in many cases various claims are essentially part and parcel of a single attempt to establish and vindicate the plaintiffs' rights." *Id*. at 453. Here, Plaintiffs' racial

gerrymandering and one person, one vote claims are both claims that challenge the constitutionality of the session laws and both claims are based on allegations that the laws dilute Plaintiffs' votes in a manner that violates the Fourteenth Amendment's Equal Protection Clause. *See* Dkt. No. 1; *see also Wright v. N.C.*, 787 F.3d 256 (4th Cir. 2015), Dkt. No. 1. Indeed, Plaintiffs sought the same primary relief for both claims, which was to enjoin Defendant from administering the laws to vindicate Plaintiffs' rights. Thus, the claims were related.

Despite Plaintiff's success (as discussed above), Plaintiffs' fee request still includes a ten percent reduction in hours for the unsuccessful racial gerrymandering claim brought in this case prior to it being consolidated with *Wright*, 787 F.3d 256. Defendant's Opp., at 10. The WCBE contends that the ten percent reduction does not sufficiently account for the unsuccessful racial gerrymandering claim. Defendant's Opp., at 20. However, the ten percent reduction is indeed sufficient when compared to other reductions for cases with similar success and cases where the plaintiffs were far less successful. *See Mercer v. Duke Univ.*, 401 F.3d 199, 209 (4th Cir. 2005) (approving the district court's three percent reduction for the time spent on damages and 20 percent reduction for the plaintiff's failure to recover anything more than nominal damages); *see also Price v. City of Fayetteville*, No. 5:13-cv-150, 2015 U.S. Dist. LEXIS 32577, at *26 (E.D.N.C. March 17, 2015) ("given that plaintiffs prevailed in obtaining a permanent injunction, declaratory relief, and nominal damages," no further reduction is warranted); *Vienna Metro LLC v. Pulte Home Corp.*, No. 1:10-cv-502, 2011 U.S. Dist. LEXIS 158648, at *24 (E.D.V.A. Aug. 24, 2011) (court approved plaintiff's ten percent reduction for unsuccessful claim for damages).

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request this Court to grant Plaintiffs' Motion for Attorney Fees, Expert Fees, and Litigation Expenses.

Respectfully submitted this 11th day of January, 2017.

                                                      */s/ Anita S. Earls*
Anita S. Earls
N.C. State Bar No. 15597
Allison J. Riggs
N.C. State Bar No. 40028
Southern Coalition for Social Justice
1415 W. Highway 54, Suite 101
Durham, NC 27707
Telephone: 919-323-3380
Facsimile: 919-323-3942
allison@southerncoalition.org

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

   I hereby certify that I have this day filed the foregoing Reply to Defendant's Opposition to Plaintiffs' Motion for Fees and Costs with the Clerk of Court using the CM/ECF system, which will automatically send an electronic copy to the following attorneys of record:

Charles F. Marshall
Matthew B. Tynan
Jessica Thaller-Moran
BROOKS, PIERCE, McLENDON,
HUMPHREY & LEONARD, LLP
1600 Wells Fargo Capitol Center
150 Fayetteville St.
Raleigh, NC 27601
cmarshall@brookspierce.com

*Counsel for Wake County Board
of Elections*


   This the 11th day of January, 2017.

                       */s/ Anita S. Earls*
                        Anita S. Earls
                        N.C. State Bar No. 15597
                        Allison J. Riggs
                        N.C. State Bar No. 40028
                        Southern Coalition for Social Justice
                        1415 W. Highway 54, Suite 101
                        Durham, NC 27707
                        Telephone: 919-323-3380
                        Facsimile: 919-323-3942
                        allison@southerncoalition.org

                        *Counsel for Plaintiffs*