IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Consolidated Civil Action

| | | |
|---|---|---|
| RALEIGH WAKE CITIZENS ASSOCIATION, et al. | ) ) ) | |
| *Plaintiffs,* | ) ) | No. 5:15-cv-156 |
| *v.* | ) ) | |
| WAKE COUNTY BOARD OF ELECTIONS, | ) ) | |
| *Defendant.* | ) ) | |
| | | |
| CALLA WRIGHT, et al. | ) ) | |
| *Plaintiffs,* | ) ) | |
| *v.* | ) ) | No. 5:13-cv-607 |
| STATE OF NORTH CAROLINA, et al. | ) ) ) | |
| *Defendant.* | ) ) | |

**[PROPOSED] CONSENT DECREE**

These consolidated cases arose as one-person, one-vote challenges to North Carolina Session Laws 2013-110 and 2015-4, which were local enactments providing for redistricting of the Wake County Board of Education and Wake County Board of Commissioners, respectively. In July 2016, the United States Court of Appeals for the Fourth Circuit held that those redistricting plans violated the one-person, one-vote principle in the United States Constitution and the North Carolina Constitution, and in August 2016 this Court enjoined their use in future elections. *See*

*Raleigh Wake Citizens Ass'n v. Wake Cnty. Bd. of Elections*, 827 F.3d 333 (4th Cir. 2016); Aug. 9, 2016 Order, No. 5:15-cv-156, D.E. 104.[1]

Because of the short timeframe between the August 9, 2016 Order and elections for both boards in November 2016, the Court ordered the Wake County Board of Elections to administer the 2016 elections using the districting plans adopted in 2011, which had been used in the previous elections for both boards. In its August 9, 2016 Order, the Court limited use of the 2011 plans to the 2016 elections for all nine seats for the Board of Education and for residency districts 4, 5, and 6 for the Board of Commissioners. [D.E. 104]. The Court further stated that it "expect[ed] the General Assembly to enact an appropriate and constitutional system for electing the Wake County School Board and Wake County Board of Commissioners upon returning in January 2017." [D.E. 104 at 37].

As of the date of this consent decree, the General Assembly has not enacted new districting plans for electing the Board of Education and Board of Commissioners. As a result, the Wake County Board of Elections is without districts to use in the approaching elections for the Board of Education and Board of Commissioners. Without districting plans, the Wake County Board of Elections is unable to carry out its statutory duty to administer elections for those two boards, for which candidate filing begins on February 12, 2018 for the Board of Commissioners and in June 2018 for the Board of Education. Although the General Assembly is scheduled to return for an abbreviated session beginning January 10, 2018, it does not return for its regularly scheduled short session until May 16, 2018.

To allow for orderly administration of elections, the parties have moved the Court to extend the districting plan adopted by the Court in its August 9, 2016 Order and enter this consent decree,

---

[1] This decree references docket entries as they appear in Civil Action No. 5:15-cv-156.

2

the terms of which will be in effect until the General Assembly takes action or, if it does not act, until the return of the 2020 decennial census. This consent decree relieves Defendant of the need to repeatedly approach this Court for authority to conduct elections, and provides confidence and consistency for Wake County voters and candidates in the electoral districts that will be used to elect members of the Board of Commissioners and Board of Education. Additionally, Defendant seeks to limit any future liability for fees that Plaintiffs may seek and obtain relating to future work on remedial proceedings in this case, and the entry of such a decree resolving any outstanding controversy between the parties to the litigation would accomplish that goal.

Therefore, to ensure consistency and order in elections for the Board of Commissioners and Board of Education—the parties having freely given their consent, and the terms of this consent decree being fair, just, and reasonable—it is hereby ordered, adjudged, and decreed that:

1. Beginning with the 2018 elections for the Wake County Board of Commissioners and continuing until the North Carolina General Assembly shall duly adopt a constitutional redistricting plan, but no later than the return of the 2020 decennial census, the Wake County Board of Elections shall conduct primary and general elections for the Board of Commissioners using the 2011 redistricting plan that was used in the 2014 and 2016 Wake County Board of Commissioners elections.

2. In 2018, candidates for the Board of Commissioners will run in residency districts 1, 2, 3, 4, 5, 6, and 7. Candidates will be elected countywide in partisan elections in accordance with the election schedule for primary and general elections provided in North Carolina General Statute § 163-1. Candidates for Board of Commissioners shall file notices for candidacy with the Wake County Board of Elections in accordance with the filing period for primary elections.

3. The elected candidates for Board of Commissioners from the seven residency districts will serve two-year terms. The General Assembly retains discretion to extend the terms of office of any incumbent elected to the Board of Commissioners.

4. Beginning with the 2018 elections for the Wake County Board of Education and continuing until the North Carolina General Assembly shall duly adopt a constitutional redistricting plan, but no later than the return of the 2020 decennial census, the Wake County Board of Elections shall conduct elections for the Board of Education using the 2011 redistricting plan that was used in the 2013 and 2016 Wake County Board of Education elections.

5. In 2018, candidates for the Board of Education will run in single-member districts 1, 2, 3, 4, 5, 6, 7, 8, and 9. Candidates will be elected in nonpartisan plurality elections by the voters of the single-member district in which the candidate resides. The schedule for election shall shall coincide with the general election for county officers in even-numbered years in accordance with North Carolina General Statute § 163. There will be no run off elections. Candidates for Board of Education shall file notices for candidacy with the Wake County Board of Elections no earlier than 12:00 noon on the second Monday in June and no later than 12:00 noon on the first Friday in July (except if that is the 4th day of July then at 12:00 noon on the next business day) preceding the election.

6. The elected Board of Education candidates from the nine single-member districts will serve two-year terms. The General Assembly retains discretion to extend the terms of office of any incumbent elected to the Board of Education.

7. The Wake County Board of Elections will immediately implement the election plans for the Board of Commissioners and Board of Education as described in paragraphs 1-6 above in order to ensure timely and orderly elections in 2018.

8. Nothing in this consent decree constrains the General Assembly's ability to duly enact redistricting plans or other legislation affecting elections for the Board of Commissioners or Board of Education in 2018 or any future year.

So ordered.

_____  _____
Date                                                                United States Chief District Judge

Agreed:

/s/ Charles F. Marshall
Charles F. Marshall
N.C. State Bar No. 23297
BROOKS, PIERCE, McLENDON,
HUMPHREY & LEONARD, L.L.P.
1700 Wells Fargo Capitol Center
150 Fayetteville Street
Raleigh, NC 27601
Telephone: (919) 839-0300
Email: cmarshall@brookspierce.com
*Counsel for Defendant*

/s/ Allison J. Riggs, by permission
Allison J. Riggs
N.C. State Bar No. 40028
SOUTHERN COALITION
FOR SOCIAL JUSTICE
1415 W. Highway 54, Suite 101
Durham, NC 27707
Telephone: (919) 323-3380
Email: allison@southerncoalition.org
*Counsel for Plaintiffs*